3:03-CV-1058-J12mmH

MICHAEL C. HEWITT
FOR FIREARMS LITIGATION ONLY:
380 Clinton Avenue, Unit C
Costa Mesa, California 92626
Tel: (714) 755-0194
Fax: (714) 755-0195

E-filing

**FILED**

JUN 1 2 2003

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re: | In Proceedings Under Chapter 11 |
| BRUCE LEE JENNINGS, an unmarried man, et al., | **C 03 2762 SI** |
| Debtors. | Case Nos. 03-04926-3F1, 03-04928-3F1, 03-04929-3F1, 03-04930-3F1, 03-04931-3F1, 03-04932-3F1, 03-04933-3F1, 03-04934-3F1, 03-04935-3F1, 03-04936-3F1, and 03-04937-3F1 |
| | (United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division) |
| BRANDON JAMES MAXFIELD, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, SUSAN STANSBERRY | Case No. 841636-4 |
| Plaintiff, | |
| v. | (Superior Court of the State of California, in and for the County of Alameda, Oakland Division) |
| BRYCO ARMS, et al., | |
| Defendant(s). | **NOTICE OF REMOVAL** |

NOTICE OF REMOVAL.

Pursuant to 28 U.S.C. §1452 and Bankruptcy Rule 9027, BRYCO ARMS ("Bryco"), B.L. JENNINGS, INC. ("BLJ"), BRUCE JENNINGS ("B. Jennings"), and JANICE JENNINGS ("J. Jennings" and collectively with Bryco, BLJ and B. Jennings, the "Bryco/Jennings Parties"); and RKB INVESTMENTS, the KIMBERLY K. JENNINGS CALIFORNIA TRUST, the KIMBERLY K. JENNINGS NEVADA TRUST, the BRADLEY A. JENNINGS CALIFORNIA TRUST, the BRADLEY A. JENNINGS NEVADA TRUST, the RHONDA D. JENNINGS CALIFORNIA TRUST, and the RHONDA D. JENNINGS NEVADA TRUST (collectively, the "Trust Parties" and together with the Bryco/Jennings Parties, the "Debtors") hereby give notice of the removal to this Court of the remaining untried portion ("Phase III", as defined below) of the action now pending in the Superior Court of the State of California, in and for the County of Alameda, Oakland Division (the "State Court"), as Case No. 841636-4, entitled <u>Brandon James Maxfield v. Bryco Arms et al.</u> (the "Removed Action").

Concurrent with the filing of this Notice of Removal, the Debtors also are filing a Motion to Transfer Venue of this Removed Action to the District Court for the Middle District of Florida, Jacksonville Division, where this case can then be referred to the Bankruptcy Court which is hearing the Debtors' jointly administered Chapter 11 bankruptcy cases.

AS GROUNDS THEREFORE, Debtors allege as follows:

1.      On Wednesday, May 14, 2003, the Debtors filed their respective voluntary petitions under Chapter 11 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Middle District of Florida, Jacksonville Division. The Debtors' cases are numbered Nos. 03-04926-3F1, 03-04928-3F1, 03-04929-3F1, 03-04930-3F1, 03-04931-3F1, 03-04932-3F1, 03-04933-3F1, 03-04934-3F1, 03-04935-3F1, 03-04936-3F1, and 03-04937-3F1 in the above-named Bankruptcy Court (collectively, the "Bankruptcy Cases").

-2-

2.    In or about January, 2002, the plaintiffs in the Removed Action filed and served their First Amended Complaint (the currently operative complaint therein), a copy of which is attached as Exhibit "A" hereto.

3.    On February 7, 2002, the Debtors (who are the defendants in the Removed Action filed their answers to the above-described First Amended Complaint, copies of which are attached as Exhibit "B" hereto.[1]

4.    On December 19, 2002, the State Court previously hearing the lawsuit which included the Removed Action entered a case management order, dividing the issues to be tried therein into three different "phases"; a copy of this order is attached as Exhibit "C" hereto.

5.    Phases I and II of that lawsuit (regarding liability and damages, respectively) have been completed, resulting in determinations of liability and awards of damages against the Bryco, BLJ, and B. Jennings.  However, the trial of Phase III -- which seeks to recover from the assets of the Trust Parties (under theories of joint venture, partnership and/or alter-ego) the judgment liability obtained against the Bryco, BLJ, and B. Jennings-- has not commenced (the state court previously hearing the Removed Action dismissed the jury shortly after the Debtors filed their bankruptcies and before the trial of Phase III had started).

6.    The Removed Action raises claims which arise under or relate to the Bankruptcy Cases and the administration of the estates therein.

7.    Pursuant to the attached declaration of Debtors' counsel in the Removed Action, "there is no factual or legal overlap between the [three] phases that would contribute to judicial economy by having phase three tried by the same jury that tried phases one and two." Declaration of Michael C. Hewitt at ¶2 (attached as Exhibit "D" hereto).

---

[1] The plaintiff has entered into a settlement with defendant Anna Leah Jennings, who is not a Debtor.

NOTICE OF REMOVAL

8.      The Removed Action is one which may be removed to this Court pursuant to 28 U.S.C. § 1452, and over which the District Court has jurisdiction under the provisions of 28 U.S.C. §1334(b).

9.      Resolution of the claims in the Removed Action therefore will significantly affect the administration of the Debtors' estates and upon removal and the transfer of venue to the United States District Court for the Middle District of Florida in which the Debtors' Bankruptcy Cases are pending (and referral to the Bankruptcy Court which is a unit on f that District Court) Phase III of the above described action will be a core proceeding as defined in 28 U.S.C. §157(2)(A), (B), (C) and/or (O), because it will determine what assets will or will not be administered in the Debtors' Bankruptcy Cases. In the event that any remaining claim in Phase III of the Removed Action is determined to be non-core, the Debtors hereby consent to the entry of final orders or judgment thereon by the Bankruptcy Court after removal and transfer of the Removed Action.

WHEREFORE, the Debtors pray that the Removed Action now pending in the Superior Court of the State of California, in and for the County of Alameda, Oakland Division, Case No. 841636-4, entitled <u>Brandon James Maxfield v. Bryco Arms et al.</u>, be removed to this Court,

. . . .

. . . .

. . . . .

. . . . .

. . . . . . .

. . . . . . .

. . . . . . .

-4-

1  pursuant to 28 U.S.C. §1452 and Bankruptcy Rule 9027.

2  This _____ day of June, 2003.

3

4

5                                         LAW OFFICES OF MICHAEL C. HEWITT

6                                         FOR FIREARMS LITIGATION ONLY:
                                          380 Clinton Avenue, Unit C
7                                         Costa Mesa, California 92626
                                          Tel:  (714) 755-0194
8                                         Fax:  (714) 755-0195

9

10  _____

    Michael C. Hewitt Esq.
11  Attorneys for Debtors

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          -5-

NOTICE OF REMOVAL

1
2
3
4

## CERTIFICATE OF SERVICE

5      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

6  facsimile (without exhibits) and First Class Mail (with exhibits) to:

7  FACSIMILE (415) 457-9399

8
   Richard R. Ruggieri, Esq.
9  Courthouse Square
   1000 Fourth Street
10 Suite 785
11 San Rafael, California 94901-3120
   Counsel for Brandon James Maxfield
12

13 FACSIMILE (904) 358-4001

14 Nina M. LaFlour
   121 West Forsyth St., Suite 600
15 Jacksonville, Florida 32202
16 Counsel for Brandon James Maxfield

17
   This __11__ day of June, 2003.
18

19
                            LAW OFFICES OF MICHAEL C. HEWITT
20                             FOR FIREARMS LITIGATION ONLY:
                            380 Clinton Avenue, Unit C
21                          Costa Mesa, California 92626
                            Tel:  (714) 755-0194
22                          Fax:  (714) 755-0195
23

24                          _____
                            Michael C. Hewitt Esq.
25                          Attorneys for Debtors
26
27
28

                              -6-

NOTICE OF REMOVAL

MICHAEL C. HEWITT  SBN- 148670
BRUINSMA & HEWITT
FIREARMS LITIGATION ONLY:
380 Clinton St., Unit C
Costa Mesa, CA 92626
(714) 755-0194
(714) 755-0195 (fax)
Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
D. Jennings Nevada Trust; Janice Jennings as a trustee of the
Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
of the Kimberly K. Jennings California Trust; Janice Jennings as a
trustee of the Bradley Jennings Nevada Trust; and RKB Investments
Bruce Jennings erroneously sued as a trustee of the Rhonda D.
Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
sued as a trustee of the Bradley Jennings Nevada Trust; Bruce
Jennings as a trustee of the Rhonda D. Jennings California Trust;
Bruce Jennings as a trustee of the Kimberly K. Jennings California
Trust; Bruce Jennings as a trustee of the Bradley Jennings California
Trust

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF ALAMEDA

#### OAKLAND DIVISION

| | |
|---|---|
| BRANDON JAMES MAXFIELD, a minor, by and through his guardian ad litem, SUSAN STANSBERRY<br>                    Plaintiff,<br><br>    vs.<br><br>BRYCO ARMS; B. L. JENNINGS, Inc., WILLITS PAWN, LARRY WILLIAM MOREFORD, II, and DOES 1 Through 100, inclusive,<br>                    Defendants. | **CASE NO.: 841636-4**<br><br>**ANSWER BY DEFENDANT BRUCE JENNINGS ERRONEOUSLY SUED AS A TRUSTEE OF THE BRADLEY JENNINGS NEVADA TRUST TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| NATIONWIDE SPORTS DISTRIBUTORS, INC.and NSC WEST Inc.<br>            Cross-Complainants<br>    vs.<br><br>BRYCO ARMS, B. L. JENNINGS, Inc., BRUCE JENNINGS and MOES 1 Through 100,<br>Inclusive,<br>            Cross-Defendants. | |

BRYCO ARMS, B. L. JENNINGS,
INC., BRUCE JENNINGS, JANICE
JENNINGS, JANICE JENNINGS AS A
TRUSTEE OF THE RHONDA D.
JENNINGS NEVADA TRUST, JANICE
JENNINGS AS A TRUSTEE OF THE
KIMBERLY K. JENNINGS NEVADA
TRUST, JANICE JENNINGS AS A
TRUSTEE OF THE BRADLEY JENNINGS
NEVADA TRUST, JANICE JENNINGS
AS A TRUSTEE OF THE RHONDA D.
JENNINGS CALIFORNIA TRUST,
JANICE JENNINGS AS A TRUSTEE OF
THE KIMBERLY K. JENNINGS
CALIFORNIA TRUST, JANICE
JENNINGS AS A TRUSTEE OF THE
BRADLEY JENNINGS CALIFORNIA
TRUST, AND RKB INVESTMENTS

             Cross-Complainants

  Vs.

SUSAN STANSBERRY, LARRY WILLIAM
MOREFORD, II, NATIONWIDE SPORTS
DISTRIBUTORS, Inc. AND NSD
WEST, Inc.

          Cross-Defendants

---

    Defendant, ·Bruce Jennings erroneously sued as a trustee of the
Bradley Jennings Nevada Trust, answering the complaint of plaintiff
Brandon James Maxfield, a minor, by and through his Guardian ad
Litem, Susan Stansberry, denies generally and specifically, each and
every, all and singular, the allegations of said complaint, and each
cause of action thereof, and further denies that plaintiff Brandon
James Maxfield, a minor, has been damaged in any sum or sums or at
all.  Bruce Jennings denies that he is or was a trustee of the
Bradley Jennings Nevada Trust.

1    WHEREFORE, this answering defendant prays for judgment as
2  hereinafter set forth.

3

4                          **AFFIRMATIVE DEFENSES**

5        As a first affirmative defense to each cause of action of the
6  complaint, plaintiff's action is barred under the doctrine of primary
7  assumption of risk because plaintiff voluntarily participated in the
8  activities alleged in the complaint and knew of and appreciated the
9  specific risk which resulted in plaintiff's injury, thereby relieving
10 defendant of any legal duty to protect plaintiff from that risk.

11        As a second affirmative defense to each cause of action of the
12 complaint, plaintiff voluntarily encountered the danger, known to
13 him, which is alleged as a basis for the complaint, knew of and
14 appreciated the risks involved, and assumed the risk of said
15 injuries, legally causing or contributing to the damages alleged, and
16 therefore plaintiff's recovery should be reduced by plaintiff's
17 proportional share of the negligence or fault.

18        As a third affirmative defense to each cause of action of the
19 complaint, plaintiff was partially, if not wholly, negligent or
20 otherwise at fault on his own part and should be barred from
21 recovery of that portion of the damages directly attributable to his
22 proportionate share of the negligence or fault, pursuant to the
23 doctrine of comparative negligence.

24        As a fourth affirmative defense to each cause of action of the
25 complaint, plaintiff, his agents, employees, servants and
26 representatives were partially, if not wholly, negligent or otherwise
27 at fault on their own part pursuant to the doctrine of comparative
28 negligence, and should be barred from recovery of that portion of the

damages directly attributable to their proportionate share of the negligence or fault.

