**ENDORSED**
**FILED**
ALAMEDA COUNTY

FEB 1 5 2002

CLERK OF THE SUPERIOR COURT
By Dorothy Duckett, Deputy

1  MICHAEL C. HEWITT (SBN- 148678)
   BRUINSMA & HEWITT
2  FIREARMS LITIGATION ONLY:
   380 Clinton St., Unit C
3  Costa Mesa, CA 92626
   (714) 755-0194
4  (714) 755-0195 (fax)
   Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
5  Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
   D. Jennings Nevada Trust; Janice Jennings as a trustee of the
6  Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
   the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
7  the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
   of the Kimberly K. Jennings California Trust; Janice Jennings as a
8  trustee of the Bradley Jennings Nevada Trust; and RKB Investments;
   Bruce  Jennings erroneously sued as a trustee of the Rhonda D.
9  Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
   of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
10 sued as a trustee of the Bradley Jennings Nevada Trust; Bruce
   Jennings as a trustee of the Rhonda D. Jennings California Trust;
11 Bruce Jennings as a trustee of the Kimberly K. Jennings California
   Trust Bruce Jennings as a trustee of the Bradley Jennings California
12 Trust

13        **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14              **IN AND FOR THE COUNTY OF ALAMEDA**

15                    **OAKLAND DIVISION**

16  BRANDON JAMES MAXFIELD, a          )  **CASE NO.: 841636-4**
    minor, by and through his         )
17  guardian ad litem, SUSAN          )  **ANSWER BY DEFENDANT BRUCE**
    STANSBERRY                        )  **JENNINGS AS A TRUSTEE OF THE**
18            Plaintiff,              )  **KIMBERLY K. JENNINGS CALIFORNIA**
                                      )  **TRUST TO PLAINTIFF'S UNVERIFIED**
19      vs.                           )  **COMPLAINT**
                                      )
20  BRYCO ARMS; B. L. JENNINGS,       )
    Inc., WILLITS PAWN, LARRY         )
21  WILLIAM MOREFORD, II, and DOES    )
    1 Through 100, inclusive,         )
22            Defendants.             )
                                      )
23  NATIONWIDE SPORTS DISTRIBUTORS,   )
    INC.and NSC WEST Inc.             )
24            Cross-Complainants      )
                                      )
25      vs.                           )
                                      )
26  BRYCO ARMS, B. L. JENNINGS,       )
    Inc., BRUCE JENNINGS and MOES 1   )
27  Through 100,                      )
    inclusive,                        )
28            Cross-Defendants.       )

1  MICHAEL T. HEWITT (SBN- 14-6761)
   BRUINSMA & HEWITT
2  FIREARMS LITIGATION ONLY:
   380 Clinton St., Unit C
3  Costa Mesa, CA 92626
   (714) 755-0194
4  (714) 755-0195 (fax)
   Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
5  Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
   D. Jennings Nevada Trust; Janice Jennings as a trustee of the
6  Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
   the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
7  the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
   of the Kimberly K. Jennings California Trust; Janice Jennings as a
8  trustee of the Bradley Jennings Nevada Trust; and RKB Investments;
   Bruce  Jennings erroneously sued as a trustee of the Rhonda D.
9  Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
   of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
10 sued as a trustee of the Bradley Jennings Nevada Trust; Bruce
   Jennings as a trustee of the Rhonda D. Jennings California Trust;
11 Bruce Jennings as a trustee of the Kimberly K. Jennings California
   Trust Bruce Jennings as a trustee of the Bradley Jennings California
12 Trust

### IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

13          ### IN AND FOR THE COUNTY OF ALAMEDA

14                  ### OAKLAND DIVISION

15 BRANDON JAMES MAXFIELD, a          ) **CASE NO.:** 841636-4
                                      )
16 minor, by and through his          )
   guardian ad litem, SUSAN           ) **ANSWER BY DEFENDANT BRUCE**
17 STANSBERRY                         ) **JENNINGS AS A TRUSTEE OF THE**
                                      ) **KIMBERLY K. JENNINGS CALIFORNIA**
18          Plaintiff,                ) **TRUST TO PLAINTIFF'S UNVERIFIED**
                                      ) **COMPLAINT**
19    vs.                             )
                                      )
20 BRYCO ARMS; B. L. JENNINGS,        )
   Inc., WILLITS PAWN, LARRY          )
21 WILLIAM MOREFORD, II, and DOES     )
   1 Through 100, inclusive,          )
22          Defendants.               )
                                      )
23 NATIONWIDE SPORTS DISTRIBUTORS,    )
   INC.and NSC WEST Inc.              )
24          Cross-Complainants        )
                                      )
25    vs.                             )
                                      )
26 BRYCO ARMS, B. L. JENNINGS,        )
   Inc., BRUCE JENNINGS and MOES 1    )
27 Through 100,                       )
                                      )
28 Inclusive,                         )
            Cross-Defendants.         )

1   BRYCO ARMS, B. L. JENNINGS,
    INC., BRUCE JENNINGS, JANICE
2   JENNINGS, JANICE JENNINGS AS A
    TRUSTEE OF THE RHONDA D.
3   JENNINGS NEVADA TRUST, JANICE
4   JENNINGS AS A TRUSTEE OF THE
    KIMBERLY K. JENNINGS NEVADA
5   TRUST, JANICE JENNINGS AS A
6   TRUSTEE OF THE BRADLEY JENNINGS
    NEVADA TRUST, JANICE JENNINGS
7   AS A TRUSTEE OF THE RHONDA D.
    JENNINGS CALIFORNIA TRUST,
8   JANICE JENNINGS AS A TRUSTEE OF
9   THE KIMBERLY K. JENNINGS
    CALIFORNIA TRUST, JANICE
10  JENNINGS AS A TRUSTEE OF THE
    BRADLEY JENNINGS CALIFORNIA
11  TRUST, AND RKB INVESTMENTS
12                    Cross-Complainants

13    Vs.

14  SUSAN STANSBERRY, LARRY WILLIAM
15  MOREFORD, II, NATIONWIDE SPORTS
    DISTRIBUTORS, Inc. AND NSD
16  WEST, Inc.
                    Cross-Defendants
17
18

19
20      Defendant, Bruce Jennings as a trustee of the Kimberly K.
21  Jennings California Trust, answering the complaint of plaintiff
22  Brandon James Maxfield, a minor, by and through his Guardian ad
23  Litem, Susan Stansberry, denies generally and specifically, each and
24  every, all and singular, the allegations of said complaint, and each
25  cause of action thereof, and further denies that plaintiff Brandon
26  James Maxfield, a minor, has been damaged in any sum or sums or at
27  all.

28
        WHEREFORE, this answering defendant prays for judgment as

ANSWER BY DEFENDANT BRUCE JENNINGS AS A TRUSTEE OF THE KIMBERLY K. JENNINGS
                        CALIFORNIA TRUST

hereinafter set forth.

## AFFIRMATIVE DEFENSES

As a first affirmative defense to each cause of action of the complaint, plaintiff's action is barred under the doctrine of primary assumption of risk because plaintiff voluntarily participated in the activities alleged in the complaint and knew of and appreciated the specific risk which resulted in plaintiff's injury, thereby relieving defendant of any legal duty to protect plaintiff from that risk.

As a second affirmative defense to each cause of action of the complaint, plaintiff voluntarily encountered the danger, known to him, which is alleged as a basis for the complaint, knew of and appreciated the risks involved, and assumed the risk of said injuries, legally causing or contributing to the damages alleged, and therefore plaintiff's recovery should be reduced by plaintiff's proportional share of the negligence or fault.

