ORIGINAL

MICHAEL C. HEWITT (SBN- 148678)
FIREARMS LITIGATION ONLY:
380 Clinton St., Unit C
Costa Mesa, CA 92626
(714) 755-0194
(714) 755-0195 (fax)

FILED

2003 JUN 12  PH 2:50

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

ADR

C 03 2762

SI

| | |
|---|---|
| In re:<br>BRUCE LEE JENNINGS, an unmarried man,<br>et al.,<br>    Debtors. | In Proceedings Under Chapter 11<br><br>    Case Nos. 03-04926-3F1, 03-04928-3F1,<br>03-04929-3F1, 03-04930-3F1,<br>03-04931-3F1, 03-04932-3F1,<br>03-04933-3F1, 03-04934-3F1,<br>03-04935-3F1, 03-04936-3F1,<br>and 03-04937-3F1<br><br>(United States Bankruptcy Court for the<br>Middle District of Florida, Jacksonville<br>Division)<br><br>(jointly administered) |
| BRANDON JAMES MAXFIELD, A MINOR,<br>BY AND THROUGH HIS GUARDIAN AD<br>LITEM, SUSAN STANSBERRY<br><br>Plaintiff,<br>v.<br><br><br>BRYCO ARMS, et al.,<br><br>Defendant(s). | **Case No. 841636-4**<br><br>(Superior Court of the State of California, in<br>and for the County of Alameda, Oakland<br>Division) |

**MOTION TO TRANSFER VENUE**

1   BRANDON JAMES MAXFIELD, A MINOR,          Case No. 2002-044628
    BY AND THROUGH HIS GUARDIAN AD
2   LITEM, SUSAN STANSBERRY
                                              (Superior Court of the State of California, in
3                                             and for the County of Alameda, Oakland
                          Plaintiff,          Division)
4   v.
5                                             **MOTION TO TRANSFER VENUE**
6   BRYCO ARMS, et al.,
                          Defendant(s).
7

8

9

10          RKB INVESTMENTS, the KIMBERLY K. JENNINGS CALIFORNIA TRUST,

11  the KIMBERLY K. JENNINGS NEVADA TRUST, the BRADLEY A. JENNINGS

12  CALIFORNIA TRUST, the BRADLEY A. JENNINGS NEVADA TRUST, the RHONDA D.

13
    JENNINGS CALIFORNIA TRUST, and the RHONDA D. JENNINGS NEVADA TRUST
14

15  (collectively the "Trust Parties"); and BRYCO ARMS ("Bryco"), B.L. JENNINGS, INC.

16  ("BLJ"), BRUCE JENNINGS ("B. Jennings"), and JANICE JENNINGS ( "J. Jennings" and

17  collectively the "Bryco/Jennings Parties" and together with the Trust Parties, the "Debtors")

18
    hereby move this Court, pursuant to 28 U.S.C. §1412, to enter its Order transferring to the
19

20  United States District Court for the Middle District of Florida, Jacksonville Division, where the

21  Debtors' Bankruptcy Cases are currently pending, venue of the following matters which are now

22  pending in this Court:

23          A.  The claims of Phase III of the action recently removed to this Court

24              from the California Superior Court, in and for Alameda County, Oakland

25
                Division (the "State Court") entitled Brandon James Maxfield v. Bryco
26
                Arms et al., Case No. 841636-4, which seeks to recover from the assets
27

28              of the Trust Parties (under theories of joint venture, partnership and

-2-

**MOTION TO TRANSFER VENUE**

alter-ego liability) a certain tort liability previously determined against Bryco, BLJ and Jennings, (the "Joint Venture/Partnership/Alter-Ego Action"); and

B. The lawsuit also recently removed to this Court from the State Court entitled <u>Brandon James Maxfield v. Bryco Arms et al.</u>, Case No. 2002-044628, which seeks to recover certain alleged fraudulent conveyances to and from various of the Debtors and other persons (the "Fraudulent Conveyance Action" and collectively with the Joint Venture/Partnership Alter-Ego Action, the "Removed Actions").

    In support of this Motion, the Debtors represent as follows:

**The Debtors' Bankruptcy Cases.**

1.    On May 14, 2003 (the "Petition Date"), the Debtors filed their respective voluntary petitions under Chapter 11 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Middle District of Florida, Jacksonville Division.

2.    The Debtors' cases are numbered Nos. 03-04926-3F1, 03-04928-3F1, 03-04929-3F1, 03-04930-3F1, 03-04931-3F1, 03-04932-3F1, 03-04933-3F1, 03-04934-3F1, 03-04935-3F1, 03-04936-3F1, and 03-04937-3F1 (collectively, the "Bankruptcy Cases"). The Bankruptcy Court therein has entered its Order providing for the joint administration of the Bankruptcy Cases.

**The Removed Actions**

**MOTION TO TRANSFER VENUE**

3.    Concurrently with the filing of this Motion, the Debtors have filed herein their "Notices of Removal" pursuant to which they have removed to this Court the two (2) Removed Actions which were pending against them in the State Court as of the Petition Date.

**The Joint Venture/Partnership/Alter-Ego Action**

4.    In or about January, 2002, the plaintiffs in the Joint Venture/Partnership/Alter-Ego Action filed and served their First Amended Complaint (the currently operative complaint therein).  See Exhibit "A" to the Notice of Removal of the Joint Venture/Partnership/Alter-Ego Action.

