UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

*F I L E D*
JACKSONVILLE, FLORIDA

**DEC 3 1 2003**

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| In re | ) |
| | ) |
| BRUCE L. JENNINGS, et al., | ) |
| | ) |
| Debtors. | )      Case No.: 03-04926-3F1 |
| | ) |
| BRANDON JAMES MAXFIELD, et al. | ) |
| | ) |
| Plaintiffs, | )      Adversary No. 03-473 |
| | ) |
| v. | ) |
| | ) |
| BRYCO ARMS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF, BRANDON JAMES MAXFIELD'S
## <u>MOTION TO CONSOLIDATE ADVERSARY PROCEEDINGS</u>

Plaintiff, Brandon James Maxfield ("Maxfield"), moves the Court pursuant to Rule

7042, Federal Rules of Bankruptcy Procedure, to consolidate adversary proceeding 03-473

with adversary proceedings 03-345 and 03-203, and in support of the motion states:

1.    Maxfield is a minor who was severely injured when a handgun designed by

Bruce L. Jennings, manufactured by Bryco Arms, Inc. ("Bryco"), and distributed by B.L.

Jennings, Inc. ("B.L. Jennings") accidentally discharged rendering Maxfield a quadriplegic.

2.    In 2000, Maxfield commenced an action against Bruce L. Jennings, Bryco and

B.L. Jennings styled as *Brandon J. Maxfield, etc. v. Bryco Arms, Inc., et al.,* Superior Court,

State of California, County of Alameda, Oakland Division Case No. 841636-4 (the "First

California Action") to recover damages for the personal injuries which he suffered. A second action styled as *Brandon J. Maxfield, etc. v. Bryco Arms, Inc., et al.,* Superior Court, State of California, County of Alameda, Oakland Division Case No. 2002-044628 (the "Fraudulent Transfer Action") was filed against Janice K. Jennings, RKB Investments, The Kimberly K. Jennings California Trust, The Kimberly K. Jennings Nevada Trust, The Bradley A. Jennings California Trust, The Bradley A. Jennings Nevada Trust, The Rhonda D. Jennings California Trust and The Rhonda D. Jennings Nevada Trust seeking to hold these parties jointly and severally liable on various alter ego, fraudulent transfer and joint venture theories.

3.      The trial of the First California Action was divided into three trial segments. The first segment was to determine liability, the second segment was to establish damages, and the third segment was to address the alter ego, fraudulent transfer and joint venture claims.

4.      Following the jury trial of the second trial segment, Maxfield obtained a judgment for $21,250,650.31 against Bryco, B.L. Jennings and Bruce L. Jennings. On May 14, 2003, one day after the judgment was entered, Bryco, B.L. Jennings, Bruce L. Jennings, Janice Lee Jennings, and the trusts and the partnerships described in paragraph 2 above filed voluntary petitions for reorganization with this Court.[1]

5.      On May 16, 2003, RKB Investments, The Kimberly K. Jennings California Trust, The Kimberly K. Jennings Nevada Trust, Bradley A. Jennings California Trust, The Bradley A. Jennings Nevada Trust, The Rhonda D. Jennings California Trust and The

_____

[1] The judgment amount has since been increased to $24,492,578.47 following taxation of costs, prejudgment interest and the like.

Rhonda D. Jennings Nevada Trust filed adversary proceeding 03-203 against Maxfield and others asking this Court to enter a declaratory judgment determining that they have no liability to the defendants. Janice Kay Jennings did not join in the adversary proceeding as a plaintiff.

6.    On September 18, 2003, Maxfield answered the amended complaint in adversary 03-203 and asserted counterclaims against the plaintiffs requesting a declaration that the plaintiffs *are* liable to Maxfield on the same theories alleged in the California Action. Maxfield also asserted third-party complaints against Janice Kay Jennings, Bryco, B.L. Jennings and Bruce L. Jennings to establish their joint and several liability for the $24,492,578 judgment.