As a fifth affirmative defense to each cause of action of the complaint, the damages sustained by plaintiff, if any, were caused, in whole or in part, by the negligence or fault of others for which this defendant is not liable or responsible.

As a sixth affirmative defense to each cause of action of the complaint, the complaint does not state facts sufficient to constitute a cause of action against this defendant.

As a seventh affirmative defense to each cause of action of the complaint, the provisions of Civil Code section 1714.4 are applicable to this action, such that in a products liability action, no firearm or ammunition shall be deemed defective in design on the basis that the benefits of the product do not outweigh the risk of injury posed by its potential to cause serious injury, damage or death when discharged. The potential of a firearm or ammunition to cause serious injury, damage, or death when discharged does not make the product defective in design. Furthermore, injuries or damages resulting from the discharge of a firearm or ammunition are not proximately caused by its potential to cause serious injury, damage, or death, but are proximately caused by the actual discharge of the product. As a result, the complaint does not state facts sufficient to constitute a cause of action against this answering defendant.

As an eighth affirmative defense to each cause of action of the complaint, if plaintiff sustained injuries attributable to the use of any product allegedly manufactured and/or distributed by this defendant, which allegations are expressly denied, the injuries were caused in whole or in part by the unreasonable, unforeseeable and

1  inappropriate purpose and/or improper use which was made of the
2  product.

3          As a ninth affirmative defense to each cause of action of
4  the complaint, the damages complained of in the complaint were caused
5  in whole or in part by the misuse and abuse of the product.

6          As a tenth affirmative defense to each cause of action of
7  the complaint, the injuries and damages sustained by plaintiff, if
8  any, were solely and legally caused by the modification, alteration
9  or change of the product referred to in the complaint and said
10 modification, alteration or change was performed by persons or
11 entities other than this answering defendant and without this
12 defendant's knowledge or consent.

13         As an eleventh affirmative defense to each cause of action of
14 the complaint, plaintiff failed to mitigate his damages.

15         As a twelfth affirmative defense to each cause of action of
16 the complaint, there is a defect or misjoinder of parties pursuant to
17 Code of Civil Procedure section 430.10(d). Specifically, plaintiff
18 failed to join all parties necessary for final determination of this
19 action.

20         As a thirteenth affirmative defense to each cause of action
21 of the complaint, the provisions of the "Fair responsibility Act of
22 1986" (commonly known as Proposition 51, Civil Code sections 1430,
23 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432) are applicable
24 to this action to the extent that plaintiff's injuries and damages,
25 if any, were legally caused or contributed to by the negligence or
26 fault of persons or entities other than this answering defendant.

27         As a fourteenth affirmative defense to each cause of action of
28 the complaint, defendant presently has insufficient knowledge or

1  information on which to form a belief as to whether it/he/she may

2  have additional, as yet unstated, defenses available. Defendant

3  reserves herein the right to assert additional defenses in the event

4  discovery indicates that they would be appropriate.

5

6        WHEREFORE, this answering defendant prays for judgment as

7  follows:

8        1.    That plaintiff Brandon James Maxfield, a minor,

9  by and through his Guardian ad Litem, Susan  Stansberry take nothing

10  by reason of the complaint on file herein;

11        2.    For costs of suit incurred herein; and

12

13        3.    For such other and further relief as the court

14  deems just and proper.

15

16  Dated: February 15, 2002              **BRUINSMA & HEWITT**

17

18                              By:    _____

19                                     MICHAEL C. HEWITT, ESQ.
                                       Attorneys for Defendant,
20                                     BRYCO ARMS, B. L. JENNINGS,
                                       INC. BRUCE JENNINGS, JANICE
21                                     JENNINGS. JANICE JENNINGS AS
                                       TRUSTEE OF THE RHONDA D. JENNINGS
22                                     NEVADA TRUST, JANICE JENNINGS AS
                                       TRUSTEE OF THE KIMBERLY K.
23                                     JENNINGS NEVADA TRUST, JANICE
                                       JENNINGS AS TRUSTEE OF THE BRADLEY
24                                     JENNINGS NEVADA TRUST, JANICE
                                       JENNINGS AS TRUSTEE OF THE RHONDA
25                                     D. JENNINGS CALIFORNIA TRUST,
                                       JANICE JENNINGS AS TRUSTEE OF THE
26                                     KIMBERLY JENNINGS NEVADA TRUST,
                                       JANICE JENNINGS AS TRUSTEE OF THE
27                                     BRADLEY JENNINGS CALIFORNIA TRUST
                                       AND RKB INVESTMENTS; BRUCE
28

JENNINGS ERRONEOUSLY SUED AS A
TRUSTEE OF THE RHONDA D. JENNINGS
NEVADA TRUST; BRUCE JENNINGS
ERRONEOUSLY SUED AS A TRUSTEE OF
THE KIMBERLY K. JENNINGS NEVADA
TRUST; BRUCE JENNINGS ERRONEOUSLY
SUED AS A TRUSTEE OF THE BRADLEY
JENNINGS NEVADA TRUST; BRUCE
JENNINGS AS A TRUSTEE OF THE
RHONDA D. JENNINGS CALIFORNIA
TRUST; BRUCE JENNINGS AS A TRUSTEE
OF THE KIMBERLY K. JENNINGS
CALIFORNIA TRUST; BRUCE JENNINGS
AS A TRUSTEE OF THE BRADLEY
JENNINGS CALIFORNIA TRUST;

ENDORSED
FILED
ALAMEDA COUNTY

FEB 2 0 2002

CLERK OF THE SUPERIOR COURT
By Dorothy Duckett, Deputy

MICHAEL C. HEWITT (SBN- 1438??
BRUINSMA & HEWITT
FIREARMS LITIGATION ONLY:
380 Clinton St., Unit C
Costa Mesa, CA 92626
(714) 755-0194
(714) 755-0195 (fax)
Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
D. Jennings Nevada Trust; Janice Jennings as a trustee of the
Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
of the Kimberly K. Jennings California Trust; Janice Jennings as a
trustee of the Bradley Jennings Nevada Trust; and RKB Investments;
Bruce Jennings erroneously sued as a trustee of the Rhonda D.
Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
sued as a trustee of the Bradley Jennings Nevada Trust; Bruce
Jennings as a trustee of the Rhonda D. Jennings California Trust;
Bruce Jennings as a trustee of the Kimberly K. Jennings California
Trust Bruce Jennings as a trustee of the Bradley Jennings California
Trust

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

OAKLAND DIVISION

| | |
|---|---|
| BRANDON JAMES MAXFIELD, A, MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, SUSAN STANBERRY, <br> Plaintiff, <br><br> vs. <br><br> BRYCO ARMS, B. L. JENNINGS, INC., WILLITS PAWN, LARRY WILLIAM MOREFORD, II, AND DOES 1 THROUGH 100, INCLUSIVE, <br> Defendants. <br><br> AND RELATED CROSS-ACTIONS | Case No.: No. 841635-4 <br><br> PROOF OF SERVICE OF ANSWER BY DEFENDANT BRUCE JENNINGS ERRONEOUSLY SUED AS A TRUSTEE OF THE BRADLEY A. JENNINGS NEVADA TRUST TO PLAINTIFF'S UNVERIFIED COMPLAINT <br><br> BY FAX |

//

//

Filed By
Fax & File

MICHAEL C. HEWITT (SBN- 14??7?)
BRUINSMA & HEWITT
FIREARMS LITIGATION ONLY:
380 Clinton St., Unit C
Costa Mesa, CA 92626
(714) 755-0194
(714) 755-0195 (fax)
Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
D. Jennings Nevada Trust; Janice Jennings as a trustee of the
Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
of the Kimberly K. Jennings California Trust; Janice Jennings as a
trustee of the Bradley Jennings Nevada Trust; and RKB Investments;
Bruce  Jennings erroneously sued as a trustee of the Rhonda D.
Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
sued as a trustee of the Bradley Jennings Nevada Trust; Bruce
Jennings as a trustee of the Rhonda D. Jennings California Trust;
Bruce Jennings as a trustee of the Kimberly K. Jennings California
Trust Bruce Jennings as a trustee of the Bradley Jennings California
Trust

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

OAKLAND DIVISION

| | |
|---|---|
| BRANDON JAMES MAXFIELD, A, MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, SUSAN STANBERRY,<br>Plaintiff,<br><br>vs.<br><br>BRYCO ARMS, B. L. JENNINGS, INC., WILLITS PAWN, LARRY WILLIAM MOREFORD, II, AND DOES 1 THROUGH 100, INCLUSIVE,<br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: No. 841636-4<br><br>PROOF OF SERVICE OF ANSWER BY DEFENDANT BRUCE JENNINGS ERRONEOUSLY SUED AS A TRUSTEE OF THE BRADLEY A. JENNINGS NEVADA TRUST TO PLAINTIFF'S UNVERIFIED COMPLAINT |

//

//

RE:  MAXFIELD V. BRYCO ARMS, ET AL

**PROOF OF SERVICE**
(Pursuant to CCP §§ 1013 a(1) and 2015.5)

STATE OF CALIFORNIA      )
                         )    .ss.
COUNTY OF ORANGE         )

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action.  My business address is 380 Clinton Avenue #C, Costa Mesa, California 92626.

On February 15, 2002 I served the following document(s): **ANSWER BY DEFENDANT BRUCE JENNINGS ERRONEOUSLY SUED AS A TRUSTEE OF BRADLEY A. JENNINGS NEVADA TRUST** by placing a true copy in a seal envelope and each envelope was addressed as follows:

**SEE ATTACHED SERVICE LIST**

_____ (By Facsimile [fax] Machine) by personally transmitting a true copy thereof via an electronic facsimile machine between the hours of 9:00 a.m. and 5:00 p.m.

__X__ (By Mail) I am readily familiar with this office's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This document, which is in an envelope addressed as stated above, will be sealed with postage fully prepaid and will be deposited with the United States Postal Service this date in the ordinary course of business.

__  (Via Federal Express) I am readily familiar with this office's business practice for collection and processing for mailing with Federal Express. This document was placed in the required Federal Express envelope and the required address form was completed and attached to the Federal Express envelope.  The Letter/Pak/Box was then delivered in the usual fashion to the Federal Express drop box.

__X__ (State)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___2/15/02_____ , at Costa Mesa, California.

_Claudia G Mellado_
Claudia G. Mellado

**MAXFIELD V. BRYCO ARMS, ET AL.  SERVICE LIST**
Updated: February 15, 2002

| | |
|---|---|
| Richard R. Ruggieri, Esq.<br>1000 Fourth Street.<br>Courthouse Square, Suite 785<br>San Rafael, CA 94901<br>415/457-9399 | Counsel for Plaintiff<br>Maxfield |
| Joseph Hoffman, Esq.<br>Weinberg, Hoffman & Casey<br>900 Larkspur Landing Circle<br>Suite 155<br>Larkspur, CA 94939<br>415/461-9661 ex.102<br>415/461-9681 | Counsel for Defendant<br>Larry William Moreford, II |
| Jay Twigg, Esq.<br>Attorney at Law<br>520-A South State Street<br>Ukiah, CA 95482-4911<br>707/467-9068 | Counsel for Defendant<br>Willits Pawn |
| Peter Dixon, Esq.<br>Lewis, D'Amato, Brisbois & Bisgaard<br>One Sansome Street, Suite 1400<br>San Francisco, CA 94104<br>415/362-2580<br>415/434-0882 | Counsel for Defendant<br>Nationwide Sports Distributors, Inc. NSD<br>West, Inc. and Leslie Edelman |
| Craig A. Livingston, Esq.<br>Schnader, Harrison, Segal & Lewis, LLP<br>601 California Street, Suite 1200<br>San Francisco, California 94108-2817<br>415/364-6785 | Counsel for Defendant<br>Anna Leah Jennings |

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 5 2002

CLERK OF THE SUPERIOR COURT
By Dorothy Duckett, Deputy

1  MICHAEL C. HEWITT (SBN- 148678)
   BRUINSMA & HEWITT
2  FIREARMS LITIGATION ONLY:
   380 Clinton St., Unit C
3  Costa Mesa, CA 92626
   (714) 755-0194
4  (714) 755-0195 (fax)
   Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
5  Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
   D. Jennings Nevada Trust; Janice Jennings as a trustee of the
6  Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
   the Bradley Jennings Nevada Trust; Janice Jennings as a trustee
7  the Rhonda D. Jennings California Trust; Janice Jennings as a
   of the Kimberly K. Jennings California Trust; Janice Jennings as a
8  trustee of the Bradley Jennings California Trust; and RKB Investments
   Bruce Jennings erroneously sued as a trustee of the Rhonda D.
9  Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
   of the Kimberly K. Jennings Nevada Trust; Bruce Jennings as a trustee
10 of the Bradley Jennings Nevada Trust; Bruce Jennings erroneously sued
   as a trustee of the Rhonda D. Jennings California Trust; Bruce
11 Jennings as a trustee of the Kimberly K. Jennings California Trust;
   Bruce Jennings as a trustee of the Bradley Jennings California Trust

12              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                    IN AND FOR THE COUNTY OF ALAMEDA