As a third affirmative defense to each cause of action of the complaint, plaintiff was partially, if not wholly, negligent or otherwise at fault on his own part and should be barred from recovery of that portion of the damages directly attributable to his proportionate share of the negligence or fault, pursuant to the doctrine of comparative negligence.

As a fourth affirmative defense to each cause of action of the complaint, plaintiff, his agents, employees, servants and representatives were partially, if not wholly, negligent or otherwise at fault on their own part pursuant to the doctrine of comparative negligence, and should be barred from recovery of that portion of the damages directly attributable to their proportionate share of the

1  negligence or fault.

2      As a fifth affirmative defense to each cause of action of the
3  complaint, the damages sustained by plaintiff, if any, were caused,
4  in whole or in part, by the negligence or fault of others for which
5  this defendant is not liable or responsible.

6      As a sixth affirmative defense to each cause of action of the
7  complaint, the complaint does not state facts sufficient to
8  constitute a cause of action against this defendant.

9      As a seventh affirmative defense to each cause of action of the
10  complaint, the provisions of Civil Code section 1714.4 are applicable
11  to this action, such that in a products liability action, no firearm
12  or ammunition shall be deemed defective in design on the basis that
13  the benefits of the product do not outweigh the risk of injury posed
14  by its potential to cause serious injury, damage or death when
15  discharged. The potential of a firearm or ammunition to cause serious
16  injury, damage, or death when discharged does not make the product
17  defective in design. Furthermore, injuries or damages resulting from
18  the discharge of a firearm or ammunition are not proximately caused
19  by its potential to cause serious injury, damage, or death, but are
20  proximately caused by the actual discharge of the product. As a
21  result, the complaint does not state facts sufficient to constitute a
22  cause of action against this answering defendant.

23      As an eighth affirmative defense to each cause of action of
24  the complaint, if plaintiff sustained injuries attributable to the
25  use of any product allegedly manufactured and/or distributed by this
26  defendant, which allegations are expressly denied, the injuries were
27  caused in whole or in part by the unreasonable, unforeseeable and
28  inappropriate purpose and/or improper use which was made of the

4

1   product.

2        As a ninth affirmative defense to each cause of action of

3   the complaint, the damages complained of in the complaint were caused

4   in whole or in part by the misuse and abuse of the product.

5        As a tenth affirmative defense to each cause of action of

6   the complaint, the injuries and damages sustained by plaintiff, if

7   any, were solely and legally caused by the modification, alteration

8   or change of the product referred to in the complaint and said

9   modification, alteration or change was performed by persons or

10  entities other than this answering defendant and without this

11  defendant's knowledge or consent.

12       As an eleventh affirmative defense to each cause of action of

13  the complaint, plaintiff failed to mitigate his damages.

14       As a twelfth affirmative defense to each cause of action of

15  the complaint, there is a defect or misjoinder of parties pursuant to

16  Code of Civil Procedure section 430.10(d). Specifically, plaintiff

17  failed to join all parties necessary for final determination of this

18  action.

19       As a thirteenth affirmative defense to each cause of action

20  of the complaint, the provisions of the "Fair responsibility Act of

21  1986" (commonly known as Proposition 51, Civil Code sections 1430,

22  1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432) are applicable

23  to this action to the extent that plaintiff's injuries and damages,

24  if any, were legally caused or contributed to by the negligence or

25  fault of persons or entities other than this answering defendant.

26       As a fourteenth affirmative defense to each cause of

27  action of the complaint, defendant presently has insufficient

28  knowledge or information on which to form a belief as to whether

if he/she may have addit─── ──l, as ye─ ──stated, defenses available.
Defendant reserves herein the right to assert additional defenses in
the event discovery indicates that they would be appropriate.

WHEREFORE, this answering defendant prays for judgment as
follows:

1.    That plaintiff Brandon James Maxfield, a minor,
by and through his Guardian ad Litem, Susan  Stansberry take nothing
by reason of the complaint on file herein;

2.    For costs of suit incurred herein; and

3.    For such other and further relief as the court
deems just and proper.

Dated: February 15, 2002                    **BRUINSMA & HEWITT**

By: _____
MICHAEL C. HEWITT, ESQ.
Attorneys for Defendant,
BRYCO ARMS, B. L. JENNINGS,
INC. BRUCE JENNINGS, JANICE
JENNINGS. JANICE JENNINGS AS
TRUSTEE OF THE RHONDA D. JENNINGS
NEVADA TRUST, JANICE JENNINGS AS
TRUSTEE OF THE KIMBERLY K.
JENNINGS NEVADA TRUST, JANICE
JENNINGS AS TRUSTEE OF THE BRADLEY
JENNINGS NEVADA TRUST, JANICE
JENNINGS AS TRUSTEE OF THE RHONDA
D. JENNINGS CALIFORNIA TRUST,
JANICE JENNINGS AS TRUSTEE OF THE
KIMBERLY JENNINGS NEVADA TRUST,
JANICE JENNINGS AS TRUSTEE OF THE
BRADLEY JENNINGS CALIFORNIA TRUST
AND RKB INVESTMENTS; BRUCE
JENNINGS ERRONEOUSLY SUED AS A
TRUSTEE OF THE RHONDA D. JENNINGS
NEVADA TRUST; BRUCE JENNINGS
ERRONEOUSLY SUED AS A TRUSTEE OF

THE KIMBERLY K. JENNINGS NEVADA
TRUST; BRUCE JENNINGS ERRONEOUSLY
AS A TRUSTEE OF THE BRADLEY
JENNINGS NEVADA TRUST; BRUCE
JENNINGS AS A TRUSTEE OF THE
RHONDA D. JENNINGS CALIFORNIA
TRUST; BRUCE JENNINGS AS A TRUSTEE
OF THE KIMBERLY K. JENNINGS
CALIFORNIA TRUST; BRUCE JENNINGS
AS A TRUSTEE OF THE BRADLEY
JENNINGS CALIFORNIA TRUST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ENDORSED**
**FILED**
ALAMEDA COUNTY

FEB 2 0 2002

CLERK OF THE SUPERIOR COURT
By Dorothy Duckett, Deputy

MICHAEL C. HEWITT (SBN= 148638)
BRUINSMA & HEWITT
FIREARMS LITIGATION ONLY:
380 Clinton St., Unit C
Costa Mesa, CA 92626
(714) 755-0194
(714) 755-0195 (fax)
Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
D. Jennings Nevada Trust; Janice Jennings as a trustee of the
Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
of the Kimberly K. Jennings California Trust; Janice Jennings as a
trustee of the Bradley Jennings Nevada Trust; and RKB Investments;
Bruce Jennings erroneously sued as a trustee of the Rhonda D.
Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
sued as a trustee of the Bradley Jennings Nevada Trust; Bruce
Jennings as a trustee of the Rhonda D. Jennings California Trust;
Bruce Jennings as a trustee of the Kimberly K. Jennings California
Trust Bruce Jennings as a trustee of the Bradley Jennings California
Trust