5.    On February 7, 2002, the Debtors (who are defendants in the above-described action) filed their answers to the First Amended Complaint, copies of which are Group Exhibit "B" to the Notice of Removal of the Joint Venture/Partnership/Alter-Ego Action.[1]

6.    On December 19, 2002, the State Court previously hearing the lawsuit in which the Joint Venture/Partnership/Alter-Ego Action is a part entered a case management order dividing the issues to be tried therein into three (3) separate and distinct "phases" (the "Scheduling Order," a copy of which is attached as Exhibit "C" to the Notice of Removal of the Joint Venture/Partnership/Alter-Ego Action.

7.    Pursuant to the Scheduling Order, Phases I and II of that lawsuit (regarding liability and damages, respectively) have been completed, resulting in determinations of liability and awards of damages against Bryco, BLJ and Jennings.

8.    Trial of the claims contained in Phase III of that lawsuit -- which seek to recover from the assets of the Trust Parties (under alternative theories of joint venture, partnership and alter-ego) the judgment liability obtained against Bryco, BLJ and Jennings -- has not begun.

---

[1] The plaintiff subsequently entered into a settlement with defendant Anna Leah Jennings, who is not a Debtor.

-4-

**MOTION TO TRANSFER VENUE**

Rather, the State Court dismissed the jury therein shortly after the filing of the Debtors'
Bankruptcy Cases and before the trial of Phase III had started.

9.     Pursuant to the declaration of Debtors' counsel in the Joint Venture/Partnership/
Alter-Ego Action, "there is no factual or legal overlap between the [three] phases that would
contribute to judicial economy by having phase three tried by the same jury that tried phases one
and two." Declaration of Michael C. Hewitt (attached as Exhibit "D" to the Notice of Removal
of the Joint Venture/Partnership/Alter-Ego Action) at ¶2.

**The Fraudulent Conveyance Action**

10.     On or about April 14, 2002, the plaintiffs in the Fraudulent Conveyance Action
filed and served their First Amended Complaint (the currently operative complaint therein, a
copy of which is Exhibit "A" to the to the Notice of Removal of the Fraudulent Conveyance
Action)

11.     On July 2, 2002, the Debtors (who are defendants in the Fraudulent Conveyance
Action ) filed their answer to the First Amended Complaint, a copy of which is Exhibit "B" to
the to the Notice of Removal of the Fraudulent Conveyance Action.[2]

12.     In the Fraudulent Conveyance Action, the plaintiff seeks to recover certain
alleged fraudulent conveyances to and from various of the Debtors, among others. The
Fraudulent Conveyance Action has not been tried.

**The Declaratory Judgment Action**

13.     The Removed Actions are only two of numerous similar lawsuits pending against
the Debtors in various courts throughout the United States which seek to recover from the estates
of one or more (and in some instances all) of the Debtors liabilities arising from the alleged

---

[2]    The plaintiff already has entered into a settlement with defendant Anna Leah Jennings, who is not a Debtor.

MOTION TO TRANSFER VENUE

actions by other of the Debtors. Expeditious, efficient, and consistent resolution of the claims alleged against the estates of the various Debtors in these multiple litigation matters is essential to the administration of the Debtors' Bankruptcy Cases.

14. Accordingly, on May 16, 2003, the Trust Parties filed their Complaint For Declaratory Relief against the plaintiff in both of the Removed Actions (as well as against a number of other defendants who are the plaintiffs in the other similar litigation matters pending in other jurisdictions) thereby commencing Adversary Proceeding No. 03-0203 in the Bankruptcy Cases (the "Declaratory Judgment Action"). A copy of the complaint in the Declaratory Judgment Action (the "Declaratory Judgment Complaint") (without exhibits) is attached hereto as Exhibit "1".

15. As set forth in the Declaratory Judgment Complaint, the plaintiffs in the Removed Actions, as well as all of the other defendants in the Declaratory Judgment Action, are plaintiffs in one of seven (7) separate personal injury actions that are currently pending against one or more of the Debtors in various jurisdiction across the United States. See Complaint For Declaratory Judgment at ¶¶14-20.

16. As also set forth in the Declaratory Judgment Complaint, on information and belief, each of the defendants in the Declaratory Judgment Action (including the plaintiffs in the Removed Actions) either seek to hold, or intend to seek to hold, one or more of the Trust Parties liable for any judgment that they may obtain against Jennings, Bryco or BLJ and/or Jennings in their respective litigation proceedings, either as alleged members of an alleged partnership or joint enterprise and/or as the alleged alter ego(s) of one or more of Jennings, Bryco, or BLJ.

17. Pursuant to the Declaratory Judgment Action, the Trust Parties seek to have these issues determined by the Bankruptcy Court in their Bankruptcy Cases in a single proceeding in

MOTION TO TRANSFER VENUE

order to avoid the substantial burden, duplicative litigation costs, and the possibility of inconsistent results that otherwise would result if the same issues were litigated in seven (7) separate proceedings in seven (7) separate jurisdictions.  Specifically, each of the Trust Parties has requested a declaratory judgment that it "is not and has not been party to any joint venture, partnership or other business enterprise with" Jennings, Bryco, or BLJ; and therefore, none of the Trust Parties are liable for any of the claims, arising out of any of the lawsuits, pending against any of the Debtors.