7.    On August 29, 2003, Janice Kay Jennings filed adversary proceeding 03-345 against Maxfield and others requesting the same declaratory relief as that requested in adversary proceeding 03-203. Maxfield answered Janice Kay Jennings' complaint on September 18, 2003, and asserted a counterclaim against her requesting that she too be found liable to Maxfield on the same joint venture, alter ego and fraudulent transfer theories originally asserted in both of the California Actions. Third-party complaints were also filed against the other parties identified in paragraph 2 above, again seeking a determination that all of the trusts and partnerships described in paragraph 2 above are jointly and severally liable for the $24,492,578 judgment.

8.    On May 19, 2003, and again on June 12, 2003, and again on Bryco, B.L. Jennings, Bruce Lee Jennings, Janice Kay Jennings, RKB Investments, The Kimberly K. Jennings California Trust, The Kimberly K. Jennings Nevada Trust, The Bradley A. Jennings California Trust, The Bradley A. Jennings Nevada Trust, The Rhonda D. Jennings California

Trust and The Rhonda D. Jennings Nevada Trust filed notices of removal attempting to remove both the First California Action and the Fraudulent Transfer Action to federal court. After much procedural wrangling, Phase Three of the First California Action and the entire Fraudulent Transfer Action were removed to the California district court, transferred to the Florida district court, and recently referred to this Court pursuant to standing order 84-MISC-J-152. The two California actions are now pending before this Court as Adversary Number 03-473.

9.   Rule 7042(a), Federal Rules of Bankruptcy Procedure, permits the Court to consolidate actions involving common issues of fact and law in order to avoid unnecessary costs or delay:

> (a) CONSOLIDATION.  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; *it may order the actions consolidated*; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

> Rule 7042 (a), Federal Rules of Bankruptcy Procedure (emphasis added).

10.   The issues to be tried in adversary proceeding 03-203, 03-245, and 03-473 involve the same parties and the same issues of fact and law.  The trial of each adversary proceeding will also require the testimony of the same witnesses and the introduction of the same exhibits.  There is absolutely no reason why the adversary proceedings should not be consolidated.

11.   Consolidation will facilitate a more orderly presentation of the evidence and conserve judicial resources.  Consolidation will also eliminate the confusion associated with

two simultaneous trial tracks, will avoid unnecessary scheduling issues, and will eliminate the risk of inconsistent results.

WHEREFORE, Maxfield respectfully requests (i) the entry of an order consolidating adversary proceeding number 03-203 with adversary proceeding numbers 03-345 and 03-473 and (ii) granting such other and further relief as is appropriate.

**STUTSMAN & THAMES, P.A.**

By _____
      Richard R. Thames

Florida Bar Number 0718459
121 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)

Attorneys for Brandon James Maxfield

-5-

## Certificate of Service

I certify that a copy of the foregoing was furnished by mail to Ned R. Nashban, Esq., Quarles & Brady, LLP, 1900 Glades Road, Suite 355, Boca Raton, Florida 33431; Douglas H. Morford, Esq., Morford & Whitefield, P.A., 4040 Woodcock Drive, Suite 202, Jacksonville, Florida 32207; Michael C. Hewitt, Esq., 380 Clinton Avenue, Unit C, Costa Mesa, California 92626; Joel Grist, Esq., Kenneth M. Brock, Esq., Grist & Brock, LLP, 915 Hill Park, Suite 301, Macon, Georgia 31201; Kenneth Marder, Esq., Taub & Marder, 450 Seventh Avenue, 37th Floor, New York, New York 10123; Peter A. Siddiqui, Esq., Ronald R. Peterson, Esq., Jenner & Block, LLC, One IBM Plaza, Chicago, Illinois 60611; Luca R. Bronzi, Esq., Hogan & Hartson, LLP, 1111 Brickell Avenue, Miami, Florida 33131; Locke E. Bowman, Esq., Jean MacLean Snyder, Esq., Macarthur Justice Center, University of Chicago Law School,  111 E. 60th Street, Chicago, Illinois 60637; Thomas H. Geoghegan, Esq., Despres, Schwartz & Geoghegan, 77 West Washington Street, Suite 711, Chicago, Illinois 60637; Joan Truman Smith, 145-42 115th Avenue, Jamaica, New York 11436; and to Thomas Johnson, Sr., 1387 Sunnyside Street, Far Rockaway, New Jersey 11691 on this _30_ day of December, 2003.

_____
Attorney

49728