14                            OAKLAND DIVISION

15 BRANDON JAMES MAXFIELD, a          )  CASE NO.: 841636-4
   minor, by and through his         )
16 guardian ad litem, SUSAN          )  ANSWER BY DEFENDANT BRUCE
   STANSBERRY                        )  JENNINGS AS A TRUSTEE OF THE
17            Plaintiff,              )  BRADLEY JENNINGS CALIFORNIA
                                      )  TRUST TO PLAINTIFF'S UNVERIFIED
18      vs.                           )  COMPLAINT
                                      )
19 BRYCO ARMS; B. L. JENNINGS,        )
   Inc., WILLITS PAWN, LARRY          )
20 WILLIAM MOREFORD, II, and DOES     )
   1 Through 100, inclusive,          )
21            Defendants.             )
22 _____     )
   NATIONWIDE SPORTS DISTRIBUTORS,    )
23 INC.and NSC WEST Inc.              )
            Cross-Complainants        )
24      vs.                           )
                                      )
25 BRYCO ARMS, B. L. JENNINGS,        )
26 Inc., BRUCE JENNINGS and MOES 1    )
   Through 100,                       )
27 Inclusive,                         )
            Cross-Defendants.         )
28 _____     )
   BRYCO ARMS, B. L. JENNINGS,        )
   INC., BRUCE JENNINGS, JANICE       )

Filed By
                1

1  MICHAEL C. HEWITT (SBN- 111738)
   BRUINSMA & HEWITT
2  FIREARMS LITIGATION ONLY:
   380 Clinton St., Unit C
3  Costa Mesa, CA 92626
   (714) 755-0194
4  (714) 755-0195 (fax)
   Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
5  Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
   D. Jennings Nevada Trust; Janice Jennings as a trustee of the
6  Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
   the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
7  the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
   of the Kimberly K. Jennings California Trust; Janice Jennings as a
8  trustee of the Bradley Jennings California Trust; and RKB Investments
   Bruce  Jennings erroneously sued as a trustee of the Rhonda D.
9  Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
   of the Kimberly K. Jennings Nevada Trust; Bruce Jennings as a trustee
10 of the Bradley Jennings Nevada Trust; Bruce Jennings erroneously sued
   as a trustee of the Rhonda D. Jennings California Trust; Bruce
11 Jennings as a trustee of the Kimberly K. Jennings California Trust;
   Bruce Jennings as a trustee of the Bradley Jennings California Trust

12            **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                **IN AND FOR THE COUNTY OF ALAMEDA**

14                        **OAKLAND DIVISION**

15  BRANDON JAMES MAXFIELD, a          )  **CASE NO.: 841636-4**
    minor, by and through his         )
16  guardian ad litem, SUSAN          )  **ANSWER BY DEFENDANT BRUCE**
                                       )  **JENNINGS AS A TRUSTEE OF THE**
17  STANSBERRY                        )  **BRADLEY JENNINGS CALIFORNIA**
            Plaintiff,                 )  **TRUST TO PLAINTIFF'S UNVERIFIED**
18                                     )  **COMPLAINT**
        vs.                            )
19                                     )
    BRYCO ARMS; B. L. JENNINGS,        )
20  Inc., WILLITS PAWN, LARRY          )
    WILLIAM MOREFORD, II, and DOES     )
21  1 Through 100, inclusive,          )
                                       )
22            Defendants.              )
    _____   )
    NATIONWIDE SPORTS DISTRIBUTORS,    )
23  INC. and NSC WEST Inc.             )
            Cross-Complainants         )
24                                     )
        vs.                            )
25                                     )
    BRYCO ARMS, B. L. JENNINGS,        )
26  Inc., BRUCE JENNINGS and MOES 1    )
    Through 100,                       )
27  Inclusive,                         )
            Cross-Defendants.          )
28  _____   )
    BRYCO ARMS, B. L. JENNINGS,

INC., BRUCE JENNINGS, JANICE
JENNINGS, JANICE JENNINGS AS A
TRUSTEE OF THE RHONDA D.
JENNINGS NEVADA TRUST, JANICE
JENNINGS AS A TRUSTEE OF THE
KIMBERLY K. JENNINGS NEVADA
TRUST, JANICE JENNINGS AS A
TRUSTEE OF THE BRADLEY JENNINGS
NEVADA TRUST, JANICE JENNINGS
AS A TRUSTEE OF THE RHONDA D.
JENNINGS CALIFORNIA TRUST,
JANICE JENNINGS AS A TRUSTEE OF
THE KIMBERLY K. JENNINGS
CALIFORNIA TRUST, JANICE
JENNINGS AS A TRUSTEE OF THE
BRADLEY JENNINGS CALIFORNIA
TRUST, AND RKB INVESTMENTS

        Cross-Complainants

  Vs.

SUSAN STANSBERRY, LARRY WILLIAM
MOREFORD, II, NATIONWIDE SPORTS
DISTRIBUTORS, Inc. AND NSD
WEST, Inc.

        Cross-Defendants

_____

     Defendant, Bruce Jennings as a trustee of the Bradley Jennings
California Trust, answering the complaint of plaintiff Brandon James
Maxfield, a minor, by and through his Guardian ad Litem, Susan
Stansberry, denies generally and specifically, each and every, all
and singular, the allegations of said complaint, and each cause of
action thereof, and further denies that plaintiff Brandon James
Maxfield, a minor, has been damaged in any sum or sums or at all.

     WHEREFORE, this answering defendant prays for judgment as
hereinafter set forth.

## **AFFIRMATIVE DEFENSES**

As a first affirmative defense to each cause of action of the complaint, plaintiff's action is barred under the doctrine of primary assumption of risk because plaintiff voluntarily participated in the activities alleged in the complaint and knew of and appreciated the specific risk which resulted in plaintiff's injury, thereby relieving defendant of any legal duty to protect plaintiff from that risk.

As a second affirmative defense to each cause of action of the complaint, plaintiff voluntarily encountered the danger, known to him, which is alleged as a basis for the complaint, knew of and appreciated the risks involved, and assumed the risk of said injuries, legally causing or contributing to the damages alleged, and therefore plaintiff's recovery should be reduced by plaintiff's proportional share of the negligence or fault.

As a third affirmative defense to each cause of action of the complaint, plaintiff was partially, if not wholly, negligent or otherwise at fault on his own part and should be barred from recovery of that portion of the damages directly attributable to his proportionate share of the negligence or fault, pursuant to the doctrine of comparative negligence.

As a fourth affirmative defense to each cause of action of the complaint, plaintiff, his agents, employees, servants and representatives were partially, if not wholly, negligent or otherwise at fault on their own part pursuant to the doctrine of comparative negligence, and should be barred from recovery of that portion of the damages directly attributable to their proportionate share of the negligence or fault.

As a fifth affirmative defense to each cause of action of the complaint, the damages sustained by plaintiff, if any, were caused, in whole or in part, by the negligence or fault of others for which this defendant is not liable or responsible.

As a sixth affirmative defense to each cause of action of the complaint, the complaint does not state facts sufficient to constitute a cause of action against this defendant.

As a seventh affirmative defense to each cause of action of the complaint, the provisions of Civil Code section 1714.4 are applicable to this action, such that in a products liability action, no firearm or ammunition shall be deemed defective in design on the basis that the benefits of the product do not outweigh the risk of injury posed by its potential to cause serious injury, damage or death when discharged. The potential of a firearm or ammunition to cause serious injury, damage, or death when discharged does not make the product defective in design. Furthermore, injuries or damages resulting from the discharge of a firearm or ammunition are not proximately caused by its potential to cause serious injury, damage, or death, but are proximately caused by the actual discharge of the product. As a result, the complaint does not state facts sufficient to constitute a cause of action against this answering defendant.

As an eighth affirmative defense to each cause of action of the complaint, if plaintiff sustained injuries attributable to the use of any product allegedly manufactured and/or distributed by this defendant, which allegations are expressly denied, the injuries were caused in whole or in part by the unreasonable, unforeseeable and inappropriate purpose and/or improper use which was made of the product.

As a ninth affirmative defense to each cause of action of the complaint, the damages complained of in the complaint were caused in whole or in part by the misuse and abuse of the product.

As a tenth affirmative defense to each cause of action of the complaint, the injuries and damages sustained by plaintiff, if any, were solely and legally caused by the modification, alteration or change of the product referred to in the complaint and said modification, alteration or change was performed by persons or entities other than this answering defendant and without this defendant's knowledge or consent.

As an eleventh affirmative defense to each cause of action of the complaint, plaintiff failed to mitigate his damages.

As a twelfth affirmative defense to each cause of action of the complaint, there is a defect or misjoinder of parties pursuant to Code of Civil Procedure section 430.10(d). Specifically, plaintiff failed to join all parties necessary for final determination of this action.

As a thirteenth affirmative defense to each cause of action of the complaint, the provisions of the "Fair responsibility Act of 1986" (commonly known as Proposition 51, Civil Code sections 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432) are applicable to this action to the extent that plaintiff's injuries and damages, if any, were legally caused or contributed to by the negligence or fault of persons or entities other than this answering defendant.

As a fourteenth affirmative defense to each cause of action of the complaint, defendant presently has insufficient knowledge or information on which to form a belief as to whether it/he/she may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, this answering defendant prays for judgment as follows:

1.    That plaintiff Brandon James Maxfield, a minor, by and through his Guardian ad Litem, Susan Stansberry take nothing by reason of the complaint on file herein;

2.    For costs of suit incurred herein; and

3.    For such other and further relief as the courT deems just and proper.

Dated: February 15, 2002                    **BRUINSMA & HEWITT**

By: _____
MICHAEL C. HEWITT, ESQ.
Attorneys for Defendant,
BRYCO ARMS, B. L. JENNINGS,
INC. BRUCE JENNINGS, JANICE
JENNINGS. JANICE JENNINGS AS
TRUSTEE OF THE RHONDA D. JENNINGS
NEVADA TRUST, JANICE JENNINGS AS
TRUSTEE OF THE KIMBERLY K.
JENNINGS NEVADA TRUST, JANICE
JENNINGS AS TRUSTEE OF THE BRADLEY
JENNINGS NEVADA TRUST, JANICE

JENNINGS AS TRUSTEE OF THE RHONDA
D. JENNINGS CALIFORNIA TRUST,
JANICE JENNINGS AS TRUSTEE OF THE
KIMBERLY JENNINGS NEVADA TRUST,
JANICE JENNINGS AS TRUSTEE OF THE
BRADLEY JENNINGS CALIFORNIA TRUST
AND RKB INVESTMENTS BRUCE JENNINGS
ERRONEOUSLY SUED AS A TRUSTEE OF
THE RHONDA D. JENNINGS NEVADA
TRUST; BRUCE JENNINGS ERRONEOUSLY
SUED AS A TRUSTEE OF THE KIMBERLY
K. JENNINGS NEVADA TRUST; BRUCE
JENNINGS ERRONEOUSLY SUED AS A
TRUSTEE OF THE BRADLEY JENNINGS
NEVADA TRUST; BRUCE JENNINGS AS A
TRUSTEE OF THE RHONDA D. JENNINGS
CALIFORNIA TRUST; BRUCE JENNINGS
AS A TRUSTEE OF THE KIMBERLY K.
JENNINGS CALIFORNIA TRUST; BRUCE
JENNINGS AS A TRUSTEE OF THE
BRADLEY JENNINGS CALIFORNIA TRUST

ENDORSED
FILED
ALAMEDA COUNTY

FEB 2 0 2002

CLERK OF THE SUPERIOR COURT
By Dorothy Duskett, Deputy

MICHAEL C. HEWITT (SBN- 1408618)
BRUNSMA & HEWITT
FIREARMS LITIGATION ONLY:
380 Clinton St., Unit C
Costa Mesa, CA 92626
(714) 755-0194
(714) 755-0195 (fax)
Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
D. Jennings Nevada Trust; Janice Jennings as a trustee of the
Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
of the Kimberly K. Jennings California Trust; Janice Jennings as a
trustee of the Bradley Jennings Nevada Trust; and RKB Investments;
Bruce Jennings erroneously sued as a trustee of the Rhonda D.
Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
sued as a trustee of the Bradley Jennings Nevada Trust; Bruce
Jennings as a trustee of the Rhonda D. Jennings California Trust;
Bruce Jennings as a trustee of the Kimberly K. Jennings California
Trust Bruce Jennings as a trustee of the Bradley Jennings California
Trust

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

OAKLAND DIVISION

BRANDON JAMES MAXFIELD, A, MINOR,        ) Case No.: No. 841636-4
BY AND THROUGH HIS GUARDIAN AD          )
LITEM, SUSAN STANBERRY,                  ) PROOF OF SERVICE OF ANSWER BY
            Plaintiff,                   ) DEFENDANT BRUCE JENNINGS AS A
                                         ) TRUSTEE OF THE BRADLEY A.
vs.                                      ) JENNINGS CALIFORNIA TRUST TO
                                         ) PLAINTIFF'S UNVERIFIED COMPLAINT
BRYCO ARMS, B. L. JENNINGS, INC.,        )
WILLITS PAWN, LARRY WILLIAM              )
MOREFORD, II, AND DOES 1 THROUGH         )
100, INCLUSIVE,                          )
            Defendants.                  )
                                         )
AND RELATED CROSS-ACTIONS                )
                                         )