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

OAKLAND DIVISION

| | |
|---|---|
| BRANDON JAMES MAXFIELD, A, MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, SUSAN STANBERRY,<br>Plaintiff,<br><br>vs.<br><br>BRYCO ARMS, B. L. JENNINGS, INC., WILLITS PAWN, LARRY WILLIAM MOREFORD, II, AND DOES 1 THROUGH 100, INCLUSIVE,<br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: No. 841636-4<br><br>PROOF OF SERVICE OF ANSWER BY DEFENDANT BRUCE JENNINGS AS A TRUSTEE OF THE KIMBERLY K. JENNINGS CALIFORNIA TRUST TO PLAINTIFF'S UNVERIFIED COMPLAINT |



//

//

Filed by
**Fax & File**

```
 1  MICHAEL C. HEWITT (SBN- 1486/9)
    BRUINSMA & HEWITT
 2  FIREARMS LITIGATION ONLY:
    380 Clinton St., Unit C
 3  Costa Mesa, CA 92626
    (714) 755-0194
 4  (714) 755-0195 (fax)
    Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
 5  Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
    D. Jennings Nevada Trust; Janice Jennings as a trustee of the
 6  Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
    the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
 7  the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
    of the Kimberly K. Jennings California Trust; Janice Jennings as a
 8  trustee of the Bradley Jennings Nevada Trust; and RKB Investments;
    Bruce  Jennings erroneously sued as a trustee of the Rhonda D.
 9  Jennings Nevada Trust; Bruce Jennings erroneously sued as a trustee
    of the Kimberly K. Jennings Nevada Trust; Bruce Jennings erroneously
10  sued as a trustee of the Bradley Jennings Nevada Trust; Bruce
    Jennings as a trustee of the Rhonda D. Jennings California Trust;
11  Bruce Jennings as a trustee of the Kimberly K. Jennings California
    Trust Bruce Jennings as a trustee of the Bradley Jennings California
12  Trust
```

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

OAKLAND DIVISION

| | |
|---|---|
| BRANDON JAMES MAXFIELD, A, MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, SUSAN STANBERRY,<br>Plaintiff,<br><br>vs.<br><br>BRYCO ARMS, B. L. JENNINGS, INC., WILLITS PAWN, LARRY WILLIAM MOREFORD, II, AND DOES 1 THROUGH 100, INCLUSIVE,<br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: No. 841636-4<br><br>PROOF OF SERVICE OF ANSWER BY DEFENDANT BRUCE JENNINGS AS A TRUSTEE OF THE KIMBERLY K. JENNINGS CALIFORNIA TRUST TO PLAINTIFF'S UNVERIFIED COMPLAINT |

//
//

RE:   MAXFIELD V. BRYCO ARMS, ET AL

**PROOF OF SERVICE**
(Pursuant to CCP §§ 1013 a(1) and 2015.5)

STATE OF CALIFORNIA      )
                         )    ss.
COUNTY OF ORANGE         )

    I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 380 Clinton Avenue #C, Costa Mesa, California 92626.

    On February 15, 2002 I served the following document(s): **ANSWER BY DEFENDANT BRUCE JENNINGS AS A TRUSTEE OF KIMBERLY K. JENNINGS CALIFORNIA TRUST** by placing a true copy in a seal envelope and each envelope was addressed as follows:

### SEE ATTACHED SERVICE LIST

    (By Facsimile [fax] Machine) by personally transmitting a true copy thereof via an electronic facsimile machine between the hours of 9:00 a.m. and 5:00 p.m.

  __X__  (By Mail) I am readily familiar with this office's business practice for collection and processing of correspondence for mailing with the United States Postal Service. This document, which is in an envelope addressed as stated above, will be sealed with postage fully prepaid and will be deposited with the United States Postal Service this date in the ordinary course of business.

    (Via Federal Express) I am readily familiar with this office's business practice for collection and processing for mailing with Federal Express. This document was placed in the required Federal Express envelope and the required address form was completed and attached to the Federal Express envelope. The Letter/Pak/Box was then delivered in the usual fashion to the Federal Express drop box.

  __X__  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on __2/15/02_____, at Costa Mesa, California.

_Claudia G. Mellado_
Claudia G. Mellado

1
2

## MAXFIELD V. BRYCO ARMS, ET AL.  SERVICE LIST
### Updated: February 15, 2002

3
4       Richard R. Ruggieri, Esq.                Counsel for Plaintiff
        1000 Fourth Street,                      Maxfield
5       Courthouse Square, Suite 785
        San Rafael, CA 94901
6       415/457-9399

7
8       Joseph Hoffman, Esq.                     Counsel for Defendant
        Weinberg, Hoffman & Casey               Larry William Moreford, II
9       900 Larkspur Landing Circle
        Suite 155
10      Larkspur, CA 94939
        415/461-9661 ex.102
11      415/461-9681

12

13      Jay Twigg, Esq.                          Counsel for Defendant
        Attorney at Law                          Willits Pawn
14      520-A South State Street
15      Ukiah, CA 95482-4911
        707/467-9068
16

17      Peter Dixon, Esq.                        Counsel for Defendant
        Lewis, D'Amato, Brisbois & Bisgaard      Nationwide Sports Distributors, Inc. NSD
18      One Sansome Street, Suite 1400           West, Inc. and Leslie Edelman
        San Francisco, CA 94104
19      415/362-2580
20      415/434-0882

21
22      Craig A. Livingston, Esq.                Counsel for Defendant
        Schnader, Harrison, Segal & Lewis, LLP   Anna Leah Jennings
23      601 California Street, Suite 1200
        San Francisco, California 94108-2817
24      415/364-6785

25

26

27

28

1 | MICHAEL C. HEWITT, Esq. Bar No. 148678
**BRUINSMA & HEWITT**
2 | 380 Clinton Avenue, Unit C
Costa Mesa, CA 92626
3 | (714)755-0194
(714)755-0195 Fax
4 |
5 | Attorneys for Defendant BRUCE JENNINGS
6 |
7 |
8 |
9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF ALAMEDA**
10 |
11 |
12 | BRANDON JAMES MAXFIELD, a
minor, by and through his
13 | guardian ad litem, SUSAN
STANSBERRY.
14 |                         Plaintiff,
15 |     v.
16 | BRYCO ARMS; B.L. JENNINGS,
INC.,; WILLITS PAWN; LARRY
17 | WILLIAM MOREFORED, II and DOES
1 through 100, Inclusive,
18 |
19 |                         Defendants.
20 |
21 |     **COMES NOW** Defendant BRUCE JENNINGS (hereinafter "DEFENDANT"),
22 | and in Answer to BRANDON JAMES MAXFIELD's Complaint, admits, denies
23 | and alleges as follows:
24 |     1.    Under the provisions of Section 431.30 of the California
25 | Code of Civil Procedure, this answering Defendant generally and
26 | specifically denies each and every allegation contained in said
27 | Complaint, and the whole thereof, and each and every alleged cause
28 | of action thereof, and further denies that the Plaintiff sustained

**CASE NO.:** 841636-4

**ANSWER OF BRUCE JENNINGS TO COMPLAINT OF PLAINTIFF BRANDON JAMES MAXFIELD**

1

1   damages in the sum alleged, or any at all, by reason of any act,

2   breach or omission on the part of this answering Defendant.