## Argument

28 U.S.C. §1412 governs motions for transfer of venue: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."  Given the above-stated facts, transferring the venue of both the Joint Venture/Partnership/Alter-Ego Action and the Fraudulent Conveyance Action to the District Court in which the Bankruptcy Cases are pending (and referral of the Removed Actions to the Bankruptcy Court which is a unit of that Court) will serve both the fundamental policies of federal bankruptcy law and the convenience of the parties.

The interest of justice is in issue.  A principal purpose of the Bankruptcy Code is to provide a single forum for the determination of the rights of competing claimants against the limited assets of a debtor.  See Radin, The Nature of Bankruptcy, 89 U.Pa.L.Rev. 1, 3-4 (1940). Bankruptcy also is intended to ensure equality of distribution to similarly situated creditors:

> In bankruptcy, with an inadequate pie to divide and the looming discharge of unpaid debts, the disputes center on who is entitled to shares of the debtor's assets and how these shares are to be divided.  Distribution among creditors is not incidental to other concerns: it is the center of the bankruptcy scheme.

-7-

1  See Warren, Bankruptcy Policy, 54 U.Chi.L.Rev. 775, 785 (1987).

2       Consistent with these principles, one of the principal reasons the Debtors filed

3  their Bankruptcy Cases is precisely to obtain a single forum in which to obtain a determination of

4

5  the common claims pending against them in multiple proceedings in multiple jurisdictions

6  throughout the nation.

7       The convenience of the parties also favors transferring the venue of the Removed

8  Actions to the Middle District of Florida.  Failure to grant the change of venue requested in this

9

10  motion will frustrate the fundamental policies and principles of federal bankruptcy law by

11  exposing the Debtors -- and their other creditors -- to duplicative litigation expenses, the

12  possibility of inconsistent results, unnecessary diminution of the assets available to satisfy the

13  claims of creditors (including the plaintiff in the Removed Actions), and inequitable distribution

14  of estate assets that bankruptcy is designed to avoid.

15       Under these circumstances, transferring venue of the Removed Actions to the

16  District Court of the District in which the Debtors' Bankruptcy Cases are pending (and referral

17

18  of the Removed Actions to the Bankruptcy Court of that District Court) will provide the only

19  forum in which the Debtors and their creditors (including but not limited to the plaintiffs in the

20  Removed Actions and the other defendants in the Declaratory Judgment Action) can obtain

21

22  complete relief and a single, consistent result determined in conjunction with the Declaratory

23  Judgment Action.

24       Because the Removed Actions will significantly affect the administration of the

25  Debtors' estates and will determine what assets will or will not be administered in the Debtors'

26  bankruptcy cases, the Removed Actions are core proceedings over which the District Court (and

27

28

**MOTION TO TRANSFER VENUE**

1    by reference thereto, the Bankruptcy Court) may take jurisdiction, pursuant to 28 U.S.C.

2    §157(2)(A), (B), (C) and/or (O).

3              Moreover, the Bankruptcy Court hearing the Bankruptcy Cases will have

4
     jurisdiction over both of the Removed Actions because claims in issue therein are not personal
5
6    injury claims, but instead present claims seeking to impose indirect liability against the Trust

7    Parties for personal injury claims that already have been liquidated against other parties. See In

8    re Dow Corning, 215 B.R. 346, 348-61 (Bkrtcy. E.D. Mich. 1997) (Notwithstanding 28 U.S.C.
9
     §157(b)(5), Bankruptcy Court had jurisdiction to resolve case where it was not being asked to
10
11   liquidate or estimate personal injury claims, but to resolve whether debtor was liable for such

12   claims), opinion supplemented on other grounds at 215 B.R. 526; see also In re Chateaugay

13   Corp., 111 B.R. 67, 75-77 (Bankruptcy Court could determine validity of debtors' claim that they
14
     did not design, manufacture or sell the allegedly defective product), aff'd 146 B.R. 339, 343-44
15
16   (S.D. N.Y. 1992).

17             Now that the Debtors' Bankruptcy Cases have been filed, the issue of whether the

18   plaintiff in the two Removed Actions may enforce his judgment against the Trust Parties should

19   be determined in conjunction with the Declaratory Judgment Action by the Court hearing the
20
     Debtors' Bankruptcy Cases. See In re Dow Corning at 215 B.R. 352 (resolution of whether any
21
22   claims against a debtor should be allowed or disallowed are core proceedings under 28 U.S.C.

23   §157(b)(2)).

24             Moreover, even if the claims asserted against the Trust Parties in the Removed

25   Actions were personal injury claims (which they are not), transferring venue to the Middle
26
     District of Florida still would be proper. 28 U.S.C. §157(b)(5) provides that: "The district court
27
28   shall order that personal injury tort and wrongful death claims shall be tried in the district court

-9-

**MOTION TO TRANSFER VENUE**

1  in which the bankruptcy case is pending, or in the district court in the district in which the claim

2  arose, as determined by the district court in which the bankruptcy case is pending." Accordingly,

3  it is for the District Court in the District where the Trust Parties and other Debtors have filed

4

5  their Bankruptcy Cases to decide the proper venue for the Removed Actions. Consequently,

6  even if the claims against the Trust Parties in the Removed Actions were personal injury claims,

7  venue of the Removed Actions should be transferred to the United States District Court for the

8  Middle District of Florida where the matters then can be referred to the Bankruptcy Court of that

9  District consistent with the rules and orders of that Court.

10

11  **Conclusion**

12          For the foregoing reasons, the Debtors request that both the Joint

13  Venture/Partnership/ Alter-Ego Action and the Fraudulent Conveyance Action be transferred to

14  . . . .