BY
FAX

//
//

Filed By
Fax & File

PROOF OF SERVICE

MICHAEL C. HEWITT (SBN- 145748)
BRUINSMA & HEWITT
FIREARMS LITIGATION ONLY:
380 Clinton St., Unit C
Costa Mesa, CA 92626
(714) 755-0194
(714) 755-0195 (fax)
Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
D. Jennings Nevada Trust; Janice Jennings as a trustee of the
Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
of the Kimberly K. Jennings California Trust; Janice Jennings as a
trustee of the Bradley Jennings Nevada Trust; and RKB Investments;
Bruce  Jennings erroneously sued as a trustee of the Rhonda D.
Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
sued as a trustee of the Bradley Jennings Nevada Trust; Bruce
Jennings as a trustee of the Rhonda D. Jennings California Trust;
Bruce Jennings as a trustee of the Kimberly K. Jennings California
Trust Bruce Jennings as a trustee of the Bradley Jennings California
Trust

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

OAKLAND DIVISION

| | |
|---|---|
| BRANDON JAMES MAXFIELD, A, MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, SUSAN STANBERRY,<br>          Plaintiff,<br><br>vs.<br><br>BRYCO ARMS, B. L. JENNINGS, INC., WILLITS PAWN, LARRY WILLIAM MOREFORD, II, AND DOES 1 THROUGH 100, INCLUSIVE,<br>          Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: No. 841636-4<br><br>PROOF OF SERVICE OF ANSWER BY DEFENDANT BRUCE JENNINGS AS A TRUSTEE OF THE BRADLEY A. JENNINGS CALIFORNIA TRUST TO PLAINTIFF'S UNVERIFIED COMPLAINT |

//

//

RE:   MAXFIELD V. BRYCO ARMS, ET AL

**PROOF OF SERVICE**

(Pursuant to CCP §§ 1013 a(1) and 2015.5)

STATE OF CALIFORNIA        )
                           )   ss.
COUNTY OF ORANGE           )

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 380 Clinton Avenue #C, Costa Mesa, California 92626.

On February 15, 2002 I served the following document(s): **ANSWER BY DEFENDANT BRUCE JENNINGS AS A TRUSTEE OF BRADLEY A. JENNINGS CALIFORNIA TRUST**  by placing a true copy in a seal envelope and each envelope was addressed as follows:

### SEE ATTACHED SERVICE LIST

_____ (By Facsimile [fax] Machine) by personally transmitting a true copy thereof via an electronic facsimile machine between the hours of 9:00 a.m. and 5:00 p.m.

__X__ (By Mail) I am readily familiar with this office's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This document, which is in an envelope addressed as stated above, will be sealed with postage fully prepaid and will be deposited with the United States Postal Service this date in the ordinary course of business.

_____ (Via Federal Express) I am readily familiar with this office's business practice for collection and processing for mailing with Federal Express. This document was placed in the required Federal Express envelope and the required address form was completed and attached to the Federal Express envelope.  The Letter/Pak/Box was then delivered in the usual fashion to the Federal Express drop box.

__X__ (State)   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____2/15/02_____ , at Costa Mesa, California.

_Claudia S Mellado_
Claudia G. Mellado

## MAXFIELD V. BRYCO ARMS, ET AL.  SERVICE LIST
### Updated: February 15, 2002

Richard R. Ruggieri, Esq.   Counsel for Plaintiff
1000 Fourth Street,     Maxfield
Courthouse Square, Suite 785
San Rafael, CA 94901
415/457-9399


Joseph Hoffman, Esq.    Counsel for Defendant
Weinberg, Hoffman & Casey  Larry William Moreford, II
900 Larkspur Landing Circle
Suite 155
Larkspur, CA 94939
415/461-9661 ex.102
415/461-9681


Jay Twigg, Esq.      Counsel for Defendant
Attorney at Law      Willits Pawn
520-A South State Street
Ukiah, CA 95482-4911
707/467-9068

Peter Dixon, Esq.     Counsel for Defendant
Lewis, D'Amato, Brisbois & Bisgaard Nationwide Sports Distributors, Inc. NSD
One Sansome Street, Suite 1400  West, Inc. and Leslie Edelman
San Francisco, CA 94104
415/362-2580
415/434-0882


Craig A. Livingston, Esq.   Counsel for Defendant
Schnader, Harrison, Segal & Lewis, LLP Anna Leah Jennings
601 California Street, Suite 1200
San Francisco, California 94108-2817
415/364-6785

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 5 2002

CLERK OF THE SUPERIOR COURT
By Dorothy Duckett, Deputy

1  MICHAEL C. HEWITT (SBN- 148678)
   BRUINSMA & HEWITT
2  FIREARMS LITIGATION ONLY:
   980 Clinton St., Unit C
3  Costa Mesa, CA 92626
   (714) 755-0194
4  (714) 755-0195 (fax)
   Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
5  Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
   D. Jennings Nevada Trust; Janice Jennings as a trustee of the
6  Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
   the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
7  the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
   of the Kimberly K. Jennings California Trust; Janice Jennings as a
8  trustee of the Bradley Jennings Nevada Trust; and RKB Investments;
   Bruce Jennings erroneously sued as a trustee of the Rhonda D.
9  Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
   of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
10 sued as a trustee of the Bradley Jennings Nevada Trust; Bruce
   Jennings as a trustee of the Rhonda D. Jennings California Trust;
11 Bruce Jennings as a trustee of the Kimberly K. Jennings California
   Trust; Bruce Jennings as a trustee of the Bradley Jennings California
12 Trust

            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

13              IN AND FOR THE COUNTY OF ALAMEDA

14                      OAKLAND DIVISION

15  BRANDON JAMES MAXFIELD, a          ) CASE NO.: 641636-4
16  minor, by and through his         )
    guardian ad litem, SUSAN          ) ANSWER BY DEFENDANT BRUCE
17  STANSBERRY                         ) JENNINGS AS A TRUSTEE OF THE
            Plaintiff,                 ) RHONDA D. JENNINGS CALIFORNIA
18                                     ) TRUST TO PLAINTIFF'S UNVERIFIED
19      vs.                            ) COMPLAINT
20  BRYCO ARMS; B. L. JENNINGS,        )
    Inc., WILLITS PAWN, LARRY          )
21  WILLIAM MOREFORD, II, and DOES     )
    1 Through 100, inclusive,          )
22                Defendants.          )
23  NATIONWIDE SPORTS DISTRIBUTORS,    )
    INC. and NSC WEST Inc.             )
24             Cross-Complainants      )
25      vs.                            )
    BRYCO ARMS, B. L. JENNINGS,        )
26  Inc., BRUCE JENNINGS and MOES 1    )
27  Through 100,                       )
    Inclusive,                         )
28             Cross-Defendants.       )

Filed By
Fax & File

1   MICHAEL C. HEWITT (SBN- 148478)
   BRUINSMA & HEWITT
2   FIREARMS LITIGATION ONLY:
   380 Clinton St., Unit C
3   Costa Mesa, CA 92626
   (714) 755-0194
4   (714) 755-0195 (fax)
   Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
5   Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
   D. Jennings Nevada Trust; Janice Jennings as a trustee of the
6   Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
   the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
7   the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
   of the Kimberly K. Jennings California Trust; Janice Jennings as a
8   trustee of the Bradley Jennings Nevada Trust; and RKB Investments;
   Bruce Jennings erroneously sued as a trustee of the Rhonda D.
9   Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
   of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
10  sued as a trustee of the Bradley Jennings Nevada Trust; Bruce
   Jennings as a trustee of the Rhonda D. Jennings California Trust;
11  Bruce Jennings as a trustee of the Kimberly K. Jennings California
   Trust; Bruce Jennings as a trustee of the Bradley Jennings California
12  Trust

### IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

13

### IN AND FOR THE COUNTY OF ALAMEDA

14

### OAKLAND DIVISION

15

16 BRANDON JAMES MAXFIELD, a    )  **CASE NO.: 841636-4**
   minor, by and through his   )
17 guardian ad litem, SUSAN     )  **ANSWER BY DEFENDANT BRUCE**
   STANSBERRY            )  **JENNINGS AS A TRUSTEE OF THE**
18        Plaintiff,    )  **RHONDA D. JENNINGS CALIFORNIA**
                  )  **TRUST TO PLAINTIFF'S UNVERIFIED**
19   vs.               )  **COMPLAINT**
                  )
20 BRYCO ARMS; B. L. JENNINGS,  )
   Inc., WILLITS PAWN, LARRY   )
21 WILLIAM MOREFORD, II, and DOES )
   1 Through 100, inclusive,    )
22           Defendants.   )
23 NATIONWIDE SPORTS DISTRIBUTORS, )
   INC.and NSC WEST Inc.     )
24       Cross-Complainants )
                  )
25   vs.               )
                  )
26 BRYCO ARMS, B. L. JENNINGS,   )
   Inc., BRUCE JENNINGS and MOES 1 )
27 Through 100,           )
   inclusive,          )
28        Cross-Defendants. )

1   BRYCO ARMS, B. L. JENNINGS,
INC., BRUCE JENNINGS, JANICE
2   JENNINGS, JANICE JENNINGS AS A
TRUSTEE OF THE RHONDA D.
3   JENNINGS NEVADA TRUST, JANICE
4   JENNINGS AS A TRUSTEE OF THE
KIMBERLY K. JENNINGS NEVADA
5   TRUST, JANICE JENNINGS AS A
6   TRUSTEE OF THE BRADLEY JENNINGS
NEVADA TRUST, JANICE JENNINGS
7   AS A TRUSTEE OF THE RHONDA D.
JENNINGS CALIFORNIA TRUST,
8   JANICE JENNINGS AS A TRUSTEE OF
9   THE KIMBERLY K. JENNINGS
CALIFORNIA TRUST, JANICE
10  JENNINGS AS A TRUSTEE OF THE
BRADLEY JENNINGS CALIFORNIA
11  TRUST, AND RKB INVESTMENTS

               Cross-Complainants

12

13   Vs.

14  SUSAN STANSBERRY, LARRY WILLIAM
MOREFORD, II, NATIONWIDE SPORTS
15  DISTRIBUTORS, Inc. AND NSD
16  WEST, Inc.

               Cross-Defendants

17

18

19

20       Defendant, Bruce Jennings as a trustee of the Rhonda D.

Jennings California Trust, answering the complaint of plaintiff

21  Brandon James Maxfield, a minor, by and through his Guardian ad

22  Litem, Susan Stansberry, denies generally and specifically, each and

23  every, all and singular, the allegations of said complaint, and each

24  cause of action thereof, and further denies that plaintiff Brandon

25  James Maxfield, a minor, has been damaged in any sum or sums or at

26  all.

27

28      WHEREFORE, this answering defendant prays for judgment as

1  hereinafter set forth.

2

3                          **AFFIRMATIVE DEFENSES**

4       As a first affirmative defense to each cause of action of the

5  complaint, plaintiff's action is barred under the doctrine of primary

6  assumption of risk because plaintiff voluntarily participated in the

7  activities alleged in the complaint and knew of and appreciated the

8  specific risk which resulted in plaintiff's injury, thereby relieving

9  defendant of any legal duty to protect plaintiff from that risk.

10       As a second affirmative defense to each cause of action of the

11  complaint, plaintiff voluntarily encountered the danger, known to

12  him, which is alleged as a basis for the complaint, knew of and

13  appreciated the risks involved, and assumed the risk of said

14  injuries, legally causing or contributing to the damages alleged, and

15  therefore plaintiff's recovery should be reduced by plaintiff's

16  proportional share of the negligence or fault.

17       As a third affirmative defense to each cause of action of the

18  complaint, plaintiff was partially, if not wholly, negligent or

19  otherwise at fault on his own part and should be barred from

20  recovery of that portion of the damages directly attributable to his

21  proportionate share of the negligence or fault, pursuant to the

22  doctrine of comparative negligence.

23       As a fourth affirmative defense to each cause of action of the

24  complaint, plaintiff, his agents, employees, servants and

25  representatives were partially, if not wholly, negligent or otherwise

26  at fault on their own part pursuant to the doctrine of comparative

27  negligence, and should be barred from recovery of that portion of the

28  damages directly attributable to their proportionate share of the

1   negligence or fault.

2      As a fifth affirmative defense to each cause of action of the

3   complaint, the damages sustained by plaintiff, if any, were caused,

4   in whole or in part, by the negligence or fault of others for which

5   this defendant is not liable or responsible.

6      As a sixth affirmative defense to each cause of action of the

7   complaint, the complaint does not state facts sufficient to

8   constitute a cause of action against this defendant.

9      As a seventh affirmative defense to each cause of action of the

10  complaint, the provisions of Civil Code section 1714.4 are applicable

11  to this action, such that in a products liability action, no firearm

12  or ammunition shall be deemed defective in design on the basis that

13  the benefits of the product do not outweigh the risk of injury posed

14  by its potential to cause serious injury, damage or death when

15  discharged. The potential of a firearm or ammunition to cause serious

16  injury, damage, or death when discharged does not make the product

17  defective in design. Furthermore, injuries or damages resulting from

18  the discharge of a firearm or ammunition are not proximately caused

19  by its potential to cause serious injury, damage, or death, but are

20  proximately caused by the actual discharge of the product. As a

21  result, the complaint does not state facts sufficient to constitute a

22  cause of action against this answering defendant.