**FIRST AFFIRMATIVE DEFENSE**

4       2.    As a separate First Affirmative Defense, DEFENDANT

5   alleges that this Complaint, and each and every cause of action

6   contained herein, fails to state facts sufficient to constitute a

7   cause of action against this answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

9       3.    As a Second Affirmative Defense, DEFENDANT is informed

10  and believes, and upon such alleges that if DEFENDANT is found to

11  be negligent in any manner, its negligence was passive and

12  secondary, while the negligence of Plaintiff or others was active

13  and primary and thus bars recovery upon claims asserted in this

14  Complaint.

**THIRD AFFIRMATIVE DEFENSE**

16      4.    As a separate Third Affirmative Defense, DEFENDANT is

17  informed and believes and thereon alleges that at all times

18  mentioned herein, that any damage complained of by Plaintiff, if

19  any, was either wholly, or in part, directly and proximately caused

20  by the negligence and/or culpable conduct of Plaintiff and/or other

21  persons or entities other than this answering Defendant.  DEFENDANT

22  further alleges that the negligence or other culpable conduct is

23  imputed to Plaintiff by reason of its conduct and/or its

24  relationship with other persons or entities, which reduces or

25  eliminates the portion of negligence or other fault, if any,

26  chargeable to this answering Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

28      5.    As a separate Fourth Affirmative Defense, DEFENDANT, is

2

1 | informed and believes and thereupon alleges that in the event
2 | Plaintiff should establish any liability on the part of this
3 | answering Defendant, which liability is expressly denied, this
4 | answering Defendant may not be obligated to pay sums representing a
5 | portion or percentage of fault not its own, but that of Plaintiff,
6 | or other person or entities, including third persons who are not
7 | parties to this action.  DEFENDANT is entitled to an adjudication
8 | and determination of the respective proportions or percentages of
9 | fault, if any, on this answering Defendant's part and on the part
10 | of the Plaintiff or other persons or entities, including third
11 | persons not parties to this action, pursuant to Civil Code sections
12 | 1431, et seq.

### FIFTH AFFIRMATIVE DEFENSE

14 | 6.   As a separate Fifth Affirmative Defense, DEFENDANT is
15 | informed and believes and upon such alleges that at all times
16 | mentioned herein, Plaintiff, and each of its successors in interest
17 | and predecessors in interest failed to use reasonable care to
18 | reduce and minimize the damages, if any, and that such failure was
19 | the direct and proximate cause of any and all damages, if any, as
20 | alleged by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

22 | 7.   As a separate Sixth Affirmative Defense, DEFENDANT is
23 | informed and believes and upon such alleges that the Complaint and
24 | every cause of action contained therein is barred by the provisions
25 | of California Code of Civil Procedure Sections 337, 337.1, 337.15,
26 | 338, 339 and 343.

### SEVENTH AFFIRMATIVE DEFENSE

28 | 8.   As a separate Seventh Affirmative Defense, DEFENDANT is

3

1  informed and believes and upon such alleges that at all times

2  material herein, Plaintiff was aware of any inherent danger to

3  their person or property and assumed the risk of such danger by

4  failing to take reasonable and necessary precautions in the conduct

5  of its persons or property.  Plaintiff's assumption of such risks

6  bars any recovery herein, or diminishes Plaintiff's recovery, if

7  any, attributable to Plaintiff's assumption of risk.

8                    **EIGHTH AFFIRMATIVE DEFENSE**

9       9.   As a separate Eighth Affirmative Defense, DEFENDANT is

10 informed and believes and upon such alleges that Plaintiff, and/or

11 other persons and entities made changes, alterations and/or

12 modifications to the work performed by Defendant, which conduct

13 relieves Defendant from any liability for all damages, if any,

14 resulting therefrom.

15                    **NINTH AFFIRMATIVE DEFENSE**

16      10.  As a separate Ninth Affirmative Defense, DEFENDANT is

17 informed and believes and upon such alleges that if there are any

18 defects or inadequacies in the work performed by Defendant, which

19 Defendant expressly denies, Plaintiff and/or others failed to

20 timely notify Defendant of such conditions, and failed to give

21 Defendant timely opportunity to cure such conditions, or to

22 mitigate the damage resulting from such conditions.  This conduct

23 by Plaintiff and/or others  bars them from any relief sought from

24 Defendant.

25                    **TENTH AFFIRMATIVE DEFENSE**

26      11.  As a separate Tenth Affirmative Defense, DEFENDANT is

27 informed and believes and upon such alleges that Plaintiff has

28 engaged in conduct and activities by reason of which it is estopped

1 | to assert any claim or cause of action against this answering
2 | Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

4 |    12.  As a separate Eleventh Affirmative Defense, DEFENDANT is
5 | informed and believes and upon such alleges that Plaintiff has
6 | waive its right to the relief sought in the Complaint by virtue of
7 | its acts, conduct, representations and omissions.

### TWELFTH AFFIRMATIVE DEFENSE

9 |    13.  As a separate Twelfth Affirmative Defense, DEFENDANT is
10 | informed and believes and upon such alleges that if Plaintiff
11 | herein suffered or sustained any loss, injury, damage or detriment,
12 | the same was directly and proximately caused and contributed to by
13 | conduct, acts, omissions, activities, carelessness, recklessness
14 | and negligence of said Plaintiff and/or other person or entity,
15 | other than this answering Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

17 |    14.  As a separate Thirteenth Affirmative Defense, DEFENDANT
18 | is informed and believes and upon such alleges that Plaintiff's
19 | unreasonable delayed in the filing of its Complaint and in
20 | notifying this answering Defendant of the alleged defects in the
21 | product; alleged negligence; and the basis for the causes of action
22 | alleged against it, all of which has unduly and severely prejudiced
23 | this answering Defendant in the defense of the action, thereby
24 | barring of diminishing Plaintiff herein under the doctrines of
25 | estoppel, laches and waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

27 |    15.  As a separate Fourteenth Affirmative Defense, DEFENDANT
28 | is informed and believes and upon such alleges that by virtue of

5

1 | Plaintiff's unlawful, reckless, careless, negligent and/or other
2 | wrongful conduct, Plaintiff should be barred from recovering
3 | against this answering Defendant by virtue of the equitable
4 | Doctrine of Unclean Hands.

5 | ### FIFTEENTH AFFIRMATIVE DEFENSE

6 |     16.  As a separate Fifteenth Affirmative Defense, DEFENDANT is
7 | informed and believes and upon such alleges that Plaintiff knew or
8 | should have known of the defects and deficiencies alleged by
9 | Plaintiff and knowingly failed to disclose defects and/or
10 | deficiencies and thus Plaintiff should be barred and/or estopped
11 | from recovering against this answering Defendant by virtue of such
12 | unlawful, careless, fraudulent and/or otherwise wrongful conduct.

13 | ### SIXTEENTH AFFIRMATIVE DEFENSE

14 |     17.  As a separate Sixteenth affirmative defense, Defendant is
15 | informed and believes and upon such alleges that Plaintiff claims
16 | are barred by California Civil Code Section 1714.7.

17 |     WHEREFORE, this answering prays judgment against Plaintiff as
18 | follows:

19 |         1. ·  For costs of suit incurred herein;

20 |         2.    For Defendants attorney fees; and

21 |         3.    For such other further relief as the court may deem
22 |               just and proper.