15  . . . .

16  . . . .

17  . . . .

18  . . . .

19  . . . .

20

21

22

23

24

25

26

27

28

**-10-**

the United States District Court for the Middle District of Florida, Jacksonville Division, where the Debtors' Bankruptcy Cases are pending.

This _____ 11 day of June, 2003.

> QUARLES & BRADY LLP
> One Lincoln Place
> 1900 Glades Road, Suite 280
> Boca Raton, Florida 33431
>
> /S/ by Michael Hewitt for.
>            Benjamin Norris
> Ben R. Nashban
> Benjamin R. Norris
> L. A. Perkins
> Attorneys for Debtors

---and---

> LAW OFFICES OF MICHAEL C. HEWITT
> FOR FIREARMS LITIGATION ONLY:
> 380 Clinton Avenue, Unit C
> Costa Mesa, California 92626
> Tel: (714) 755-0194
> Fax: (714) 755-0195
>
> Michael C. Hewitt Esq.
> Attorneys for Debtors

-11-

MOTION TO TRANSFER VENUE

1

## <u>CERTIFICATE OF SERVICE</u>

2    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

3    facsimile and First Class Mail to:

4
     FACSIMILE (415) 457-9399
5    Richard R. Ruggieri, Esq.
     Courthouse Square
6    1000 Fourth Street
7    Suite 785
     San Rafael, California 94901-3120
8    Counsel for Brandon James Maxfield

9
     FACSIMILE (904) 358-4001
10   Nina M. LaFlour
     121 West Forsyth St., Suite 600
11   Jacksonville, Florida 32202
12   Counsel for Brandon James Maxfield

13   This __11__ day of June, 2003.          LAW OFFICES OF MICHAEL C. HEWITT
14                                           FOR FIREARMS LITIGATION ONLY:
                                             380 Clinton Avenue, Unit C
15                                           Costa Mesa, California 92626
16                                           Tel: (714) 755-0194
                                             Fax: (714) 755-0195
17
18                                           _____
                                             Michael C. Hewitt Esq.
19                                           Attorneys for Debtors

20

21

22

23

24

25

26

27

28

-12-

**MOTION TO TRANSFER VENUE**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA

### (JACKSONVILLE DIVISION)

In re:

**BRUCE LEE JENNINGS, an unmarried man,**

Debtor.

In re:

**BRYCO ARMS,**

Debtor.

In re:

**B.L. JENNINGS, INC.,**

Debtor.

In re:

**JANICE JENNINGS,**

Debtor.

In re:

**RKB INVESTMENTS,**

Debtor.

In re:

**THE KIMBERLY K. JENNINGS CALIFORNIA TRUST,**

Debtor.

In re:

**THE KIMBERLY K. JENNINGS NEVADA TRUST,**

Debtor.

In re:

**THE BRADLEY A. JENNINGS CALIFORNIA TRUST,**

Debtor.

F I L E D
JACKSONVILLE, FLORIDA
MAY 1 6 2003
CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

Case Nos. 03-04926-3F1 and
03-04928-3F1 through 03-04937-3F1

Chapter 11
(Joint Administration Requested)

Adv. No. 03-203

**COMPLAINT FOR
DECLARTORY RELIEF**

QBPHX\500618.30000\1742623.4

PAGE 2/16 * RCVD AT 6/21/2003 4:25:00 PM [US Mountain Standard Time] * SVR:/G 1 DHD:5003 * CSID:561 368 1996 * DURATION (mm-ss):04 11

In re:

THE BRADLEY A. JENNINGS NEVADA
TRUST,

              Debtor.

In re:

THE RHONDA D. JENNINGS CALIFORNIA
TRUST,

           Debtor.

In re:

THE RHONDA D. JENNINGS NEVADA
TRUST,

           Debtor.

RKB INVESTMENTS; THE KIMBERLY K.
JENNINGS CALIFORNIA TRUST; THE
KIMBERLY K. JENNINGS NEVADA TRUST;
THE BRADLEY A. JENNINGS CALIFORNIA
TRUST; THE BRADLEY A. JENNINGS
NEVADA TRUST; THE RHONDA D. JENNINGS
CALIFORNIA TRUST; and THE RHONDA D.
JENNINGS NEVADA TRUST,

           Plaintiffs,

vs.

BRANDON JAMES MAXFIELD; LINDA
BULLARD, individually and as the administrator
of the Estate of William O. Bullard, III; GARRICK
G. GANTZ; JACOB M. KRAMER; GARY R.
KRAMER; DEBORAH L. KRAMER; PATRICK
GLENN SMITH; JEANNIE LOUISE SMITH;
JAKE SMITH; THOMAS JOHNSON, SR. as
administrator of the goods, chattels and credits
which were of Thomas Johnson, Jr.; and JOAN
SMITH TRUMAN as the administrator of the estate
of Anita Smith,

           Defendants.