23      As an eighth affirmative defense to each cause of action of

24  the complaint, if plaintiff sustained injuries attributable to the

25  use of any product allegedly manufactured and/or distributed by this

26  defendant, which allegations are expressly denied, the injuries were

27  caused in whole or in part by the unreasonable, unforeseeable and

28  inappropriate purpose and/or improper use which was made of the

product.

As a ninth affirmative defense to each cause of action of the complaint, the damages complained of in the complaint were caused in whole or in part by the misuse and abuse of the product.

As a tenth affirmative defense to each cause of action of the complaint, the injuries and damages sustained by plaintiff, if any, were solely and legally caused by the modification, alteration or change of the product referred to in the complaint and said modification, alteration or change was performed by persons or entities other than this answering defendant and without this defendant's knowledge or consent.

As an eleventh affirmative defense to each cause of action of the complaint, plaintiff failed to mitigate his damages.

As a twelfth affirmative defense to each cause of action of the complaint, there is a defect or misjoinder of parties pursuant to Code of Civil Procedure section 430.10(d). Specifically, plaintiff failed to join all parties necessary for final determination of this action.

As a thirteenth affirmative defense to each cause of action of the complaint, the provisions of the "Fair responsibility Act of 1986" (commonly known as Proposition 51, Civil Code sections 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432) are applicable to this action to the extent that plaintiff's injuries and damages, if any, were legally caused or contributed to by the negligence or fault of persons or entities other than this answering defendant.

As a fourteenth affirmative defense to each cause of action of the complaint, defendant presently has insufficient knowledge or information on which to form a belief as to whether it/he/she may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, this answering defendant prays for judgment as follows:

1.      That plaintiff Brandon James Maxfield, a minor, by and through his Guardian ad Litem, Susan  Stansberry take nothing by reason of the complaint on file herein;

2.      For costs of suit incurred herein; and

3.      For such other and further relief as the court deems just and proper.

Dated: February 15, 2002

**BRUINSMA & HEWITT**

By: _____
MICHAEL C. HEWITT, ESQ.
Attorneys for Defendant,
BRYCO ARMS, B. L. JENNINGS,
INC. BRUCE JENNINGS, JANICE
JENNINGS. JANICE JENNINGS AS
TRUSTEE OF THE RHONDA D. JENNINGS
NEVADA TRUST, JANICE JENNINGS AS
TRUSTEE OF THE KIMBERLY K.
JENNINGS NEVADA TRUST, JANICE
JENNINGS AS TRUSTEE OF THE BRADLEY
JENNINGS NEVADA TRUST, JANICE

JENNINGS AS TRUSTEE OF THE RHONDA
D. JENNINGS CALIFORNIA TRUST,
JANICE JENNINGS AS TRUSTEE OF THE
KIMBERLY JENNINGS NEVADA TRUST,
JANICE JENNINGS AS TRUSTEE OF THE
BRADLEY JENNINGS CALIFORNIA TRUST
AND RKB INVESTMENTS; JANICE
JENNINGS AS A TRUSTEE OF THE
RHONDA D. JENNINGS NEVADA TRUST;
JANICE JENNINGS AS A TRUSTEE OF
THE KIMBERLY K. JENNINGS NEVADA
TRUST; JANICE JENNINGS AS A
TRUSTEE OF THE BRADLEY JENNINGS
NEVADA TRUST; JANICE JENNINGS AS A
TRUSTEE OF THE RHONDA D. JENNINGS
CALIFORNIA TRUST; JANICE JENNINGS
AS A TRUSTEE OF THE KIMBERLY K.
JENNINGS CALIFORNIA TRUST; JANICE
JENNINGS AS A TRUSTEE OF THE
BRADLEY JENNINGS NEVADA TRUST; AND
RKB INVESTMENTS; BRUCE JENNINGS
ERRONEOUSLY SUED AS A TRUSTEE OF
THE RHONDA D. JENNINGS NEVADA
TRUST; BRUCE JENNINGS ERRONEOUSLY
SUED AS A TRUSTEE OF THE KIMBERLY
K. JENNINGS NEVADA TRUST; BRUCE
JENNINGS ERRONEOUSLY SUED AS A
TRUSTEE OF THE BRADLEY JENNINGS
NEVADA TRUST; BRUCE JENNINGS AS A
TRUSTEE OF THE RHONDA D. JENNINGS
CALIFORNIA TRUST; BRUCE JENNINGS
AS A TRUSTEE OF THE KIMBERLY K.
JENNINGS CALIFORNIA TRUST; BRUCE
JENNINGS AS A TRUSTEE OF THE
BRADLEY JENNINGS CALIFORNIA TRUST

ENDORSED
FILED
ALAMEDA COUNTY

FEB 2 0 2002

CLERK OF THE SUPERIOR COURT
By Dorothy Duskett, Deputy

1  MICHAEL D. HEWITT (SBN: 1492791)
   BRUINSMA & HEWITT
2  FIREARMS LITIGATION ONLY:
   380 Clinton St., Unit C
3  Costa Mesa, CA 92626
   (714) 755-0194
4  (714) 755-0195 (fax)
   Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
5  Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
   D. Jennings Nevada Trust; Janice Jennings as a trustee of the
6  Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
   the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
7  the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
   of the Kimberly K. Jennings California Trust; Janice Jennings as a
8  trustee of the Bradley Jennings Nevada Trust; and RKB Investments;
   Bruce  Jennings erroneously sued as a trustee of the Rhonda D.
9  Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
   of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
10 sued as a trustee of the Bradley Jennings Nevada Trust; Bruce
   Jennings as a trustee of the Rhonda D. Jennings California Trust;
11 Bruce Jennings as a trustee of the Kimberly K. Jennings California
   Trust Bruce Jennings as a trustee of the Bradley Jennings California
12 Trust

13          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              IN AND FOR THE COUNTY OF ALAMEDA

15                    OAKLAND DIVISION

16

17
   BRANDON JAMES MAXFIELD, A, MINOR,  ) Case No.: No. 841636-4
18 BY AND THROUGH HIS GUARDIAN AD     )
   LITEM, SUSAN STANBERRY,            ) PROOF OF SERVICE OF ANSWER BY
19          Plaintiff,                ) DEFENDANT BRUCE JENNINGS AS A
                                      ) TRUSTEE OF THE RHONDA D. JENNINGS
20 vs.                                ) CALIFORNIA TRUST TO PLAINTIFF'S
                                      ) UNVERIFIED COMPLAINT
21 BRYCO ARMS, B. L. JENNINGS, INC.,  )
22 WILLITS PAWN, LARRY WILLIAM        )
   MOREFORD, II, AND DOES 1 THROUGH   )
23 100, INCLUSIVE,                    )
24          Defendants.               )
                                      )
25 AND RELATED CROSS-ACTIONS          )
                                      )
26                                    )

27 //

   //

BY
FAX

Filed By
Fax & File

1  MICHAEL T. HEWITT (SBN- ...)
   BRUINSMA & HEWITT
2  FIREARMS LITIGATION ONLY:
   380 Clinton St., Unit C
3  Costa Mesa, CA 92626
   (714) 755-0194
4  (714) 755-0195 (fax)
   Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
5  Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
   D. Jennings Nevada Trust; Janice Jennings as a trustee of the
6  Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
   the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
7  the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
   of the Kimberly K. Jennings California Trust; Janice Jennings as a
8  trustee of the Bradley Jennings Nevada Trust; and RKB Investments;
   Bruce  Jennings erroneously sued as a trustee of the Rhonda D.
9  Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
   of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
10 sued as a trustee of the Bradley Jennings Nevada Trust; Bruce
   Jennings as a trustee of the Rhonda D. Jennings California Trust;
11 Bruce Jennings as a trustee of the Kimberly K. Jennings California
   Trust Bruce Jennings as a trustee of the Bradley Jennings California
12 Trust

13              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                 IN AND FOR THE COUNTY OF ALAMEDA

15                         OAKLAND DIVISION

16

17 BRANDON JAMES MAXFIELD, A, MINOR, ) Case No.: No. 841636-4
18 BY AND THROUGH HIS GUARDIAN AD    )
   LITEM, SUSAN STANBERRY,           ) PROOF OF SERVICE OF ANSWER BY
19            Plaintiff,             ) DEFENDANT BRUCE JENNINGS AS A
                                     ) TRUSTEE OF THE RHONDA D. JENNINGS
20 vs.                               ) CALIFORNIA TRUST TO PLAINTIFF'S
                                     ) UNVERIFIED COMPLAINT
21                                   )
   BRYCO ARMS, B. L. JENNINGS, INC., )
22 WILLITS PAWN, LARRY WILLIAM       )
   MOREFORD, II, AND DOES 1 THROUGH  )
23 100, INCLUSIVE,                   )
24            Defendants.           )
                                     )
25 AND RELATED CROSS-ACTIONS         )
                                     )
26                                   )

27 //

28 //

RE:   MAXFIELD V. BRYCO ARMS, ET AL

**PROOF OF SERVICE**
(Pursuant to CCP §§ 1013 a(1) and 2015.5)

STATE OF CALIFORNIA      )
                         )   ss.
COUNTY OF ORANGE         )

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 380 Clinton Avenue #C, Costa Mesa, California 92626.

On February 15, 2002 I served the following document(s): **ANSWER BY DEFENDANT BRUCE JENNINGS AS A TRUSTEE OF RHONDA D. JENNINGS CALIFORNIA TRUST** by placing a true copy in a seal envelope and each envelope was addressed as follows:

### SEE ATTACHED SERVICE LIST

___ (By Facsimile [fax] Machine) by personally transmitting a true copy thereof via an electronic facsimile machine between the hours of 9:00 a.m. and 5:00 p.m.

_X_ (By Mail) I am readily familiar with this office's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This document, which is in an envelope addressed as stated above, will be sealed with postage fully prepaid and will be deposited with the United States Postal Service this date in the ordinary course of business.

___ (Via Federal Express) I am readily familiar with this office's business practice for collection and processing for mailing with Federal Express. This document was placed in the required Federal Express envelope and the required address form was completed and attached to the Federal Express envelope.  The Letter/Pak/Box was then delivered in the usual fashion to the Federal Express drop box.

_X_ (State)   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___2/15/02_____, at Costa Mesa, California.

_Claudia G Mellado_
Claudia G. Mellado

**MAXFIELD V. BRYCO ARMS, ET AL. SERVICE LIST**
**Updated: February 15, 2002**

Richard R. Ruggieri, Esq.                    Counsel for Plaintiff
1000 Fourth Street,                          Maxfield
Courthouse Square, Suite 785
San Rafael, CA 94901
415/457-9399


Joseph Hoffman, Esq.                         Counsel for Defendant
Weinberg, Hoffman & Casey                    Larry William Moreford, II
900 Larkspur Landing Circle
Suite 155
Larkspur, CA 94939
415/461-9661 ex.102
415/461-9681


Jay Twigg, Esq.                              Counsel for Defendant
Attorney at Law                              Willits Pawn
520-A South State Street
Ukiah, CA 95482-4911
707/467-9068


Peter Dixon, Esq.                            Counsel for Defendant
Lewis, D'Amato, Brisbois & Bisgaard          Nationwide Sports Distributors, Inc. NSD
One Sansome Street, Suite 1400               West, Inc. and Leslie Edelman
San Francisco, CA 94104
415/362-2580
415/434-0882


Craig A. Livingston, Esq.                    Counsel for Defendant
Schnader, Harrison, Segal & Lewis, LLP       Anna Leah Jennings
601 California Street, Suite 1200
San Francisco, California 94108-2817
415/364-6785

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 5 2002

CLERK OF THE SUPERIOR COURT
By Dorothy Duckett, Deputy

1  MICHAEL C. HEWITT (SBN- 148678)
2  BRUINSMA & HEWITT
   FIREARMS LITIGATION ONLY:
3  380 Clinton St., Unit C
   Costa Mesa, CA 92626
4  (714) 755-0194
   (714) 755-0195 (fax)
5  Attorney for Defendants Bryco Arms; B. I. Jennings, Inc.; Bruce
   Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
6  D. Jennings Nevada Trust; Janice Jennings as a trustee of the
   Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
7  the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
   the Rhonda D. Jennings California Trust; Janice Jennings as a
8  trustee of the Kimberly K. Jennings Nevada Trust; and RKB Investments;
   Bruce Jennings erroneously sued as a trustee of the Rhonda D.
9  Jennings Nevada Trust: Bruce Jennings erroneously sued as a trustee
   of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
10 sued as a trustee of the Bradley Jennings California Trust;
   Jennings as a trustee of the Rhonda D. Jennings California Trust;
11 Bruce Jennings as a trustee of the Kimberly K. Jennings California
   Trust; Bruce Jennings as a trustee of the Bradley Jennings A.
12 California Trust

               IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                 IN AND FOR THE COUNTY OF ALAMEDA

14                          OAKLAND DIVISION

15 BRANDON JAMES MAXFIELD, a        )  CASE NO.: 841636-4
16 minor, by and through his        )
   guardian ad litem, SUSAN         )  ANSWER BY DEFENDANT BRUCE
17 STANSBERRY                        )  JENNINGS ERRONEOUSLY SUED AS A
              Plaintiff,            )  TRUSTEE OF THE KIMBERLY
18                                  )  JENNINGS NEVADA TRUST TO
19      vs.                         )  PLAINTIFF'S UNVERIFIED
                                    )  COMPLAINT
20 BRYCO ARMS; B. L. JENNINGS,      )
   Inc., WILLITS PAWN, LARRY        )
21 WILLIAM MOREFORD, II. and DOES   )
   1 Through 100, inclusive,        )
22            Defendants.           )
   _____ )
23 NATIONWIDE SPORTS DISTRIBUTORS,  )
   INC.and NSC WEST Inc.            )
24            Cross-Complainents    )
                                    )
25      vs.                         )
                                    )
26 BRYCO ARMS, B. L. JENNINGS,      )
   Inc., BRUCE JENNINGS and MOES 1  )
27 Through 100,                     )
28 Inclusive,                       )
              Cross-Defendants.     )
   _____ )

MICHAEL T. HEWITT (SBN- 14~~~)
BRUINSMA & HEWITT
FIREARMS LITIGATION ONLY:
380 Clinton St., Unit C
Costa Mesa, CA 92626
(714) 755-0194
(714) 755-0195 (fax)
Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
D. Jennings Nevada Trust; Janice Jennings as a trustee of the
Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
of the Kimberly K. Jennings California Trust; Janice Jennings as a
trustee of the Bradley Jennings California Trust; and RKB
Investments; Bruce Jennings erroneously sued as a trustee of the
Rhonda D. Jennings Nevada Trust; Bruce Jennings erroneously sued as a
trustee of the Kimberly K. Jennings Nevada Trust Bruce Jennings
erroneously sued as a trustee of the Bradley Jennings Nevada Trust;
Bruce Jennings as a trustee of the Rhonda D. Jennings California
Trust; Bruce Jennings as a trustee of the Kimberly K. Jennings
California Trust; Bruce Jennings as a trustee of the Bradley Jennings
California Trust;

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF ALAMEDA**

**OAKLAND DIVISION**

| | |
|---|---|
| BRANDON JAMES MAXFIELD, a minor, by and through his guardian ad litem, SUSAN STANSBERRY<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>BRYCO ARMS; B. L. JENNINGS, Inc., WILLITS PAWN, LARRY WILLIAM MOREFORD, II, and DOES 1 Through 100, inclusive,<br>　　　　　Defendants. | **CASE NO.:** 841636-4<br><br>**ANSWER BY DEFENDANT BRUCE JENNINGS ERRONEOUSLY SUED AS A TRUSTEE OF THE RHONDA JENNINGS NEVADA TRUST TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| NATIONWIDE SPORTS DISTRIBUTORS, INC.and NSC WEST Inc.<br>　　　　Cross-Complainants<br>　　vs.<br><br>BRYCO ARMS, B. L. JENNINGS, Inc., BRUCE JENNINGS and MOES 1 Through 100, Inclusive,<br>　　　　Cross-Defendants. | |

1  BRYCO ARMS, B. L. JENNINGS,
   INC., BRUCE JENNINGS, JANICE
2  JENNINGS, JANICE JENNINGS AS A
3  TRUSTEE OF THE RHONDA D.
   JENNINGS NEVADA TRUST, JANICE
4  JENNINGS AS A TRUSTEE OF THE
   KIMBERLY K. JENNINGS NEVADA
5  TRUST, JANICE JENNINGS AS A
6  TRUSTEE OF THE BRADLEY JENNINGS
   NEVADA TRUST, JANICE JENNINGS
7  AS A TRUSTEE OF THE RHONDA D.
   JENNINGS CALIFORNIA TRUST,
8  JANICE JENNINGS AS A TRUSTEE OF
9  THE KIMBERLY K. JENNINGS
   CALIFORNIA TRUST, JANICE
10 JENNINGS AS A TRUSTEE OF THE
   BRADLEY JENNINGS CALIFORNIA
11 TRUST, AND RKB INVESTMENTS
12              Cross-Complainants
13   Vs.
14 SUSAN STANSBERRY, LARRY WILLIAM
15 MOREFORD, II, NATIONWIDE SPORTS
   DISTRIBUTORS, Inc. AND NSD
16 WEST, Inc.
              Cross-Defendants
17
18
19
       Defendant, ·Bruce Jennings erroneously sued as a trustee of the
20
   Rhonda D. Jennings Nevada Trust, answering the complaint of plaintiff
21
   Brandon James Maxfield, a minor, by and through his Guardian ad
22
   Litem, Susan Stansberry, denies generally and specifically, each and
23
   every, all and singular, the allegations of said complaint, and each
24
   cause of action thereof, and further denies that plaintiff Brandon
25
   James Maxfield, a minor, has been damaged in any sum or sums or at
26
   all.  Bruce Jennings denies that he is or was a trustee of the Rhonda
27
   D. Jennings Nevada Trust.
28

WHEREFORE, this answering defendant prays for judgment as hereinafter set forth.

### AFFIRMATIVE DEFENSES

As a first affirmative defense to each cause of action of the complaint, plaintiff's action is barred under the doctrine of primary assumption of risk because plaintiff voluntarily participated in the activities alleged in the complaint and knew of and appreciated the specific risk which resulted in plaintiff's injury, thereby relieving defendant of any legal duty to protect plaintiff from that risk.

As a second affirmative defense to each cause of action of the complaint, plaintiff voluntarily encountered the danger, known to him, which is alleged as a basis for the complaint, knew of and appreciated the risks involved, and assumed the risk of said injuries, legally causing or contributing to the damages alleged, and therefore plaintiff's recovery should be reduced by plaintiff's proportional share of the negligence or fault.

As a third affirmative defense to each cause of action of the complaint, plaintiff was partially, if not wholly, negligent or otherwise at fault on his own part and should be barred from recovery of that portion of the damages directly attributable to his proportionate share of the negligence or fault, pursuant to the doctrine of comparative negligence.

As a fourth affirmative defense to each cause of action of the complaint, plaintiff, his agents, employees, servants and representatives were partially, if not wholly, negligent or otherwise at fault on their own part pursuant to the doctrine of comparative negligence, and should be barred from recovery of that portion of the

1  damages directly attributable to their proportionate share of the

2  negligence or fault.

3      As a fifth affirmative defense to each cause of action of the

4  complaint, the damages sustained by plaintiff, if any, were caused,

5  in whole or in part, by the negligence or fault of others for which

6  this defendant is not liable or responsible.

7      As a sixth affirmative defense to each cause of action of the

8  complaint, the complaint does not state facts sufficient to

9  constitute a cause of action against this defendant.

10     As a seventh affirmative defense to each cause of action of the

11 complaint, the provisions of Civil Code section 1714.4 are applicable

12 to this action, such that in a products liability action, no firearm

13 or ammunition shall be deemed defective in design on the basis that

14 the benefits of the product do not outweigh the risk of injury posed

15 by its potential to cause serious injury, damage or death when

16 discharged. The potential of a firearm or ammunition to cause serious

17 injury, damage, or death when discharged does not make the product

18 defective in design. Furthermore, injuries or damages resulting from

19 the discharge of a firearm or ammunition are not proximately caused

20 by its potential to cause serious injury, damage, or death, but are

21 proximately caused by the actual discharge of the product. As a

22 result, the complaint does not state facts sufficient to constitute a

23 cause of action against this answering defendant.

24     As an eighth affirmative defense to each cause of action of

25 the complaint, if plaintiff sustained injuries attributable to the

26 use of any product allegedly manufactured and/or distributed by this

27 defendant, which allegations are expressly denied, the injuries were

28 caused in whole or in part by the unreasonable, unforeseeable and

1  inappropriate purpose and/or improper use which was made of the

2  product.

3        As a ninth affirmative defense to each cause of action of

4  the complaint, the damages complained of in the complaint were caused

5  in whole or in part by the misuse and abuse of the product.

6        As a tenth affirmative defense to each cause of action of

7  the complaint, the injuries and damages sustained by plaintiff, if

8  any, were solely and legally caused by the modification, alteration

9  or change of the product referred to in the complaint and said

10 modification, alteration or change was performed by persons or

11 entities other than this answering defendant and without this

12 defendant's knowledge or consent.

13       As an eleventh affirmative defense to each cause of action of

14 the complaint, plaintiff failed to mitigate his damages.

15       As a twelfth affirmative defense to each cause of action of

16 the complaint, there is a defect or misjoinder of parties pursuant to

17 Code of Civil Procedure section 430.10(d). Specifically, plaintiff

18 failed to join all parties necessary for final determination of this

19 action.

20       As a thirteenth affirmative defense to each cause of action

21 of the complaint, the provisions of the "Fair responsibility Act of

22 1986" (commonly known as Proposition 51, Civil Code sections 1430,

23 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432) are applicable

24 to this action to the extent that plaintiff's injuries and damages,

25 if any, were legally caused or contributed to by the negligence or

26 fault of persons or entities other than this answering defendant.

27

28

As a fourteenth affirmative defense to each cause of action of the complaint, defendant presently has insufficient knowledge or information on which to form a belief as to whether it/he/she may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, this answering defendant prays for judgment as follows:

1. That plaintiff Brandon James Maxfield, a minor, by and through his Guardian ad Litem, Susan  Stansberry take nothing by reason of the complaint on file herein;

2. For costs of suit incurred herein; and

3. For such other and further relief as the court deems just and proper.

Dated: February 15, 2002

**BRUINSMA & HEWITT**

By: _____
MICHAEL C. HEWITT, ESQ.
Attorneys for Defendant,
BRYCO ARMS, B. L. JENNINGS,
INC. BRUCE JENNINGS, JANICE
JENNINGS. JANICE JENNINGS AS A
TRUSTEE OF THE RHONDA D. JENNINGS
NEVADA TRUST, JANICE JENNINGS AS A
TRUSTEE OF THE KIMBERLY K.
JENNINGS NEVADA TRUST, JANICE
JENNINGS AS A TRUSTEE OF THE
BRADLEY JENNINGS NEVADA TRUST,

AL OF JENNINGS AS A TRUSTEE OF THE RHONDA D. JENNINGS CALIFORNIA TRUST, JANICE JENNINGS AS A TRUSTEE OF THE KIMBERLY JENNINGS NEVADA TRUST, JANICE JENNINGS AS A TRUSTEE OF THE BRADLEY JENNINGS CALIFORNIA TRUST AND RKB INVESTMENTS; BRUCE JENNINGS ERRONEOUSLY SUED AS A TRUSTEE OF THE RHONDA D. JENNINGS NEVADA TRUST; BRUCE JENNINGS ERRONEOUSLY SUED AS A TRUSTEE OF THE KIMBERLY K. JENNINGS NEVADA TRUST; BRUCE JENNINGS ERRONEOUSLY SUED AS A TRUSTEE OF THE BRADLEY JENNINGS NEVADA TRUST; BRUCE JENNINGS AS A TRUSTEE OF THE RHONDA D. JENNINGS CALIFORNIA TRUST; BRUCE JENNINGS AS A TRUSTEE OF THE KIMBERLY K. JENNINGS CALIFORNIA TRUST; BRUCE JENNINGS AS A TRUSTEE OF THE BRADLEY JENNINGS CALIFORNIA TRUST;

ENDORSED
FILED
ALAMEDA COUNTY

FEB 2 0 2002

CLERK OF THE SUPERIOR COURT
By Dorothy Duckett, Deputy

1   MICHAEL C. HEWITT (SBN- 148418)
    BRUINSMA & HEWITT
2   FIREARMS LITIGATION ONLY:
    380 Clinton St., Unit C
3   Costa Mesa, CA 92626
    (714) 755-0194
4   (714) 755-0195 (fax)
    Attorney for Defendants Bryce Arms; B. L. Jennings;
5   Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
    D. Jennings Nevada Trust; Janice Jennings as a trustee of the
6   Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
    the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
7   the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
    of the Kimberly K. Jennings California Trust; Janice Jennings as a
8   trustee of the Bradley Jennings Nevada Trust; and RKB Investments;
    Bruce Jennings erroneously sued as a trustee of the Rhonda D.
9   Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
    of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
10  sued as a trustee of the Bradley Jennings Nevada Trust; Bruce
    Jennings as a trustee of the Rhonda D. Jennings California Trust;
11  Bruce Jennings as a trustee of the Kimberly K. Jennings California
    Trust Bruce Jennings as a trustee of the Bradley Jennings California
12  Trust

13            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                IN AND FOR THE COUNTY OF ALAMEDA