24 | Dated: November 14, 2001        **BRUINSMA & HEWITT**

26 |                                 By: _____
27 |                                     MICHAEL C. HEWITT, ESQ.
                                        Attorneys for Defendant,
                                        BRUCE JENNINGS

6

ANSWER OF BRUCE JENNINGS TO COMPLAINT

1   RE:   **MAXFIELD v. BRYCO ARMS, ET. AL.**

2                          **PROOF OF SERVICE**
                  (Pursuant to CCP §§ 1013a(1) and 2015.5)

3

4   STATE OF CALIFORNIA        )
                              )   ss.
5   COUNTY OF ORANGE          )

6        I am employed in the County of Orange, State of California.   I am
    over the age of 18 and not a party to the within action; my business
7   address is 380 Clinton Avenue #C, Costa Mesa, California 92626

8        On November 15, 2001, I served the foregoing document described as
    **ANSWER OF BRUCE JENNINGS TO COMPLAINT OF PLAINTIFF BRANDON JAMES**
9   **MAXFIELD** by placing true copies of the above in sealed envelope addressed
    as follows:

10

                          **SEE ATTACHED SERVICE LIST**
11

12   _X_   BY MAIL AS FOLLOWS:  I declare that I am "readily familiar".with the
          firm's practice of collection and processing correspondence for
13        mailing.  It is deposited with the U.S. postal service on that same
          day in the ordinary course of business.  I am aware that on motion
14        of party served, service is presumed invalid if postal cancellation
          date or postage meter date is more than one day after date of deposit
15        for mailing in affidavit.

16   ___   (By Express Mail) I deposited such envelope in a box or other
          facility regularly maintained by Federal Express, or delivered to an
17        authorized courier or driver authorized by Federal Express to receive
          documents, in an envelope or package designated by Federal Express
18        with delivery fees paid or provided for, addressed to the person on
          whom it is to be served on November 15, 2001.

19

     ___   (By Facsimile) In addition to regular mail, I sent this document via
20        facsimile, number(s) as listed above.

21   _X_   (State) I declare under penalty of perjury under the laws of the
          State of California that the above is true and correct.

22

          Executed on November 15, 2001, at Laguna Hills, California.

23

24

25                                    FE CARROLL

26

27

28

1                    **MAXFIELD v. BRYCO ARMS, ET AL.**

2

3    Richard Ruggieri, Esq.       Attorney for Plaintiff MAXFIELD
     1000 Fourth Street
4    Courthouse Square, Suite 785
     San Rafael, CA 94901
5    415/457-9382

6

     Joseph Hoffman, Esq.          Attorney for Defendant
7    WEINBERG, HOFFMAN & CASEY     Larry William Morefored, II
     900 Larkspur Landing Circle
8    Suite 155
     Larkspur, CA 94939
9    415/461-9661 Ex. 102
     415/461-9681
10

     Jay Twigg, Esq.               Attorney for Defendant
11   Attorney at Law               Willits Pawn
     520-A South State Street
12   Ukiah, CA 95482-4911
     707/467-9068

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL T. HEWITT, esq. Bar No. 148678
BRUINSMA & HEWITT
380 Clinton Avenue, Unit C
Costa Mesa, CA 92626
(714)755-0194
(714)755-0195 Fax

Attorneys for Defendant B.L. JENNINGS, INC.

**ENDORSED**
**FILED**
ALAMEDA COUNTY

AUG 2 1 2001

CLERK OF THE SUPERIOR COURT
By R.C. Hughes,

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| BRANDON JAMES MAXFIELD, a minor, by and through his guardian ad litem, SUSAN STANSBERRY. | CASE NO.: 841636 4 |
| Plaintiff, | ANSWER OF B.L. JENNINGS, INC. TO COMPLAINT OF PLAINTIFF BRANDON JAMES MAXFIELD |
| v. | |
| BRYCO ARMS; B.L. JENNINGS, INC.,; WILLITS PAWN; LARRY WILLIAM MOREFORED, II and DOES 1 through 100, Inclusive, | |
| Defendants. | |

COMES NOW Defendant B.L. JENNINGS (hereinafter "DEFENDANT"), and in Answer to BRANDON JAMES MAXFIELD's Complaint, admits, denies and alleges as follows:

1.    Under the provisions of Section 431.30 of the California Code of Civil Procedure, this answering Defendant generally and specifically denies each and every allegation contained in said Complaint, and the whole thereof, and each and every alleged cause of action thereof, and further denies that the Plaintiff sustained damages in the sum alleged, or any at all, by reason of any act,

1

1  before a omission on the part of this answering Defendant.

## FIRST AFFIRMATIVE DEFENSE

3      2.    As a separate First Affirmative Defense, DEFENDANT

4  alleges that this Complaint, and each and every cause of action

5  contained herein, fails to state facts sufficient to constitute a

6  cause of action against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

8      3.    As a Second Affirmative Defense, DEFENDANT is informed

9  and believes, and upon such alleges that if DEFENDANT is found to

10  be negligent in any manner, its negligence was passive and

11  secondary, while the negligence of Plaintiff was active and primary

12  and thus bars recovery upon claims asserted in this Complaint.

## THIRD AFFIRMATIVE DEFENSE

14      4.    As a separate Third Affirmative Defense, DEFENDANT is

15  informed and believes and thereon alleges that at all times

16  mentioned herein, that any damage complained of by Plaintiff, if

17  any, was either wholly, or in part, directly and proximately caused

18  by the negligence and/or culpable conduct of Plaintiff and/or other

19  persons or entities other than this answering Defendant.  DEFENDANT

20  further alleges that the negligence or other culpable conduct is

21  imputed to Plaintiff by reason of its conduct and/or its

22  relationship with other persons or entities, which reduces or

23  eliminates the portion of negligence or other fault, if any,

24  chargeable to this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

26      5.    As a separate Fourth Affirmative Defense, DEFENDANT, is

27  informed and believes and thereupon alleges that in the event

28  Plaintiff should establish any liability on the part of this

1  a warning before that, which shall not be expressly denied, that
2  answering Defendant may not be obligated to pay sums representing a
3  portion or percentage of fault not its own, but that of Plaintiff,
4  or other person or entities, including third persons who are not
5  parties to this action.  DEFENDANT is entitled to an adjudication
6  and determination of the respective proportions or percentages of
7  fault, if any, on this answering Defendant's part and on the part
8  of the Plaintiff or other persons or entities, including third
9  persons not parties to this action, pursuant to Civil Code sections
10 1431, et seq.

11                    **FIFTH AFFIRMATIVE DEFENSE**

12      6.    As a separate Fifth Affirmative Defense, DEFENDANT is
13 informed and believes and upon such alleges that the damage alleged
14 in the Complaint herein, if any, was the result of no human
15 intervention but rather was solely caused by an "irresistible
16 superhuman cause" which no one could reasonably be expected to
17 anticipate and the effects from which could not be prevented by the
18 exercise of reasonable prudence, diligence and care.

19                    **SIXTH AFFIRMATIVE DEFENSE**

20      7.    As a separate Sixth Affirmative Defense, DEFENDANT is
21 informed and believes and upon such alleges that at all times
22 mentioned herein, Plaintiff, and each of its successors in interest
23 and predecessors in interest failed to use reasonable care to
24 reduce and minimize the damages, if any, and that such failure was
25 the direct and proximate cause of any and all damages, if any, as
26 alleged by Plaintiff.

27                    **SEVENTH AFFIRMATIVE DEFENSE**

28      8.    As a separate Seventh Affirmative Defense, DEFENDANT is

3

of such and believes and upon such alleges that the Complaint and

every cause of action contained therein is barred by the provisions

of California Code of Civil Procedure Sections 337, 337.1, 337.15,

338, 339 and 343.

### EIGHTH AFFIRMATIVE DEFENSE

9.   As a separate Eighth Affirmative Defense, DEFENDANT is informed and believes and upon such alleges that at all times material herein, Plaintiff was aware of any inherent danger to their person or property and assumed the risk of such danger by failing to take reasonable and necessary precautions in the conduct of its persons or property.  Plaintiff's assumption of such risks bars any recovery herein, or diminishes Plaintiff's recovery, if any, attributable to Plaintiff's assumption of risk.