QBPHX\500618.30000\1742623.4                                        -2-

PAGE 3/16 * RCVD AT 5/21/2003 1:25:20 PM IUS Mountain Standard Time] * SVR:16 * DNIS:5032 * CSID:561 368 1996 * DURATION (mm-ss):04-44

RKB Investments; the Kimberly K. Jennings California Trust; the Kimberly K. Jennings
Nevada Trust; the Bradley A. Jennings California Trust; the Bradley A. Jennings Nevada Trust;
the Rhonda D. Jennings California Trust; and Rhonda D. Jennings Nevada Trust ("Plaintiffs")
hereby state as their complaint against Brandon James Maxfield, a minor, by and through his
guardian ad litem, Susan Stansberry; Linda Bullard, individually and as the administrator of the
estate of William O. Bullard, III; Garrick G. Gantz; Jacob M. Kramer; Gary R. Kramer; Deborah
L. Kramer; Patrick Glenn Smith; Jeannie Louise Smith; Jake Smith; Thomas Johnson, Sr. as
administrator of the goods, chattels and credits which were of Thomas Johnson, Jr.; and Joan
Smith Truman as the administrator of the estate of Anita Smith ("Defendants") as follows:

Introduction

1.      The debtors in the above-captioned cases (the "Debtors") have filed bankruptcies
in this Court because of actions filed across the United States against the Debtors (and other
persons and entities) alleging liability for various gun-related injuries. The Debtors include
Bryco Arms, a manufacturer of firearms; B.L. Jennings, Inc., the principal distributor for Bryco
Arms; Bruce Jennings, the operator of Bryco Arms and B.L. Jennings, Inc.; and Janice Jennings,
the president, director and 100% stockholder of Bryco Arms. The Debtors also include the
above-named Plaintiffs, who have no direct involvement with the manufacturing and distribution
operations of Bryco Arms and B.L. Jennings, Inc., and who (at most) have had passive
connections to Bryco Arms and B.L. Jennings, Inc., primarily as former stockholders of (or, in
the case of RKB Investments, a former landlord of) these corporations. Nonetheless, the
Plaintiffs have been named as defendants in a number of the above-described lawsuits. All of
the Debtors -- including but not limited to the Plaintiffs -- believe and have strenuously argued
that the claims of liability against them are without merit (and, in one case where a jury verdict

QBPHDX\500618.30000\1742623.4

-3-

PAGE 4/16 * RCVD AT 5/21/2003 1:25:20 PM [US Mountain Standard Time] * SVR:/6 * DNIS:5032 * CSID:561 368 1996 * DURATION (mm-ss):04-44

06/11/2003 14:52 FAX 602 229 5690          Quarles & Brady                    @006

Case 3:03-a⬤-00473-JAF    Doc 3    Filed 12/18/0⬤    Page 16 of 27
MAY 21 2003 17:40 F⬤⬤  ⬤⬤RLES—BRADY-LLP    561 368 1996 TO⬤ ⬤24205032    P.05/16

has been returned against Bryco Arms, B.L. Jennings, Inc., and Mr. Jennings personally, that the verdict is reversible on appeal). Even more clearly, however, efforts to impose liability on the Plaintiffs are certainly unjustifiable, and this complaint seeks declaratory judgment to that effect.

2.  The Court's determination of this action also will determine whether the assets of the Plaintiffs must continue to be administered by the Court on account of the claims alleged by the Defendants in the above-described lawsuits.

Jurisdiction and Venue

3.  This Court has jurisdiction over the bankruptcy of Bruce Jennings and venue over his bankruptcy is proper before this Court, because Mr. Jennings is a resident of Florida residing within this District. 28 U.S.C. §157 and 28 U.S.C. §1408. Because Mr. Jennings is the operator of Bryco Arms and B.L. Jennings, Inc., this Court has jurisdiction over the bankruptcies of these two entities and venue over these two bankruptcies is properly before this Court. 11 U.S.C. §101(2)(C) and 28 U.S.C. §§157 and 1408(2). Similarly, because the remaining Debtors are or were shareholders of Bryco Arms and/or B.L. Jennings, Inc. and/or are alleged (wrongly) to be participants in joint venture(s) or partnership(s) or other business venture(s) that would render them liable in the actions described above in ¶1, these Debtors, including the Plaintiffs, should be treated as affiliates for jurisdiction and venue purposes and, therefore, the Court has jurisdiction over these Debtors' bankruptcies and venue over these bankruptcies is properly before this Court. 11 U.S.C. §101(2)(C) and 28 U.S.C. §§157 and §1408(2).

4.  Because this action will determine what assets will or will not be administered in the Debtors' bankruptcy cases before this Court, this Court has jurisdiction over this action as a core proceeding pursuant to 28 U.S.C. §157(2)(A), (B), (C) and/or (O).

QBPHX\500618.30000\1742623.4                    -4-

PAGE 5/16 * RCVD AT 5/21/2003 1:25:20 PM [US Mountain Standard Time] * SVR:/6 * DNIS:5032 * CSID:561 368 1996 * DURATION (mm-ss):04-44

5.      Venue over this action is proper pursuant to 28 U.S.C. §1408.

<u>Allegations Common to All Claims for Relief</u>

6.      RKB Investments is a California partnership in which the current partners are the Kimberly K. Jennings California Trust and the Bradley A. Jennings California Trust. <u>See</u> Exhibit "1".

7.      The Kimberly K. Jennings Trust dated May 4, 1981 (the "Kimberly K. Jennings California Trust") is a California trust, for which Bruce Jennings and Janice Jennings, the parents of Kimberly K. Jennings, are co-trustees. <u>See</u> Exhibit "2".