15                         OAKLAND DIVISION

16

17  BRANDON JAMES MAXFIELD, A, MINOR,      )  Case No.: No. 841036-4
18  BY AND THROUGH HIS GUARDIAN AD         )
    LITEM, SUSAN STANBERRY,                )  PROOF OF SERVICE OF ANSWER BY
19            Plaintiff,                   )  DEFENDANT BRUCE JENNINGS
                                           )  ERRONEOUSLY SUED AS A TRUSTEE OF
20  vs.                                    )  THE KIMBERLY JENNINGS NEVADA
                                           )  TRUST TO PLAINTIFF'S UNVERIFIED
21                                         )  COMPLAINT
    BRYCO ARMS, B. L. JENNINGS, INC.,      )
22  WILLITS PAWN, LARRY WILLIAM            )                          BY
    MORFFORD, II, AND DOES 1 THROUGH       )                          FAX
23  100, INCLUSIVE,                        )
24            Defendants.                  )
                                           )
25  AND RELATED CROSS-ACTIONS              )
                                           )
26  _____   )

27  //

28  //

Filed By
Fax & File

PAGE.23

MICHAEL C. HEWITT (SBN- 148675)
BRUINSMA & HEWITT
FIREARMS LITIGATION ONLY:
380 Clinton St., Unit C
Costa Mesa, CA 92626
(714) 755-0194
(714) 755-0195 (fax)
Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
D. Jennings Nevada Trust; Janice Jennings as a trustee of the
Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
of the Kimberly K. Jennings California Trust; Janice Jennings as a
trustee of the Bradley Jennings Nevada Trust; and RKB Investments;
Bruce  Jennings erroneously sued as a trustee of the Rhonda D.
Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
sued as a trustee of the Bradley Jennings Nevada Trust; Bruce
Jennings as a trustee of the Rhonda D. Jennings California Trust;
Bruce Jennings as a trustee of the Kimberly K. Jennings California
Trust Bruce Jennings as a trustee of the Bradley Jennings California
Trust

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF ALAMEDA

#### OAKLAND DIVISION

| | |
|---|---|
| BRANDON JAMES MAXFIELD, A, MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, SUSAN STANBERRY,<br><br>       Plaintiff,<br><br>vs.<br><br>BRYCO ARMS, B. L. JENNINGS, INC., WILLITS PAWN, LARRY WILLIAM MOREFORD, II, AND DOES 1 THROUGH 100, INCLUSIVE,<br>       Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: No. 841636-4<br><br>PROOF OF SERVICE OF ANSWER BY DEFENDANT BRUCE JENNINGS ERRONEOUSLY SUED AS A TRUSTEE OF THE KIMBERLY JENNINGS NEVADA TRUST TO PLAINTIFF'S UNVERIFIED COMPLAINT |

//
//

RE:  MAXFIELD V. BRYCO ARMS, ET AL

**PROOF OF SERVICE**
(Pursuant to CCP §§ 1013 a(1) and 2015.5)

STATE OF CALIFORNIA       )
                          )      ss.
COUNTY OF ORANGE          )

    I am employed in the County of Orange, State of California. I am over the age
of 18 years and not a party to the within action.  My business address is 380
Clinton Avenue #C, Costa Mesa, California 92626.

    On February 15, 2002 I served the following document(s): **ANSWER BY DEFENDANT
BRUCE JENNINGS ERRONEOUSLY SUED AS A TRUSTEE OF KIMBERLY K. JENNINGS NEVADA TRUST**
by placing a true copy in a seal envelope and each envelope was addressed as
follows:

**SEE ATTACHED SERVICE LIST**

____    (By Facsimile [fax] Machine) by personally transmitting a true copy thereof via an
        electronic facsimile machine between the hours of 9:00 a.m. and 5:00 p.m.

_X_     (By Mail) I am readily familiar with this office's business practice for
        collection and processing of correspondence for mailing with the United
        States Postal Service.  This document, which is in an envelope addressed as
        stated above, will be sealed with postage fully prepaid and will be deposited
        with the United States Postal Service this date in the ordinary course of
        business.

____    (Via Federal Express) I am readily familiar with this office's business
        practice for collection and processing for mailing with Federal Express.
        This document was placed in the required Federal Express envelope and the
        required address form was completed and attached to the Federal Express
        envelope.  The Letter/Pak/Box was then delivered in the usual fashion to the
        Federal Express drop box.

_X_     (State)  I declare under penalty of perjury under the laws of the State of
        California that the foregoing is true and correct.

        Executed on  2/15/02_____, at Costa Mesa, California.

                                        _Claudia G Mellado_
                                        Claudia G. Mellado

**MAXFIELD V. BRYCO ARMS, ET AL.  SERVICE LIST**
Updated: February 15, 2002

Richard R. Ruggieri, Esq.                     Counsel for Plaintiff
1000 Fourth Street,                            Maxfield
Courthouse Square, Suite 785
San Rafael, CA 94901
415/457-9399


Joseph Hoffman, Esq.                          Counsel for Defendant
Weinberg, Hoffman & Casey                      Larry William Moreford, II
900 Larkspur Landing Circle
Suite 155
Larkspur, CA 94939
415/461-9661 ex.102
415/461-9681


Jay Twigg, Esq.                               Counsel for Defendant
Attorney at Law                                Willits Pawn
520-A South State Street
Ukiah, CA 95482-4911
707/467-9068

Peter Dixon, Esq.                             Counsel for Defendant
Lewis, D'Amato, Brisbois & Bisgaard            Nationwide Sports Distributors, Inc. NSD
One Sansome Street, Suite 1400                 West, Inc. and Leslie Edelman
San Francisco, CA 94104
415/362-2580
415/434-0882


Craig A. Livingston, Esq.                     Counsel for Defendant
Schnader, Harrison, Segal & Lewis, LLP         Anna Leah Jennings
601 California Street, Suite 1200
San Francisco, California 94108-2817
415/364-6785

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 5 2002

CLERK OF THE SUPERIOR COURT
By Dorothy Duckett, Deputy

1  MICHAEL C. HEWITT (SBN- 148678)
   BRUINSMA & HEWITT
2  FIREARMS LITIGATION ONLY:
   380 Clinton St., Unit C
3  Costa Mesa, CA 92626
   (714) 755-0194
4  (714) 755-0195 (fax)
   Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
5  Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
   D. Jennings Nevada Trust; Janice Jennings as a trustee of the
6  Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
   the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
7  the Rhonda D. Jennings California Trust; Janice Jennings as a
   of the Kimberly K. Jennings California Trust; Janice Jennings as a
8  trustee of the Bradley Jennings California Trust; and RKB
   Investments; Bruce Jennings erroneously sued as a trustee of the
9  Rhonda D. Jennings Nevada Trust; Bruce Jennings erroneously sued as a
   trustee of the Kimberly K. Jennings Nevada Trust Bruce Jennings
10 erroneously sued as a trustee of the Bradley Jennings Nevada Trust;
   Bruce Jennings as a trustee of the Rhonda D. Jennings California
11 Trust; Bruce Jennings as a trustee of the Kimberly K. Jennings
   California Trust; Bruce Jennings as a trustee of the Bradley Jennings
12 California Trust;

                 IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                    IN AND FOR THE COUNTY OF ALAMEDA

14                            OAKLAND DIVISION

15 BRANDON JAMES MAXFIELD, a          )  CASE NO.: 841636-4
16 minor, by and through his          )
   guardian ad litem, SUSAN           )  ANSWER BY DEFENDANT BRUCE
17 STANSBERRY                          )  JENNINGS ERRONEOUSLY SUED AS A
                  Plaintiff,          )  TRUSTEE OF THE RHONDA JENNINGS
18                                     )  NEVADA TRUST TO PLAINTIFF'S
19      vs.                            )  UNVERIFIED COMPLAINT
                                       )
20 BRYCO ARMS; B. L. JENNINGS,         )
   Inc., WILLITS PAWN, LARRY           )
21 WILLIAM MOREFORD, II, and DOES      )
   1 Through 100, inclusive,           )
22                  Defendants.        )
                                       )
23 NATIONWIDE SPORTS DISTRIBUTORS,     )
   INC.and NSC WEST Inc.              )
24            Cross-Complainants       )
                                       )
25      vs.                            )
                                       )
26 BRYCO ARMS, B. L. JENNINGS,         )
   Inc., BRUCE JENNINGS and MOES 1     )
27 Through 100,                        )
   inclusive,                          )
28            Cross-Defendants.        )
                                       )

                                       1

MICHAEL C. HEWITT (SBN- 148678)
BRUINSMA & HEWITT
FIREARMS LITIGATION ONLY:
380 Clinton St., Unit C
Costa Mesa, CA 92626
(714) 755-0194
(714) 755-0195 (fax)
Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
D. Jennings Nevada Trust; Janice Jennings as a trustee of the
Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
of the Kimberly K. Jennings California Trust; Janice Jennings as a
trustee of the Bradley Jennings Nevada Trust; and RKB Investments;
Bruce Jennings erroneously sued as a trustee of the Rhonda D.
Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
sued  as a trustee of the Bradley Jennings Nevada Trust; Bruce
Jennings as a trustee of the Rhonda D. Jennings California Trust;
Bruce Jennings as a trustee of the Kimberly K. Jennings California
Trust; Bruce Jennings as a trustee of the Bradley Jennings A.
California Trust

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF ALAMEDA**

**OAKLAND DIVISION**

| | |
|---|---|
| BRANDON JAMES MAXFIELD, a minor, by and through his guardian ad litem, SUSAN STANSBERRY<br>                Plaintiff,<br><br>    vs.<br><br>BRYCO ARMS; B. L. JENNINGS, Inc., WILLITS PAWN, LARRY WILLIAM MOREFORD, II, and DOES 1 Through 100, inclusive,<br>                Defendants. | **CASE NO.: 841636-4**<br><br>**ANSWER BY DEFENDANT BRUCE JENNINGS ERRONEOUSLY SUED AS A TRUSTEE OF THE KIMBERLY JENNINGS NEVADA TRUST TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| NATIONWIDE SPORTS DISTRIBUTORS, INC.and NSC WEST Inc.<br>                Cross-Complainants<br>    vs.<br><br>BRYCO ARMS, B. L. JENNINGS, Inc., BRUCE JENNINGS and MOES 1 Through 100, Inclusive,<br>                Cross-Defendants. | |

1  BRYCO ARMS, B. L. JENNINGS,
2  INC., BRUCE JENNINGS, JANICE
   JENNINGS, JANICE JENNINGS AS A
3  TRUSTEE OF THE RHONDA D.
   JENNINGS NEVADA TRUST, JANICE
4  JENNINGS AS A TRUSTEE OF THE
   KIMBERLY K. JENNINGS NEVADA
5  TRUST, JANICE JENNINGS AS A
6  TRUSTEE OF THE BRADLEY JENNINGS
   NEVADA TRUST, JANICE JENNINGS
7  AS A TRUSTEE OF THE RHONDA D.
   JENNINGS CALIFORNIA TRUST,
8  JANICE JENNINGS AS A TRUSTEE OF
9  THE KIMBERLY K. JENNINGS
   CALIFORNIA TRUST, JANICE
10 JENNINGS AS A TRUSTEE OF THE
   BRADLEY JENNINGS CALIFORNIA
11 TRUST, AND RKB INVESTMENTS
12              Cross-Complainants

13  Vs.

14 SUSAN STANSBERRY, LARRY WILLIAM
15 MOREFORD, II, NATIONWIDE SPORTS
   DISTRIBUTORS, Inc. AND NSD
16 WEST, Inc.
                Cross-Defendants
17
18
19
      Defendant, Bruce Jennings erroneously sued as a trustee of the
20
   Kimberly K. Jennings Nevada Trust, answering the complaint of
21
   plaintiff Brandon James Maxfield, a minor, by and through his
22
   Guardian ad Litem, Susan Stansberry, denies generally and
23
   specifically, each and every, all and singular, the allegations of
24
   said complaint, and each cause of action thereof, and further denies
25
   that plaintiff Brandon James Maxfield, a minor, has been damaged in
26
   any sum or sums or at all.  Bruce Jennings denies that he is or was a
27
   trustee of the Kimberly K. Jennings Nevada Trust.
28

WHEREFORE, this answering defendant prays for judgment as
hereinafter set forth.


### AFFIRMATIVE DEFENSES

As a first affirmative defense to each cause of action of the
complaint, plaintiff's action is barred under the doctrine of primary
assumption of risk because plaintiff voluntarily participated in the
activities alleged in the complaint and knew of and appreciated the
specific risk which resulted in plaintiff's injury, thereby relieving
defendant of any legal duty to protect plaintiff from that risk.

As a second affirmative defense to each cause of action of the
complaint, plaintiff voluntarily encountered the danger, known to
him, which is alleged as a basis for the complaint, knew of and
appreciated the risks involved, and assumed the risk of said
injuries, legally causing or contributing to the damages alleged, and
therefore plaintiff's recovery should be reduced by plaintiff's
proportional share of the negligence or fault.

As a third affirmative defense to each cause of action of the
complaint, plaintiff was partially, if not wholly, negligent or
otherwise at fault on his own part and should be barred from
recovery of that portion of the damages directly attributable to his
proportionate share of the negligence or fault, pursuant to the
doctrine of comparative negligence.