### NINTH AFFIRMATIVE DEFENSE

10.  As a separate Ninth Affirmative Defense, DEFENDANT is informed and believes and upon such alleges that the injuries and damages alleged by Plaintiff herein, if any, were caused by acts of God, which could not have been reasonably anticipated by this answering Defendant.

### TENTH AFFIRMATIVE DEFENSE

11.  As a separate Tenth Affirmative Defense, DEFENDANT is informed and believes and upon such alleges that Plaintiff, and/or other persons and entities made changes, alterations and/or modifications to the work performed by Defendant, which conduct relieves Defendant from any liability for all damages, if any, resulting therefrom.

### ELEVENTH AFFIRMATIVE DEFENSE

12.  As a separate Eleventh Affirmative Defense, DEFENDANT is

4

1  informed and believes and upon such alleges that if there are any
2  defects or inadequacies in the work performed by Defendant, which
3  Defendant expressly denies, Plaintiff failed to timely notify
4  Defendant of such conditions, and failed to give Defendant timely
5  opportunity to cure such conditions, or to mitigate the damage
6  resulting from such conditions.  This conduct by Plaintiff  bars
7  them from any relief sought from Defendant.

8                    **TWELFTH AFFIRMATIVE DEFENSE**

9       13.  As a separate Twelfth Affirmative Defense, DEFENDANT is
10  informed and believes and upon such alleges that Plaintiff has
11  engaged in conduct and activities by reason of which it is estopped
12  to assert any claim or cause of action against this answering
13  Defendant.

14                  **THIRTEENTH AFFIRMATIVE DEFENSE**

15      14.  As a separate Thirteenth Affirmative Defense, DEFENDANT
16  is informed and believes and upon such alleges that Plaintiff has
17  waive its right to the relief sought in the Complaint by virtue of
18  its acts, conduct, representations and omissions.

19                  **FOURTEENTH AFFIRMATIVE DEFENSE**

20      15.  As a separate Fourteenth Affirmative Defense, DEFENDANT
21  is informed and believes and upon such alleges that if Plaintiff
22  herein suffered or sustained any loss, injury, damage or detriment,
23  the same was directly and proximately caused and contributed to by
24  conduct, acts, omissions, activities, carelessness, recklessness
25  and negligence of said Plaintiff and/or other person or entity,
26  other than this answering Defendant.

27                   **FIFTEENTH AFFIRMATIVE DEFENSE**

28      16.  As a separate Fifteenth Affirmative Defense, DEFENDANT is

1  informed and believes and upon this alleges that Plaintiff's

2  unreasonable delayed in the filing of its Complaint and in

3  notifying this answering Defendant of the alleged defects in the

4  product; alleged negligence; and the basis for the causes of action

5  alleged against it, all of which has unduly and severely prejudiced

6  this answering Defendant in the defense of the action, thereby

7  barring of diminishing Plaintiff herein under the doctrines of

8  estoppel, laches and waiver.

9  **SIXTEENTH AFFIRMATIVE DEFENSE**

10  17.  As a separate Sixteenth Affirmative Defense, DEFENDANT is

11  informed and believes and upon such alleges that by virtue of

12  Plaintiff's unlawful, reckless, careless, negligent and/or other

13  wrongful conduct, Plaintiff should be barred from recovering

14  against this answering Defendant by virtue of the equitable

15  Doctrine of Unclean Hands.

16  **SEVENTEENTH AFFIRMATIVE DEFENSE**

17  18.  As a separate Seventeenth Affirmative Defense, DEFENDANT

18  is informed and believes and upon such alleges that Plaintiff knew

19  or should have known of the defects and deficiencies alleged by

20  Plaintiff and knowingly failed to disclose defects and/or

21  deficiencies and thus Plaintiff should be barred and/or estopped

22  from recovering against this answering Defendant by virtue of such

23  unlawful, careless, fraudulent and/or otherwise wrongful conduct.

24  WHEREFORE, this answering prays judgment against Plaintiff as

25  follows:

26  1.  For costs of suit incurred herein; and

27  //

28  //

6

2.    For such other further relief as the court may deem

just and proper.

Dated: August 17, 2001          **BRUINSMA & HEWITT**

By:  _____
MICHAEL C. HEWITT, ESQ.
Attorneys for Defendant,
BRYCO ARMS

*S:\WPDOCS\HEWITT\BRYCO\Answer2Complaint-BLJ.wpd*

7

ANSWER OF B.L. JENNINGS, INC. TO COMPLAINT

MICHAEL T. HEWITT, Esq.  SBN # 139476
BRUINSMA & HEWITT
380 Clinton Avenue, Unit C
Costa Mesa, CA 92626
(714) 755-0194
(714) 755-0195 Fax

Attorneys for Defendant BRYCO ARMS

**ENDORSED
FILED**
ALAMEDA COUNTY

**AUG 2 1 2001**

CLERK OF THE SUPERIOR COURT
By R.C. Hughes,

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| BRANDON JAMES MAXFIELD, a minor, by and through his guardian ad litem, SUSAN STANSBERRY. | ) CASE NO.: 841636-4 ) ) ) |
| Plaintiff, | ) **ANSWER OF BRYCO ARMS TO** ) **COMPLAINT OF PLAINTIFF BRANDON** ) **JAMES MAXFIELD** |
| v. | ) ) |
| BRYCO ARMS; B.L. JENNINGS, INC.,; WILLITS PAWN; LARRY WILLIAM MOREFORED, II and DOES 1 through 100, Inclusive, | ) ) ) |
| Defendants. | |

**COMES NOW** Defendant BRYCO ARMS (hereinafter "DEFENDANT"), and in Answer to BRANDON JAMES MAXFIELD's Complaint, admits, denies and alleges as follows:

1.    Under the provisions of Section 431.30 of the California Code of Civil Procedure, this answering Defendant generally and specifically denies each and every allegation contained in said Complaint, and the whole thereof, and each and every alleged cause of action thereof, and further denies that the Plaintiff sustained

1

1  turn out in the end alleged, or any of it, by reason of any act,

2  breach or omission on the part of this answering Defendant.

### FIRST AFFIRMATIVE DEFENSE

4      2.   As a separate First Affirmative Defense, DEFENDANT

5  alleges that this Complaint, and each and every cause of action

6  contained herein, fails to state facts sufficient to constitute a

7  cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

9      3.   As a Second Affirmative Defense, DEFENDANT is informed

10  and believes, and upon such alleges that if DEFENDANT is found to

11  be negligent in any manner, its negligence was passive and

12  secondary, while the negligence of Plaintiff was active and primary

13  and thus bars recovery upon claims asserted in this Complaint.