8.      The Kimberly K. Jennings trust dated May 3, 1987 (the "Kimberly K. Jennings Nevada Trust") is a Nevada trust, for which Janice Jennings is trustee. <u>See</u> Exhibit "3".

9.      The Bradley A. Jennings trust dated February 14, 1983 (the "Bradley A. Jennings California Trust") is a California trust, for which Bruce Jennings and Janice Jennings, the parents of Bradley A. Jennings, are co-trustees. <u>See</u> Exhibit "4".

10.     The Bradley A. Jennings trust dated May 3, 1987 (the "Bradley A. Jennings Nevada Trust") is a Nevada trust, for which Janice Jennings is trustee. <u>See</u> Exhibit "5".

11.     The Rhonda D. Jennings trust dated May 4, 1981 (the "Rhonda D. Jennings California Trust") is a California trust, for which Bruce Jennings and Janice Jennings, the parents of Rhonda D. Jennings, are co-trustees. <u>See</u> Exhibit "6".

12.     The Rhonda D. Jennings trust dated May 3, 1987 (the "Rhonda D. Jennings Nevada Trust") is a Nevada trust, for which Janice Jennings is trustee. <u>See</u> Exhibit "7".

13.     Bryco Arms; B.L. Jennings, Inc.; Bruce Jennings; Janice Jennings; and Jennings Firearms, Inc. (a California Corporation); Jennings Firearms, Inc. (a Nevada corporation); Anna

QBPHX\500618.30000\1742623.4

Leah Jennings; and Calwest Co. are individuals and entities who will be referred to collectively as the "Bryco Group." Although her involvement is as a stockholder and otherwise solely in an officer or director capacity, Janice Jennings also will be included in the Bryco Group for purposes of this complaint, without prejudice to her seeking declaratory relief separately.

14.    Defendant Brandon James Maxfield has brought suit in the Superior Court of the State of California, in and for the County of Alameda, against (among others) each of the Plaintiffs, in an action that seeks, among other things, to hold each of the Plaintiffs liable as members of an alleged partnership and/or joint enterprise and/or as alleged alter egos of, among others, members of the Bryco Group. See Exhibit "8."

15.    Defendant Linda Bullard has brought suit in the State Court of Fulton County, State of Georgia, against (among others) certain of the Plaintiffs, in an action that seeks, among other things, to hold certain of the Plaintiffs liable as members of an alleged partnership and/or joint enterprise and/or as alleged alter egos of, among others, members of the Bryco Group. See Exhibit "9."

16.    Defendant Joan Truman Smith has brought suit in the United States District Court, Eastern District of New York, against (among others) each of the Plaintiffs, in an action that seeks, among other things, to hold certain of the Plaintiffs liable as members of an alleged partnership and/or joint enterprise and/or as alleged alter egos of, among others, members of the Bryco Group. See Exhibit "10."

17.    Defendant Garrick G. Gantz has brought suit in the Monroe County, Indiana Circuit Court against certain of the Bryco Group. Although Defendant Garrick G. Gantz has not yet brought suit against any of the Plaintiffs, on information and belief, Defendant Garrick G. Gantz intends to seek to hold one or more of the Plaintiffs liable for any damage award obtained

QBPHDX\500618.30000\1742623.4                          -6-

PAGE 7/16 * RCVD AT 5/21/2003 1:25:20 PM [US Mountain Standard Time] * SVR:16 * DNIS:5032 * CSID:561 368 1996 * DURATION (mm-ss):04-44

against one or more of the already-named defendants in the action described in this paragraph. See Exhibit "11."

18.     Defendants Jacob M. Kramer, Gary R. Kramer and Deborah L. Kramer have brought suit in the Court of Common Pleas, Hamilton County, Ohio against certain of the Bryco Group. Although Defendants Jacob M. Kramer, Gary R. Kramer and Deborah L. Kramer have not yet brought suit against any of the Plaintiffs, on information and belief, Defendants Jacob M. Kramer, Gary R. Kramer and Deborah L. Kramer intend to seek to hold one or more of the Plaintiffs liable for any damage award obtained against one or more of the already-named defendants in the action described in this paragraph. See Exhibit "12."

19.     Defendants Patrick Glenn Smith, Jeannie Louise Smith and Jake Smith have brought suit in the Second Judicial District Court, County of Bernalillo, State of New Mexico against certain of the Bryco Group. Although Defendants Glenn Smith, Jeannie Louise Smith and Jake Smith have not yet brought suit against any of the Plaintiffs, on information and belief, Defendants Glenn Smith, Jeannie Louise Smith and Jake Smith intend to seek to hold one or more of the Plaintiffs liable for any damage award obtained against one or more of the already-named defendants in the action described in this paragraph. See Exhibit "13."

20.     Defendant Thomas Johnson, Sr. has brought suit in the United States District Court, Eastern District of New York against certain of the Bryco Group. Although Defendant Thomas Johnson, Sr. has not yet brought suit against any of the Plaintiffs, on information and belief, Thomas Johnson, Sr. intends to seek to hold one or more of the Plaintiffs liable for any damage award obtained against one or more of the already-named defendants in the action described in this paragraph. See Exhibit "14."

21.    Each of the Plaintiffs hereby states that such Plaintiff never formed, attempted to form, or understood itself to be part of any joint venture or partnership or other business venture with any of the Bryco Group that would give rise to liability to any of the Defendants; and each of the Plaintiffs hereby states that such Plaintiff has never held itself out as having entered into any such relationship.