As a fourth affirmative defense to each cause of action of the
complaint, plaintiff, his agents, employees, servants and
representatives were partially, if not wholly, negligent or otherwise
at fault on their own part pursuant to the doctrine of comparative
negligence, and should be barred from recovery of that portion of the

1  damages directly attributable to their proportionate share of the

2  negligence or fault.

3      As a fifth affirmative defense to each cause of action of the

4  complaint, the damages sustained by plaintiff, if any, were caused,

5  in whole or in part, by the negligence or fault of others for which

6  this defendant is not liable or responsible.

7      As a sixth affirmative defense to each cause of action of the

8  complaint, the complaint does not state facts sufficient to

9  constitute a cause of action against this defendant.

10     As a seventh affirmative defense to each cause of action of the

11 complaint, the provisions of Civil Code section 1714.4 are applicable

12 to this action, such that in a products liability action, no firearm

13 or ammunition shall be deemed defective in design on the basis that

14 the benefits of the product do not outweigh the risk of injury posed

15 by its potential to cause serious injury, damage or death when

16 discharged. The potential of a firearm or ammunition to cause serious

17 injury, damage, or death when discharged does not make the product

18 defective in design. Furthermore, injuries or damages resulting from

19 the discharge of a firearm or ammunition are not proximately caused

20 by its potential to cause serious injury, damage, or death, but are

21 proximately caused by the actual discharge of the product. As a

22 result, the complaint does not state facts sufficient to constitute a

23 cause of action against this answering defendant.

24     As an eighth affirmative defense to each cause of action of

25 the complaint, if plaintiff sustained injuries attributable to the

26 use of any product allegedly manufactured and/or distributed by this

27 defendant, which allegations are expressly denied, the injuries were

28 caused in whole or in part by the unreasonable, unforeseeable and

1  inappropriate purpose and/or improper use which was made of the
2  product.

3          As a ninth affirmative defense to each cause of action of
4  the complaint, the damages complained of in the complaint were caused
5  in whole or in part by the misuse and abuse of the product.

6          As a tenth affirmative defense to each cause of action of
7  the complaint, the injuries and damages sustained by plaintiff, if
8  any, were solely and legally caused by the modification, alteration
9  or change of the product referred to in the complaint and said
10 modification, alteration or change was performed by persons or
11 entities other than this answering defendant and without this
12 defendant's knowledge or consent.

13         As an eleventh affirmative defense to each cause of action of
14 the complaint, plaintiff failed to mitigate his damages.

15         As a twelfth affirmative defense to each cause of action of
16 the complaint, there is a defect or misjoinder of parties pursuant to
17 Code of Civil Procedure section 430.10(d). Specifically, plaintiff
18 failed to join all parties necessary for final determination of this
19 action.

20         As a thirteenth affirmative defense to each cause of action
21 of the complaint, the provisions of the "Fair responsibility Act of
22 1986" (commonly known as Proposition 51, Civil Code sections 1430,
23 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432) are applicable
24 to this action to the extent that plaintiff's injuries and damages,
25 if any, were legally caused or contributed to by the negligence or
26 fault of persons or entities other than this answering defendant.
27
28

As a fourteenth affirmative defense to each cause of action of the complaint, defendant presently has insufficient knowledge or information on which to form a belief as to whether it/he/she may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, this answering defendant prays for judgment as follows:

1.    That plaintiff Brandon James Maxfield, a minor, by and through his Guardian ad Litem, Susan Stansberry take nothing by reason of the complaint on file herein;

2.    For costs of suit incurred herein; and

3.    For such other and further relief as the court deems just and proper.

Dated: February 15, 2002                   **BRUINSMA & HEWITT**

By: _____
MICHAEL C. HEWITT, ESQ.
Attorneys for Defendant,
BRYCO ARMS, B. L. JENNINGS,
INC. BRUCE JENNINGS, JANICE
JENNINGS. JANICE JENNINGS AS
TRUSTEE OF THE RHONDA D. JENNINGS
NEVADA TRUST, JANICE JENNINGS AS
TRUSTEE OF THE KIMBERLY K.
JENNINGS NEVADA TRUST, JANICE
JENNINGS AS TRUSTEE OF THE BRADLEY
JENNINGS NEVADA TRUST, JANICE

JENNINGS AS TRUSTEE OF THE RHONDA
D. JENNINGS CALIFORNIA TRUST,
JANICE JENNINGS AS TRUSTEE OF THE
KIMBERLY JENNINGS NEVADA TRUST,
JANICE JENNINGS AS TRUSTEE OF THE
BRADLEY JENNINGS CALIFORNIA TRUST
AND RKB INVESTMENTS; BRUCE
JENNINGS ERRONEOUSLY SUED AS A
TRUSTEE OF THE RHONDA D. JENNINGS
NEVADA TRUST; BRUCE JENNINGS
ERRONEOUSLY SUED AS A TRUSTEE OF
THE KIMBERLY K. JENNINGS NEVADA
TRUST; BRUCE JENNINGS ERRONEOUSLY
SUED AS A TRUSTEE OF THE BRADLEY
JENNINGS NEVADA TRUST; BRUCE
JENNINGS AS A TRUSTEE OF THE
RHONDA D. JENNINGS CALIFORNIA
TRUST; BRUCE JENNINGS AS A TRUSTEE
OF THE KIMBERLY K. JENNINGS
CALIFORNIA TRUST; BRUCE JENNINGS
AS A TRUSTEE OF THE BRADLEY
JENNINGS CALIFORNIA TRUST

ENDORSED
FILED
ALAMEDA COUNTY

FEB 2 0 2002

CLERK OF THE SUPERIOR COURT
By Dorothy Duckett, Deputy

1  MICHAEL C. HEWITT (SBN: 149675)
2  BRUINSMA & HEWITT
   FIREARMS LITIGATION ONLY:
   380 Clinton St., Unit C
3  Costa Mesa, CA 92626
   (714) 755-0194
4  (714) 755-0195 (fax)
5  Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
   Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
6  D. Jennings Nevada Trust; Janice Jennings as a trustee of the
   Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
7  the Bradley Jennings Nevada Trust; Janice Jennings as a trustee
   of the Rhonda D. Jennings California Trust; Janice Jennings as a
8  trustee of the Kimberly K. Jennings California Trust; Janice Jennings as a
   trustee of the Bradley Jennings Nevada Trust; and RKB Investments.
9  Bruce  Jennings erroneously sued as a trustee of the Rhonda D.
   Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
10 of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
   sued as a trustee of the Bradley Jennings Nevada Trust; Bruce
11 Jennings as a trustee of the Rhonda D. Jennings California Trust;
   Bruce Jennings as a trustee of the Kimberly K. Jennings California
12 Trust Bruce Jennings as a trustee of the Bradley Jennings California
   Trust

13            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
14               IN AND FOR THE COUNTY OF ALAMEDA
15                       OAKLAND DIVISION
16
17
18 BRANDON JAMES MAXFIELD, A MINOR,    ) Case No.: No. 84 636-4
   BY AND THROUGH HIS GUARDIAN AD      )
19 LITEM, SUSAN STANBERRY,             ) PROOF OF SERVICE OF ANSWER BY
            Plaintiff,                 ) DEFENDANT BRUCE JENNINGS
20                                     ) ERRONEOUSLY SUED AS A TRUSTEE OF
   vs.                                 ) THE RHONDA D. JENNINGS NEVADA
21                                     ) TRUST TO PLAINTIFF'S UNVERIFIED
   BRYCO ARMS, B. L. JENNINGS, INC.,   ) COMPLAINT
22 WILLITS PAWN, LARRY WILLIAM         )
   MOREFORD, II, AND DOES 1 THROUGH    )
23 100, INCLUSIVE,                     )
            Defendants.                )
24                                     )
25 AND RELATED CROSS-ACTIONS           )
                                       )
26                                     )
27 //
28 //

**BY FAX**

Filed By
Fax & File

1   MICHAEL C. HEWITT (SBN- 130797)
    BRUINSMA & HEWITT
2   FIREARMS LITIGATION ONLY:
    380 Clinton St., Unit C
3   Costa Mesa, CA 92626
    (714) 755-0194
4   (714) 755-0195 (fax)
    Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
5   Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
    D. Jennings Nevada Trust; Janice Jennings as a trustee of the
6   Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
    the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
7   the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
    of the Kimberly K. Jennings California Trust; Janice Jennings as a
8   trustee of the Bradley Jennings Nevada Trust; and RKB Investments;
    Bruce  Jennings erroneously sued as a trustee of the Rhonda D.
9   Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
    of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
10   sued as a trustee of the Bradley Jennings Nevada Trust; Bruce
    Jennings as a trustee of the Rhonda D. Jennings California Trust;
11   Bruce Jennings as a trustee of the Kimberly K. Jennings California
    Trust Bruce Jennings as a trustee of the Bradley Jennings California
12   Trust

13

14            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

15               IN AND FOR THE COUNTY OF ALAMEDA

16                   OAKLAND DIVISION

17

18   BRANDON JAMES MAXFIELD, A, MINOR, ) Case No.: No. 841636-4
    BY AND THROUGH HIS GUARDIAN AD    )
19   LITEM, SUSAN STANBERRY,        ) PROOF OF SERVICE OF ANSWER BY
             Plaintiff,      ) DEFENDANT BRUCE JENNINGS
20                      ) ERRONEOUSLY SUED AS A TRUSTEE OF
    vs.                     ) THE RHONDA D. JENNINGS NEVADA
21                      ) TRUST TO PLAINTIFF'S UNVERIFIED
    BRYCO ARMS, B. L. JENNINGS, INC., ) COMPLAINT
22   WILLITS PAWN, LARRY WILLIAM    )
    MOREFORD, II, AND DOES 1 THROUGH  )
23   100, INCLUSIVE,             )
             Defendants.     )
24                      )
25   AND RELATED CROSS-ACTIONS     )
                     )
26                      )

27

28   //

    //

1   RE:   MAXFIELD V. BRYCO ARMS, ET AL

2                              PROOF OF SERVICE
3                       (Pursuant to CCP §§ 1013 a(1) and 2015.5)

4

5   STATE OF CALIFORNIA      )
                             )      ss.
    COUNTY OF ORANGE         )
6

7        I am employed in the County of Orange, State of California. I am over the age
    of 18 years and not a party to the within action.  My business address is 380
    Clinton Avenue #C, Costa Mesa, California 92626.
8

9        On February 15, 2002 I served the following document(s): **ANSWER BY DEFENDANT
    BRUCE JENNINGS ERRONEOUSLY SUED AS A TRUSTEE OF RHONDA D. JENNINGS NEVADA TRUST** by
10  placing a true copy in a seal envelope and each envelope was addressed as follows:

11                   **SEE ATTACHED SERVICE LIST**

12
        ___  (By Facsimile [fax] Machine) by personally transmitting a true copy thereof via an
13           electronic facsimile machine between the hours of 9:00 a.m. and 5:00 p.m.

14       X   (By Mail) I am readily familiar with this office's business practice for
             collection and processing of correspondence for mailing with the United
15           States Postal Service.  This document, which is in an envelope addressed as
             stated above, will be sealed with postage fully prepaid and will be deposited
16           with the United States Postal Service this date in the ordinary course of
             business.
17
        ___  (Via Federal Express) I am readily familiar with this office's business
18           practice for collection and processing for mailing with Federal Express.
             This document was placed in the required Federal Express envelope and the
19           required address form was completed and attached to the Federal Express
             envelope.  The Letter/Pak/Box was then delivered in the usual fashion to the
20           Federal Express drop box.

21       X   (State)  I declare under penalty of perjury under the laws of the State of
             California that the foregoing is true and correct.
22

23      Executed on __2/15/02_____, at Costa Mesa, California.

24                                              _Claudia G Mellado_
25                                              Claudia G. Mellado

26

27

28

**MAXFIELD V. BRYCO ARMS, ET AL.  SERVICE LIST**
**Updated: February 15, 2002**

Richard R. Ruggieri, Esq.                       Counsel for Plaintiff
1000 Fourth Street,                             Maxfield
Courthouse Square, Suite 785
San Rafael, CA 94901
415/457-9399


Joseph Hoffman, Esq.                            Counsel for Defendant
Weinberg, Hoffman & Casey                       Larry William Moreford, II
900 Larkspur Landing Circle
Suite 155
Larkspur, CA 94939
415/461-9661 ex.102
415/461-9681


Jay Twigg, Esq.                                 Counsel for Defendant
Attorney at Law                                 Willits Pawn
520-A South State Street
Ukiah, CA 95482-4911
707/467-9068

Peter Dixon, Esq.                               Counsel for Defendant
Lewis, D'Amato, Brisbois & Bisgaard             Nationwide Sports Distributors, Inc. NSD
One Sansome Street, Suite 1400                  West, Inc. and Leslie Edelman
San Francisco, CA 94104
415/362-2580
415/434-0882


Craig A. Livingston, Esq.                       Counsel for Defendant
Schnader, Harrison, Segal & Lewis, LLP          Anna Leah Jennings
601 California Street, Suite 1200
San Francisco, California 94108-2817
415/364-6785