### THIRD AFFIRMATIVE DEFENSE

15      4.   As a separate Third Affirmative Defense, DEFENDANT is

16  informed and believes and thereon alleges that at all times

17  mentioned herein, that any damage complained of by Plaintiff, if

18  any, was either wholly, or in part, directly and proximately caused

19  by the negligence and/or culpable conduct of Plaintiff and/or other

20  persons or entities other than this answering Defendant.   DEFENDANT

21  further alleges that the negligence or other culpable conduct is

22  imputed to Plaintiff by reason of its conduct and/or its

23  relationship with other persons or entities, which reduces or

24  eliminates the portion of negligence or other fault, if any,

25  chargeable to this answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

27      5.   As a separate Fourth Affirmative Defense, DEFENDANT, is

28  informed and believes and thereupon alleges that in the event

2

1     Plaintiff to establish any liability on the part of this

2  answering Defendant, which liability is expressly denied, this

3  answering Defendant may not be obligated to pay sums representing a

4  portion or percentage of fault not its own, but that of Plaintiff,

5  or other persons or entities, including third persons who are not

6  parties to this action.  DEFENDANT is entitled to an adjudication

7  and determination of the respective proportions or percentages of

8  fault, if any, on this answering Defendant's part and on the part

9  of the Plaintiff or other persons or entities, including third

10  persons not parties to this action, pursuant to Civil Code sections

11  1431, et seq.

12                    **FIFTH AFFIRMATIVE DEFENSE**

13       6.   As a separate Fifth Affirmative Defense, DEFENDANT is

14  informed and believes and upon such alleges that the damage alleged

15  in the Complaint herein, if any, was the result of no human

16  intervention but rather was solely caused by an "irresistible

17  superhuman cause" which no one could reasonably be expected to

18  anticipate and the effects from which could not be prevented by the

19  exercise of reasonable prudence, diligence and care.

20                    **SIXTH AFFIRMATIVE DEFENSE**

21       7.   As a separate Sixth Affirmative Defense, DEFENDANT is

22  informed and believes and upon such alleges that at all times

23  mentioned herein, Plaintiff, and each of its successors in interest

24  and predecessors in interest failed to use reasonable care to

25  reduce and minimize the damages, if any, and that such failure was

26  the direct and proximate cause of any and all damages, if any, as

27  alleged by Plaintiff.

28                 **SEVENTH AFFIRMATIVE DEFENSE**

8.   As a separate Seventh Affirmative Defense, DEFENDANT is informed and believes and upon such alleges that the Complaint and every cause of action contained therein is barred by the provisions of California Code of Civil Procedure Sections 337, 337.1, 337.15, 338, 339 and 343.

**EIGHTH AFFIRMATIVE DEFENSE**

9.   As a separate Eighth Affirmative Defense, DEFENDANT is informed and believes and upon such alleges that at all times material herein, Plaintiff was aware of any inherent danger to their person or property and assumed the risk of such danger by failing to take reasonable and necessary precautions in the conduct of its persons or property.  Plaintiff's assumption of such risks bars any recovery herein, or diminishes Plaintiff's recovery, if any, attributable to Plaintiff's assumption of risk.

**NINTH AFFIRMATIVE DEFENSE**

10.   As a separate Ninth Affirmative Defense, DEFENDANT is informed and believes and upon such alleges that the injuries and damages alleged by Plaintiff herein, if any, were caused by acts of God, which could not have been reasonably anticipated by this answering Defendant.

**TENTH AFFIRMATIVE DEFENSE**

11.   As a separate Tenth Affirmative Defense, DEFENDANT is informed and believes and upon such alleges that Plaintiff, and/or other persons and entities made changes, alterations and/or modifications to the work performed by Defendant, which conduct relieves Defendant from any liability for all damages, if any, resulting therefrom.

**ELEVENTH AFFIRMATIVE DEFENSE**

4

12. As a separate Eleventh Affirmative Defense, DEFENDANT is informed and believes and upon such alleges that if there are any defects or inadequacies in the work performed by Defendant, which Defendant expressly denies, Plaintiff failed to timely notify Defendant of such conditions, and failed to give Defendant timely opportunity to cure such conditions, or to mitigate the damage resulting from such conditions. This conduct by Plaintiff bars them from any relief sought from Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

13. As a separate Twelfth Affirmative Defense, DEFENDANT is informed and believes and upon such alleges that Plaintiff has engaged in conduct and activities by reason of which it is estopped to assert any claim or cause of action against this answering Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

14. As a separate Thirteenth Affirmative Defense, DEFENDANT is informed and believes and upon such alleges that Plaintiff has waive its right to the relief sought in the Complaint by virtue of its acts, conduct, representations and omissions.

### FOURTEENTH AFFIRMATIVE DEFENSE

15. As a separate Fourteenth Affirmative Defense, DEFENDANT is informed and believes and upon such alleges that if Plaintiff herein suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by conduct, acts, omissions, activities, carelessness, recklessness and negligence of said Plaintiff and/or other person or entity, other than this answering Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

16.   As a separate Fifteenth Affirmative Defense, DEFENDANT is informed and believes and upon such alleges that Plaintiff's unreasonable delayed in the filing of its Complaint and in notifying this answering Defendant of the alleged defects in the product; alleged negligence; and the basis for the causes of action alleged against it, all of which has unduly and severely prejudiced this answering Defendant in the defense of the action, thereby barring of diminishing Plaintiff herein under the doctrines of estoppel, laches and waiver.

### SIXTEENTH AFFIRMATIVE DEFENSE

17.   As a separate Sixteenth Affirmative Defense, DEFENDANT is informed and believes and upon such alleges that by virtue of Plaintiff's unlawful, reckless, careless, negligent and/or other wrongful conduct, Plaintiff should be barred from recovering against this answering Defendant by virtue of the equitable Doctrine of Unclean Hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

18.   As a separate Seventeenth Affirmative Defense, DEFENDANT is informed and believes and upon such alleges that Plaintiff knew or should have known of the defects and deficiencies alleged by Plaintiff and knowingly failed to disclose defects and/or deficiencies and thus Plaintiff should be barred and/or estopped from recovering against this answering Defendant by virtue of such unlawful, careless, fraudulent and/or otherwise wrongful conduct.

WHEREFORE, this answering prays judgment against Plaintiff as follows:

1.   For costs of suit incurred herein; and

//

6.

//

2.   For such other further relief as the court may deem just and proper.

Dated: August 17, 2001          **BRUINSMA & HEWITT**

By: _____
MICHAEL C. HEWITT, ESQ.
Attorneys for Defendant,
BRYCO ARMS

S:\WPDOCS\HEWITT\BRYCO\Answer2Complaint.wpd

7

# FAX TRANSMITTAL COVER SHEET

DATE: _____ DEC 1 9 2002 _____

TO: _MICHAEL HEWITT_____

FAX NO. DIALED: _714-755-0195_

FROM: _Hollie, Clerk D-17_____

COMMENTS: _Judge Hernander will BE_
_SIGNING A MODIFIED VERSION OF_
_ORDER SUBMITTED BY MR. ROTH_

NUMBER OF PAGES (INCLUDING COVER SHEET): _4_

If all pages are not received, or if any pages are illegible, please contact:

NAME: _Hollie    @ 510-272-6131_

1 | Peter Dixon, SB# 39063
David V. Roth, SB# 194648
2 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Sansome Street, Suite 1400
3 | San Francisco, California  94104
Telephone: (415) 362-2580
4 | Facsimile: (415) 434-0882

5 | Attorneys for Defendants and Cross-Complainants
LESLIE EDELMAN, NATIONWIDE SPORTS
6 | DISTRIBUTORS, INC. and NSD WEST, INC.