22.    Each of the Plaintiffs hereby states that such Plaintiff never shared, intended to share, or attempted to share in profits or losses, and such Plaintiff has never had any understanding that it might share in profits or losses, of any joint venture or partnership or other business venture with any of the Bryco Group that would give rise to liability to any of the Defendants; and each of the Plaintiffs hereby states that such Plaintiff has never held itself out as having entered into such a relationship.

23.    Each of the Plaintiffs hereby states that such Plaintiff never shared, intended to share, or attempted to share a mutuality of interest in both profits and losses in any joint venture or partnership or other business venture with any of the Bryco Group that would give rise to liability to any of the Defendants; and each of the Plaintiffs hereby states that such Plaintiff has never held itself out as having entered into such a relationship.

24.    Each of the Plaintiffs hereby states that such Plaintiff never shared, intended to share, or attempted to share a common purpose or a community of interests in the objects and purposes to be accomplished in any joint venture or partnership or other business venture with any of the Bryco Group that would give rise to liability to any of the Defendants; and each of the Plaintiffs hereby states that such Plaintiff has never held itself out as having entered into such a relationship.

QBPHDX\500618.30000\1742623.4

-8-

PAGE 9/16 * RCVD AT 5/21/2003 1:25:20 PM [US Mountain Standard Time] * SVR:16 * DNIS:5032 * CSID:561 368 1006 * DURATION (mm-ss):04-44

25.   Each of the Plaintiffs hereby states that such Plaintiff never shared, intended to share, or attempted to share a joint proprietary interest in any joint venture or partnership or other business venture with any of the Bryco Group that would give rise to liability to any of the Defendants; and each of the Plaintiffs hereby states that such Plaintiff has never held itself out as having entered into such a relationship.

26.   Each of the Plaintiffs hereby states that such Plaintiff never shared, intended to share, or attempted to share joint control or right of control over any joint venture or partnership or other business venture with any of the Bryco Group that would give rise to liability to any of the Defendants; and each of the Plaintiffs hereby states that such Plaintiff has never held itself out as having entered into such a relationship.

27.   Each of the Plaintiffs hereby states that such Plaintiff never had an agreement, express or implied, to enter into any joint venture or partnership or other business venture with any of the Bryco Group that would give rise to liability to any of the Defendants; and each of the Plaintiffs hereby states that such Plaintiff has never held itself out as having entered into such a relationship.

First Claim for Relief – Claim for Declaratory Relief by RKB Investments

28.   Plaintiffs hereby incorporate the allegations set forth in ¶¶1-27 as if set forth here in full.

29.   RKB Investments is not and has not been party to any joint venture, partnership or other business enterprise with any of the Bryco Group that would give rise to liability to any of the Defendants.

QBPHX\500618.30000\1742623.4

-9-

PAGE 10/16 * RCVD AT 5/21/2003 1:25:20 PM [US Mountain Standard Time] * SVR:J/6 * DNIS:5032 * CSID:561 368 1996 * DURATION (mm-ss):04-44

30.    For the foregoing reasons, RKB Investments is entitled to declaratory relief determining that it is not liable for any of the claims arising out of the lawsuits against members of the Bryco Group described above.

Second Claim for Relief -- Claim for Declaratory Relief
by the Kimberly K. Jennings California Trust

31.    Plaintiffs hereby incorporate the allegations set forth in ¶¶1-27 as if set forth here in full.

32.    The Kimberly K. Jennings California Trust is not and has not been party to any joint venture, partnership or other business enterprise with any of the Bryco Group that would give rise to liability to any of the Defendants.

33.    For the foregoing reasons, the Kimberly K. Jennings California Trust is entitled to declaratory relief determining that it is not liable for any of the claims arising out of the lawsuits against members of the Bryco Group described above.

Third Claim for Relief -- Claim for Declaratory Relief
by the Kimberly K. Jennings Nevada Trust

34.    Plaintiffs hereby incorporate the allegations set forth in ¶¶1-27 as if set forth here in full.

35.    The Kimberly K. Jennings Nevada Trust is not and has not been party to any joint venture, partnership or other business enterprise with any of the Bryco Group that would give rise to liability to any of the Defendants.

36.    For the foregoing reasons, the Kimberly K. Jennings Nevada Trust is entitled to declaratory relief determining that it is not liable for any of the claims arising out of the lawsuits against members of the Bryco Group described above.

QBPHX\S00618.30000\1742623.4                    -10-

PAGE 11/16 * RCVD AT 5/21/2003 1:25:20 PM [US Mountain Standard Time] * SVR:6 * DNIS:5032 * CSID:561 368 1996 * DURATION (mm-ss):04-44

<u>Fourth Claim for Relief — Claim for Declaratory Relief</u>
<u>by the Bradley A. Jennings California Trust</u>

37.    Plaintiffs hereby incorporate the allegations set forth in ¶¶1-27 as if set forth here in full.

38.    The Bradley A. Jennings California Trust is not and has not been party to any joint venture, partnership or other business enterprise with any of the Bryco Group that would give rise to liability to any of the Defendants.

39.    For the foregoing reasons, the Bradley A. Jennings California Trust is entitled to declaratory relief determining that it is not liable for any of the claims arising out of the lawsuits against members of the Bryco Group described above.