7 |

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF ALAMEDA - OAKLAND DIVISION

10 |

11 | BRANDON JAMES MAXFIELD, A MINOR;        Case No. 841636-4
BY AND THROUGH HIS GUARDIAN AD
12 | LITEM, SUSAN STANSBERRY.                [Proposed] ORDER RE: MOTION FOR
                                          TRIFURCATION OF ISSUES
13 |            Plaintiff,                  SUBMITTED BY DEFENDANTS LESLIE
                                          EDELMAN, NATIONWIDE SPORTS
14 |      v.                                DISTRIBUTORS, INC. AND NSD WEST,
                                          INC.
15 | BRYCO ARMS, et al,

16 |            Defendants.                 Date:    December 12, 2002
                                          Time:    9:00 a.m.
17 |                                        Dept.:   17

AND RELATED CROSS-ACTIONS
18 |

19 |      A Motion for Trifurcation of Issues, submitted by Defendant Anna Leah Jennings, and

20 | joined by Defendants NSD West, Inc., Nationwide Sports Distributors, Inc., Leslie Edelman,

21 | Bryco Arms, B.L. Jennings, et al. came before this court on a regularly scheduled hearing on

22 | December 12, 2002, at 9:00 a.m. Matthew Miller appeared on behalf of Defendant and moving

23 | party Anna Leah Jennings; David V. Roth appeared on behalf of Defendants NSD West, Inc.,

24 | Nationwide Sports Distributors, Inc., and Leslie Edelman, in joinder to the Motion for

25 | Trifurcation. Richard R. Ruggieri appeared on behalf of Plaintiff Brandon James Maxfield, a

26 | minor; by and through his Guardian Ad Litem, Susan Stansberry, in Opposition to the Motion for

27 | Trifurcation of Issues. Joseph Hoffman appeared on behalf of Defendant William Larry Moreford

28 |

SF2002:52156.1

[PROPOSED] ORDER RE: MOTION FOR TRIFURCATION OF ISSUES

1  also in Opposition to the Motion for Trifurcation. Michael H. Hewitt appeared telephonically on

2  behalf of Defendants Bryco Arms, et al.

3  GOOD CAUSE APPEARING

4         Defendant Anna Leah Jennings' Motion for Trifurcation of Issues is GRANTED. Pursuant

5  to California Code of Civil Procedure Sections 1048(b), 598, in the discretion of this Court, IT IS

6  HEREBY ORDERED that the above-captioned matter shall be severed into three separate trials as

7  follows:        *Phase I*

8     1.   **LIABILITY** *including*

9         -   Trial of product liability issues, including causes of action for strict liability

10                and negligence, regarding the design of the firearm and all Defendants'

11        liability for the design, distribution, and sale of the subject firearm.

12        -   Trial of negligence issues regarding the shooter William Larry Moreford.

13        -   Trial of negligence issues regarding Plaintiff's parents Susan Stansberry and

14            Clint Stansberry.

15    2.   **DAMAGES** *including:*

16        Trial of past and future medical expenses including issues of;

17        -   Plaintiff's life expectancy,

18        -   Life care planning,

19        -   Present value of economic damages

20        -   Trial of issues relating to Plaintiff's future loss of earnings

21        -   Trial of issues related to Plaintiff's quality of daily life, effects on

22            future activities

23        *Phase III include;*

24    3.   **TRIAL OF PLAINTIFF'S ALTERNATIVE LIABILITY THEORIES.**

25        -   Triable issues of joint venture liability against Defendants Bryco Arms,

26            B. L. Jennings, Inc., Bruce Lee Jennings, Janice Kay Jennings, Anna Leah

27            Jennings, RKB Investments, Bruce Lee Jennings and Janice Kay Jennings

28            as Trustees for the Rhonda D. Jennings California and Nevada Trusts, Bruce

ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 392-2580

1   Lee Jennings and Janice Kay Jennings as Trustees for the Kimberly Kay

2   Jennings California and Nevada Trusts, and Bruce Lee Jennings and Janice

3   Kay Jennings as Trustees for the Bradley A. Jennings California and

4   Nevada Trusts.

5   Trial of issues regarding theories of alter ego theory of liability against

6   Leslie Edelman, Nationwide Sports Distributors, Inc., and NSD West, Inc.

7

8

9   DATED: December ___, 2002   _____

10   THE HONORABLE GEORGE C. HERNANDEZ, JR.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE (415) 362-2580

LLP

UNITED STATES BANKRUPTCY COURT
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

I, Michael C. Hewitt, declare:

1. I am an attorney licensed to practice law in the state of California. I represent Bruce Jennings, Janice Jennings, Bryco Arms, B. L. Jennings, Inc., RKB Investments, The Rhonda Jennings California Trust, The Kimberly Jennings California Trust, The Bradley Jennings California Trust, The Rhonda Jennings Nevada Trust, The Kimberly Jennings Nevada Trust, and the Bradley Jennings Nevada Trust in Alameda County Superior Court case number 841636-4 entitled Brandon Maxfield vs. Bryco Arms, et. al. (Hereinafter "the Maxfield case.)

2. The Maxfield case was trifurcated with liability-phase one and damages-phase two, having been determined. The discreet issue of alter ego-phase three remains. I am of the opinion that there is no factual or legal overlap between the phases that would contribute to judicial economy by having phase three tried by the same jury that tried phases one and two. It is my understanding that Mr. Ruggieri has consulted with other plaintiff's attorneys and that the same alter ego allegations are at issue in other cases. As such, judicial economy would be better served by consolidating all alter ego allegations before one judge.

3.  On May 14, 2003 I advised the Honorable Judge Kraetzer that my clients would file bankruptcy and he suspended all activity on the Maxfield case. The Honorable Judge Kraetzer stated that he would have the jury reconvene on May 20, 2003 to thank the jury for their service and to dismiss them. Mr. Ruggieri, one of Maxfield's attorneys, then requested that the Court not dismiss the jury so that Mr. Ruggieri could seek relief from the Bankruptcy Court. The Honorable Judge Kraetzer ordered Mr. Ruggieri to notify me as to whether such relief had been obtained no later than 1 p.m. Pacific Standard time on May 16, 2003.

4.  Judge Kraetzer further ordered that if Mr. Ruggieri did not obtain relief from the Bankruptcy Court by 1 p.m. Pacific Standard Time on May 16, 2003, the jury in the Maxfield case would be dismissed. The reason Mr. Ruggieri was to give notice if relief had been obtained was to provide adequate time to prepare the case for the jury. Prior to trial, Judge Kraetzer would have to make evidentiary rulings on a multitude of exhibits and extensive deposition testimony proferred by Maxfield. For Judge Kraetzer to make such rulings, I would have to go through each and every proposed exhibit and make objections thereto. I have not done so because of the bankruptcy filing by my clients. Likewise, I would have to go through the proposed deposition testimony and make objections thereto. I have objected to some of the deposition testimony, but many hours of work remain with respect to the deposition testimony. My clients would be extremely prejudiced if forced to resume the Maxfield case as I stopped all of my preparation on May 14, 2003, and I would have to spend at least four to five days to finish preparing for phase 3 of the trial.

DECLARATION OF MICHAEL C. HEWITT

5    On May 16, 2003, I sent Mr. Ruggieri correspondence advising him that I could not

prepare the Maxfield case for phase 3 of the trial based on the fact that he had not

obtained relief from the automatic stay. (Exhibit "A".)

6.   On May 16, 2003, I called the Honorable Judge Kraetzer's clerk to determine whether

there had been any change in Judge Kraetzer's ruling. I was advised that there was no

change in Judge Kraetzer's ruling.

I declare under penalty of perjury under the laws of the State of California that the foregoing

is true and correct.

Dated: _____          _____

                                Michael C. Hewitt