<u>Fifth Claim for Relief — Claim for Declaratory Relief by the Bradley A. Jennings Nevada Trust</u>

40.    Plaintiffs hereby incorporate the allegations set forth in ¶¶1-27 as if set forth here in full.

41.    The Bradley A. Jennings California Trust is not and has not been party to any joint venture, partnership or other business enterprise with any of the Bryco Group that would give rise to liability to any of the Defendants.

42.    For the foregoing reasons, the Bradley A. Jennings Nevada Trust is entitled to declaratory relief determining that it is not liable for any of the claims arising out of the lawsuits against members of the Bryco Group described above.

<u>Sixth Claim for Relief — Claim for Declaratory Relief</u>
<u>by the Rhonda D. Jennings California Trust</u>

43.    Plaintiffs hereby incorporate the allegations set forth in ¶¶1-27 as if set forth here in full.

PAGE 12/16 * RCVD AT 5/21/2003 4:35:00 PM [US Mountain Standard Time] * SVR:* DVR:* DNIS:* CSID:* DURATION

44.    The Rhonda D. Jennings California Trust is not and has not been party to any joint venture, partnership or other business enterprise with any of the Bryco Group that would give rise to liability to any of the Defendants.

45.    For the foregoing reasons, the Rhonda D. Jennings California Trust is entitled to declaratory relief determining that it is not liable for any of the claims arising out of the lawsuits against members of the Bryco Group described above.

Seventh Claim for Relief — Claim for Declaratory Relief by Rhonda D. Jennings Nevada Trust

46.    Plaintiffs hereby incorporate the allegations set forth in ¶¶1-27 as if set forth here in full.

47.    The Rhonda D. Jennings Nevada Trust is not and has not been party to any joint venture, partnership or other business enterprise with any of the Bryco Group that would give rise to liability to any of the Defendants.

48.    For the foregoing reasons, the Rhonda D. Jennings Nevada Trust is entitled to declaratory relief determining that it is not liable for any of the claims arising out of the lawsuits against members of the Bryco Group described above.

WHEREFORE, the Plaintiffs and each of them pray for an order of the Court granting them declaratory relief:

A.    Determining that each Plaintiff is not and has not been party to any joint venture, partnership or other business enterprise with the Bryco Group;

B.    Determining that the Defendants have no claims against each of the Plaintiffs arising out of the actions and/or claims in the actions described in ¶1 above, with Defendants to take nothing from Plaintiffs thereby; and

PAGE 13/16 * RCVD AT 5/21/2003 4:25:20 PM IUS Mountain Standard Time] * SVR:16 * DNIS:5022 * CSID:561 358 1996 * DURATION (mm-ss):04-11

C.      Awarding each of the Plaintiffs such other and further relief against Defendants as

the Court deems proper.

DATED this _15th_ day of May, 2003.


Of Counsel:                                By: _____
                                           Ned Nashban, Esquire
Ronald E. Reinsel, Esquire                 Florida Bar No. 717230
Benjamin R. Norris, Esquire                nrn@quarles.com
Todd A. Burgess, Esquire                   L.A. Perkins, Esquire
Quarles & Brady Streich Lang, LLP          Florida Bar No. 100153
One Renaissance Square                     lperkins@quarles.com
2 N. Central Avenue                        QUARLES & BRADY LLP
Phoenix, AZ 85004-2391                     One Lincoln Place
Telephone (602) 229-5200                   1900 Glades Road, Suite 355
Facsimile (602) 229-5690                   Boca Raton, FL 33431
                                           Telephone (561) 368-5400
                                           Facsimile (561) 368-1996
                                           Attorneys for the Plaintiff/Debtors


-13-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _15th_ day of May, a true and correct copy of the

foregoing has been furnished by Facsimile (without exhibits) and First Class Mail (with exhibits)

to:

FACSIMILE (415) 457-9399
Richard R. Ruggieri, Esq.
Courthouse Square
1000 Fourth Street
Suite 785
San Rafael, California 94901-3120
Counsel for Brandon James Maxfield

FACSIMILE (478) 741-0057
Joel Grist, Esq.
Kenneth M. Brock, Esq.
Grist & Brock, LLP
Suite 301, The Whittle Building
915 Hill Park
Macon, Georgia 31201
Counsel for Linda Bullard

FACSIMILE (212) 693-2334
Elisa Barnes, Esq.
111 Broadway, 4th Floor
New York, New York 10006
Counsel for Joan Truman Smith and
  Thomas Johnson, Sr.

FACSIMILE (317) 488-5510
Lee Christie, Esq.
Cline Farrell Christie & Lee
200 Marott Center
342 Massachusetts Avenue
Indianapolis, Indiana 46204-2161
Counsel for Garrick G. Gantz

FACSIMILE (505) 275-5700
Michael G. Rosenberg, Esq.
505 Marquette NW, Suite 1627
Albuquerque, New Mexico 87102
Counsel for Patrick Glenn Smith;
  Jeannie Louise Smith and Jake Smith

FACSIMILE (513) 621-0262
D. Arthur Rabourn, Esq.
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Central Trust Tower
Cincinnati, Ohio 45202
Counsel for Jacob M. Kramer, Gary R. Kramer
 and Deborah L. Kramer


                                          QUARLES & BRADY LLP

                                       By

                                          NED R. NASHBAN
                                          Florida Bar No. 717230

QBPHX\500618.30000\1742623.4