UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

F I L E D
JACKSONVILLE, FLORIDA

MAY 1 8 2004

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| In re | ) | Case No. 03-04926-3F1 |
| | | Through 03-04937-3F1 |
| BRUCE LEE JENNINGS, et al., | ) | |
| Debtors. | ) | **Twenty Minutes Requested** |
| _____ | ) | |
| RKB INVESTMENTS, et al., | ) | |
| Plaintiffs, | ) | Adversary No. 03-203 |
| v. | ) | |
| BRANDON JAMES MAXFIELD, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |
| JANICE KAY JENNINGS, | ) | |
| Plaintiffs, | ) | Adversary No. 03-345 |
| v. | ) | |
| BRANDON JAMES MAXFIELD, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |
| BRANDON JAMES MAXFIELD, | ) | |
| Plaintiff, | ) | Adversary No. 03-473 |
| v. | ) | |
| BRYCO ARMS, INC., et al., | ) | |

Defendants.                    )

_____  )

BRANDON JAMES MAXFIELD,          )

          Plaintiff,           )          Adversary No. 04-107

v.                               )

BRYCO ARMS, INC., et al.,        )

         Defendants.          )

_____  )


## BRANDON JAMES MAXFIELD'S
## OBJECTION TO SUBPOENAS, MOTION FOR PROTECTIVE
## ORDER AND FOR SANCTIONS (EXPEDITED HEARING REQUESTED)

Defendant, Brandon James Maxfield ("Maxfield"), objects to and moves the Court

pursuant to Rules 7026(g) and 7045(c)(2)(B), Federal Rules of Bankruptcy Procedure, for

the entry of a protective order and for an award of sanctions concerning the Debtors' issuance

of deposition notices and subpoenas duces tecum concerning (i) the taking of Maxfield's

deposition on May 25, 2004, (ii) the taking of Maxfield's mother's deposition on May 26,

2004, (iii) the taking of Maxfield's state court's lawyer's deposition on May 27, 2004, and

(iv) the taking of James Hoffman's deposition on May 26, 2004, and in support of the

objection and motion states:

      1.     Debtors and their attorneys are blatantly and intentionally abusing the process

of this Court for retaliation, harassment and intimidation against Maxfield, Maxfield's

mother, and their attorneys, from whom they have demanded videotaped depositions and

privileged documents for the stated and entirely improper purpose of inquiring into attorney-client relations and decision making.

2.      Debtors and their attorneys have persisted in these bad faith tactics, despite Maxfield's repeated requests that they desist, forcing Maxfield to file this emergency motion for relief.  The cited behavior is so deliberate and reprehensible as to give rise to the maximum available sanctions against Debtors and their attorneys.

3.      Maxfield is a 17-year old quadriplegic.  Maxfield became a quadriplegic at age 7 when a "Saturday Night Special" negligently designed by Bruce Jennings, manufactured by Bryco Arms, and distributed by B.L. Jennings, Inc. discharged striking him in the jaw.  As a result of that gunshot, Maxfield is now completely paralyzed below the neck, his spine has been fused, and he has progressive dislocation of the right hip.  He is dependent on a ventilator and continues to suffer from severe pulmonary problems.  He lacks bowel and bladder control.  He is permanently attached to a gastric tube for feeding as well as a tracheotomy tube for attachment to the ventilator and a catheter.  He will require 24 hour attendant care every day of his life until approximately age 55, which his doctors estimate is the limit of his shortened life expectancy.

4.      Maxfield's guardian ad litem and primary caretaker is his mother, Susan Stansberry.  Both Maxfield and his mother are emotionally fragile as a result of the protracted  litigation with the Debtors who have already been adjudged to have been the cause of Maxfield's injuries and are now trying to avoid the very judgments intended to provide partial compensation.

5.      The issues in these Chapter 11 cases are all too familiar to this Court. In addition to the normal Chapter 11 issues, there are multiple claims against the Debtors

concerning fraudulent transfers, joint enterprise liability, alter ego claims, constructive trust

claims, and claims related to equitable subordination. The claims have nothing to do with

Maxfield, his mother Susan Stansberry, his California trial attorney Richard Ruggieri, his

California bankruptcy counsel Matthew Shier, or his Florida bankruptcy counsel Stutsman

& Thames, or any attorney-client arrangements, retainers or agreements among them.

6.      The proceedings before this Court also have absolutely nothing to do with

Joseph Hoffman, the California attorney who represented Maxfield's parents and Larry

Morford (the family friend that was holding the defective pistol) in the underlying California

state court litigation.

7.      On May 11, 2004, the Debtors, through Daniel Rosenthal of Quarles & Brady,

LLP, invoked the authority of this Court to issue deposition notices and subpoenas requiring

Maxfield, his mother, his attorney Mr. Ruggieri and his family's attorney Joseph Hoffman

to appear for video depositions on May 25, 2004, May 26, 2004 and May 27, 2004 in

California. Simultaneously, the Debtors and Quarles & Brady have also invoked the

authority of this Court to demand the production of the following privileged documents:

1.      Copies of any and all engagement letters and/or retainer
        agreements on behalf of Brandon James Maxfield, his
        representatives and/or agents.

2.      Copies of any and all engagement letter and/or retainer
        agreements with Attorney Richard R. Thames, Attorney
        Matthew Shier or any other professionals on behalf of
        Brandon James Maxfield, his representatives or his agents.

3.      Copies of any and all court filings in the California action and
        the Florida Chapter 11 bankruptcy case for Bruce Lee
        Jennings, et al.

Copies of the deposition notices and subpoenas are attached hereto as Exhibits A, B, C and

D.

8.      Pursuant to Rule 7026, Federal Rules of Bankruptcy Procedure, the touchstone for any discovery request is relevancy:

> **(b) Discovery scope and limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
>
> **(1) In General**. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appeals *reasonably calculated to the discovery of admissible evidence.*
>
> > *Rule 26(b)(1), Federal Rules of Bankruptcy Procedure (emphasis added).*

Relevancy is determined by reference to legitimate issues in the proceedings, not by reference to illegitimate and improper motives, (no matter how determinedly pursued) or the size of the law firm seeking the production.

9.      A second basic and fundamental requisite for any discovery request is that it respect applicable privileges. California Evidence Code Section 950, *et seq.*, recognizes absolute attorney-client privilege, which includes retainer and fee agreements:

> A written fee contract shall be deemed to be a confidential communication within the meaning of subdivision (e) of Section 952 of the Evidence code.
>
> > *Cal. Bus. & Prof. Code § 6149 (2004).*

10.     The Debtors and their attorneys, Quarles & Brady, have made their improper motives clear, barely bothering to invent a plausible justification for their misconduct:

> As to your statement that the deponents could not possibly have any relevant information, we are not required to disclose

> all areas of inquiry prior to the deposition and will not do so
> here. Notwithstanding . . . it is imperative that we understand
> who is acting as the client and making the decisions on behalf
> of Mr. Maxfield, a matter which, while never clear, has
> become murkier in connection with the planning of the
> mediation. . . . [T]he deposition notice has been make . . . for
> the purpose of discovery of information that is relevant to the
> conduct of mediation and the administration of the estates.

> Rosenthal Letter of May 11,
> 2004 (Exhibit E).

11.    There are no issues at stake in this Chapter 11 litigation in which the fee

agreements between or among Maxfield, Susan Stansberry, Richard Ruggieri, Joseph

Hoffman, Matthew Shier, or Stutsman & Thames, are in any way relevant.

12.    Similarly, there are no inquires within the scope identified by the Debtors and

their attorneys that are not clearly and squarely privileged as work product or attorney-client

privilege.

13.    The Debtors' reprehensible tactics were clearly designed to obtain an

advantage in the proposed mediation by intimidation and harassment aimed directly at

Maxfield and his mother.  In fact, the deposition notices and subpoenas were issued within

days of Mr. Ruggieri's letter to Mr. Nashban identifying the "decision makers" and

attempting to coordinate the mediation:

> Since Brandon is a minor, his ultimate "decision maker" is
> the Superior Court, which must approve any settlement.  The
> Court will rely heavily on recommendations from Brandon's
> guardian ad litem, Susan Stansberry, and myself.  I do not
> expect that approval will be problematic, as Ms. Stansberry
> and I would never agree to recommend anything that was not
> very clearly in Brandon's best interests.

> If you want Ms. Stansberry to be physically present at the
> mediation, she will be there.  Otherwise, I will be in contact
> with her by telephone throughout the mediation.

> If Ms. Stansberry attends, the mediation will have to be in San Francisco.  Because of Brandon's severe disability, Ms. Stansberry is unwilling to be more than an hour or two away, and neither of them travels by airplane.
>
> > Ruggieri Letter of May 6, 2004 (Exhibit F).

On May 7, 2004, Mr. Ruggieri again wrote to Mr. Nashban:

> As to your suggestion that Brandon participate . . . . Brandon is neither physically nor emotionally capable of confronting the people who (not to argue the point, but simply to understand his point of view) callously caused his injuries, fraudulently transferred assets, forced a lengthy trial, and are now trying to evade the judgment providing him some compensation.  The experience would be overwhelming for his mother, impossible for Brandon.
>
> > Ruggieri Letter of May 7, 2004 (Exhibit G).

One day later, on May 10, 2004, Quarles and Brady issued the offending discovery.

14.    Pursuant to Rule 7026(g)(1), an attorney's signature on a discovery request "constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request is: (A) consistent with these rules . . . ; [and] (B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."  Quarles & Brady's discovery requests of Maxfield, his mother, Mr. Ruggieri and Mr. Hoffman are so far beyond to scope of permissible discovery and human decency that the most severe sanctions available under the Rules should be imposed for abuse of the discovery process.

15.    Quarles & Brady's tactics of intimidating fragile witnesses and trying to drive a wedge between opposing counsel and their client are an embarrassment to the legal profession, and an affront to the dignity of the Court.

16.    In accordance with Rule 26(c), Federal Rules of Civil Procedure, and Rules 7026 and 9014, Federal Rules of Bankruptcy Procedure, the undersigned counsel has given opposing counsel multiple opportunities to police themselves and withdraw the subject deposition notices and subpoenas so as to not require any further involvement of the Court. Unfortunately, the undersigned has been unable to resolve any of the matters raised in this motion with opposing counsel.

**WHEREFORE,** Brandon Maxfield respectfully requests the entry of a protective order (i) sustaining Maxfield's objections and prohibiting the taking of the depositions of Brandon Maxfield, Susan Stansberry, Richard Ruggieri, and James Hoffman (ii) quashing the subpoenas related thereto, (iii) awarding sanctions against the Debtors and their counsel, and (iv) granting such other and further relief as is appropriate.

**STUTSMAN & THAMES, P.A.**

By _____
Richard R. Thames

Florida Bar Number 0718459
121 W. Forsyth Street, Suite 600
Jacksonville, Florida  32202
(904) 358-4000
(904) 358-4001 (Facsimile)

Attorneys for Brandon James Maxfield

**<u>Certificate of Service</u>**

I certify that a copy of the foregoing was furnished by mail to Ned R. Nashban, Esq.,

Quarles & Brady, LLP, One Lincoln Place, 1900 Glades Road, Suite 355, Boca Raton,

Florida 33431 on this _18_ day of May, 2004.

_____
Attorney

51514

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re:<br><br>BRUCE LEE JENNINGS, et al.,<br><br>    Debtors. | In Proceedings Under Chapter 11<br>Case Nos. 03-04926-3F1 and<br>03-04928-3F1 through 03-04937-3F1<br><br>All Cases Jointly Administered Under Case<br>No. Case No. 03-04926-3F1 |
| RKB INVESTMENTS, et al.,<br><br>    Plaintiffs,<br>vs.<br><br>BRANDON JAMES MAXFIELD, et al.,<br><br>    Defendants. | Adversary Case No. 03-203 |
| JANICE KAY JENNINGS,<br><br>    Plaintiff,<br>vs.<br><br>BRANDON JAMES MAXFIELD, et al.,<br><br>    Defendants. | Adversary Case No. 03-345 |
| BRANDON JAMES MAXFIELD,<br><br>    Plaintiff,<br>vs.<br><br>BRYCO ARMS, et al.,<br><br>    Defendants. | Adversary Case No. 03-473 |
| BRANDON JAMES MAXFIELD,<br><br>    Plaintiff,<br>vs.<br><br>BRYCO ARMS, et, al.,<br><br>    Defendants. | Adversary Case No. 04-107<br><br>**NOTICE OF TAKING<br>VIDEO DEPOSITION<br>[\*DUCES TECUM]** |

TO:   BRANDON JAMES MAXFIELD, a Minor
      c/o Richard R. Thames, Esquire
      Stutsman & Thames, P.A.
      121 West Forsyth Street
      Suite 600
      San Rafael, CA   94901

NOTICE IS HEREBY GIVEN that pursuant to Bankruptcy Rule 7030 and F.R.Civ.P. 30, the undersigned attorneys will take the video deposition of BRANDON JAMES MAXFIELD on *Tuesday, May 25, 2004 at 1:00 p.m. before Esquire Deposition Services (415.288.4280) at the Executive Inn Embarcadero Cove, Harbor Room, 1755 Embarcadero, Oakland, CA   94606, (510.536.6633).*   The examination may continue from day to day until completed.

If the examinee receives this Notice less than seven (7) days prior to the scheduled examination date (or less than ten (10) days, if examination is taking place outside of Florida), the examination will be rescheduled upon timely request to a mutually agreeable time.

*\*The examinee is further directed to bring to the deposition a copy of examinee's official birth certificate.*

Said deposition will be taken by video upon oral examination before a Notary Public or any other officer authorized by law to take depositions in the State of California.  The video and oral examination is being taken for the purposes of discovery, for use a trial or for such other purposes as are permitted under the applicable Rules of Court.  The scope of the examination shall be as described in Bankruptcy Rule 7030.

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Taking Video Deposition has been furnished by Facsimile and First Class U.S. Mail, postage prepaid, to RICHARD R. THAMES, ESQUIRE, Stutsman & Thames, P.A., 121 West Forsyth Street, Suite 600, Jacksonville, FL 32202, and by First Class U.S. Mail to Counsel of Record on the Service List attached hereto, this 10th day of May, 2004.

QUARLES & BRADY LLP
Attorneys for Debtors/Plaintiffs
1900 Glades Road, Suite 355
Boca Raton, FL  33431
561.368.5400
561.368.1996 Facsimile

By: _____
Ned R. Nashban
Florida Bar No. 717230
Daniel B. Rosenthal
Florida Bar No. 711934

cc: Esquire Deposition Services
505 Sansome Street
5th Floor
San Francisco, CA  94111
415.288.4280

## BRUCE JENNINGS, et al. Case No. 03-04926-3F1

## ADVERSARY CONSOLIDATED SERVICE LIST
### Adversary Nos. 03-203; 03-345; 03-473; and 04-107

Richard R. Thames, Esquire
Nina LaFleur, Esquire
Stutsman & Thames, P.A.
121 West Forsyth Street
Suite 600
Jacksonville, FL 32202
Facsimile 904.358.4001
Counsel for Brandon James Maxfield

Joel Grist, Esquire
Kenneth M. Brock, Esquire
Grist & Brock, LLP
915 Hill Park
Suite 301
Macon, GA 31201
Facsimile 478.741.0057
Counsel for Linda Bullard

Douglas H. Morford
Morford & Whitefield, P.A.
4040 Woodcock Drive
Suite 202
Jacksonville, Florida 32207
Facsimile 904.396.5890
Counsel for Gantz, Kramers and Bennett

Kenneth Marder, Esquire
Taub & Marder
450 Seventh Avenue
37th Floor
New York, NY 10123
Facsimile 212.967.2105
Counsel for Jaqulone Johnson

Luca R. Bronzi, Esquire
Hogan & Hartson LLP
1111 Brickell Avenue
Miami, Florida 33131
Facsimile 305.459.6550
Counsel for Patrick, Jeannie and Sean
Smith, Anderson, Sullivan, Goldstein,
Kuo and the Byrdsongs

Peter A. Siddiqui, Esquire
Ronald R. Peterson, Esquire
Jenner & Block LLC
One IBM Plaza
Chicago, Illinois 60611
Counsel for Stephen Young

Locke E. Bowman, Esquire
Jean MacLean Snyder, Esquire
Macarthur Justice Center
University of Chicago Law School
111 E. 60th Street
Chicago, IL 60637
Facsimile 773.702.0771
Counsel for Ceriale; Young; O. Smith and
Owens

Thomas H. Geoghegan, Esquire
Despres, Schwartz & Geoghegan
77 West Washington Street
Suite 711
Chicago, IL 60637
Facsimile 312.372.7391
Counsel for Ceriale; Young; O. Smith and
Owens

Joan Truman Smith
145-42 115th Avenue
Jamaica, NY 11436

Thomas Johnson, Sr.
1387 Sunnyside Street
Far Rockaway, NJ 11691

QBNAP\500618.30000\428326.1

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: | In Proceedings Under Chapter 11 |
| BRUCE LEE JENNINGS, et al., | Case Nos. 03-04926-3F1 and 03-04928-3F1 through 03-04937-3F1 |
| Debtors. | All Cases Jointly Administered Under Case No. Case No. 03-04926-3F1 |
| RKB INVESTMENTS, et al., | Adversary Case No. 03-203 |
| Plaintiffs, vs. | |
| BRANDON JAMES MAXFIELD, et al., | |
| Defendants. | |
| JANICE KAY JENNINGS, | Adversary Case No. 03-345 |
| Plaintiff, vs. | |
| BRANDON JAMES MAXFIELD, et al., | |
| Defendants. | |
| BRANDON JAMES MAXFIELD, | Adversary Case No. 03-473 |
| Plaintiff, vs. | |
| BRYCO ARMS, et al., | |
| Defendants. | |
| BRANDON JAMES MAXFIELD, | Adversary Case No. 04-107 |
| Plaintiff, vs. | **NOTICE OF TAKING VIDEO DEPOSITION [*DUCES TECUM]** |
| BRYCO ARMS, et, al., | |
| Defendants. | |

TO:   SUSAN STANSBERRY, Guardian Ad Litem
      c/o Richard R. Thames, Esquire
      Stutsman & Thames, P.A.
      121 West Forsyth Street
      Suite 600
      San Rafael, CA  94901

NOTICE IS HEREBY GIVEN that pursuant to Bankruptcy Rule 7030 and F.R.Civ.P. 30, the undersigned attorneys will take the video deposition of SUSAN STANSBERRY, Guardian Ad Litem of Brandon James Maxfield, on *Wednesday, May 26, 2004 at 9:00 a.m. before Esquire Deposition Services (415.288.4280) at the Executive Inn Embarcadero Cove, Harbor Room, 1755 Embarcadero, Oakland, CA 94606, (510.536.6633).*   The examination may continue from day to day until completed.

If the examinee receives this Notice less than seven (7) days prior to the scheduled examination date (or less than ten (10) days, if examination is taking place outside of Florida), the examination will be rescheduled upon timely request to a mutually agreeable time.

*The examinee is directed to bring to the deposition the items in her possession, custody or control, listed on Exhibit "A" attached hereto.*

Said deposition will be taken by video upon oral examination before a Notary Public or any other officer authorized by law to take depositions in the State of California.  The video and oral examination is being taken for the purposes of discovery, for use a trial or for such other purposes as are permitted under the applicable Rules of Court.  The scope of the examination shall be as described in Bankruptcy Rule 7030.

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of

Taking Video Deposition has been furnished by Facsimile and First Class U.S. Mail,

postage prepaid, to RICHARD R. THAMES, ESQUIRE, Stutsman & Thames, P.A., 121

West Forsyth Street, Suite 600, Jacksonville, FL 32202, and by First Class U.S. Mail to

Counsel of Record on the Service List attached hereto, this *10th* day of May, 2004.

QUARLES & BRADY LLP
Attorneys for Debtors/Plaintiffs
1900 Glades Road, Suite 355
Boca Raton, FL 33431
561.368.5400
561.368.1996 Facsimile


By: _____
Ned R. Nashban
Florida Bar No. 717230
Daniel B. Rosenthal
Florida Bar No. 711934


cc:    Esquire Deposition Services
505 Sansome Street
5th Floor
San Francisco, CA 94111
415.288.4280

## _EXHIBIT "A"_

1.   Copy of the official birth certificate of Brandon James Maxfield.

2.   Copy of any and all court filings in the California action and the Florida Chapter 11 bankruptcy cases for Bruce Lee Jennings, et al.

3.   Copies of any and all engagement letters and/or retainer agreements with Attorney Richard R. Ruggieri, Attorney Richard R. Thames, Attorney Matthew Shier or any other professionals on behalf of Brandon James Maxfield, his representatives and/or agents.

## BRUCE JENNINGS, et al. Case No. 03-04926-3F1

## ADVERSARY CONSOLIDATED SERVICE LIST
### Adversary Nos. 03-203; 03-345; 03-473; and 04-107

Richard R. Thames, Esquire
Nina LaFleur, Esquire
Stutsman & Thames, P.A.
121 West Forsyth Street
Suite 600
Jacksonville, FL 32202
Facsimile 904.358.4001
Counsel for Brandon James Maxfield

Joel Grist, Esquire
Kenneth M. Brock, Esquire
Grist & Brock, LLP
915 Hill Park
Suite 301
Macon, GA 31201
Facsimile 478.741.0057
Counsel for Linda Bullard

Douglas H. Morford
Morford & Whitefield, P.A.
4040 Woodcock Drive
Suite 202
Jacksonville, Florida 32207
Facsimile 904.396.5890
Counsel for Gantz, Kramers and Bennett

Kenneth Marder, Esquire
Taub & Marder
450 Seventh Avenue
37th Floor
New York, NY 10123
Facsimile 212.967.2105
Counsel for Jaquione Johnson

Luca R. Bronzi, Esquire
Hogan & Hartson LLP
1111 Brickell Avenue
Miami, Florida 33131
Facsimile 305.459.6550
Counsel for Patrick, Jeannie and Sean
Smith, Anderson, Sullivan, Goldstein,
Kuo and the Byrdsongs

Peter A. Siddiqui, Esquire
Ronald R. Peterson, Esquire
Jenner & Block LLC
One IBM Plaza
Chicago, Illinois 60611
Counsel for Stephen Young

Locke E. Bowman, Esquire
Jean MacLean Snyder, Esquire
Macarthur Justice Center
University of Chicago Law School
111 E. 60th Street
Chicago, IL 60637
Facsimile 773.702.0771
Counsel for Ceriale; Young; O. Smith and
Owens

Thomas H. Geoghegan, Esquire
Despres, Schwartz & Geoghegan
77 West Washington Street
Suite 711
Chicago, IL 60637
Facsimile 312.372.7391
Counsel for Ceriale; Young; O. Smith and
Owens

Joan Truman Smith
145-42 115th Avenue
Jamaica, NY 11436

Thomas Johnson, Sr.
1387 Sunnyside Street
Far Rockaway, NJ 11691

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re:<br><br>BRUCE LEE JENNINGS, et al.,<br><br>     Debtors. | In Proceedings Under Chapter 11<br>Case Nos. 03-04926-3F1 and<br>03-04928-3F1 through 03-04937-3F1<br><br>All Cases Jointly Administered Under Case<br>No. Case No. 03-04926-3F1 |
| RKB INVESTMENTS, et al.,<br><br>     Plaintiffs,<br>vs.<br><br>BRANDON JAMES MAXFIELD, et al.,<br><br>     Defendants. | Adversary Case No. 03-203 |
| JANICE KAY JENNINGS,<br><br>     Plaintiff,<br>vs.<br><br>BRANDON JAMES MAXFIELD, et al.,<br><br>     Defendants. | Adversary Case No. 03-345 |
| BRANDON JAMES MAXFIELD,<br><br>     Plaintiff,<br>vs.<br><br>BRYCO ARMS, et al.,<br><br>     Defendants. | Adversary Case No. 03-473 |
| BRANDON JAMES MAXFIELD,<br><br>     Plaintiff,<br>vs.<br><br>BRYCO ARMS, et, al.,<br><br>     Defendants. | Adversary Case No. 04-107<br><br>**<u>NOTICE OF TAKING<br>VIDEO DEPOSITION<br>[*DUCES TECUM]</u>** |

TO:   RICHARD R. RUGGIERI
      Law Offices of Richard R. Ruggieri
      1000 Fourth Street
      Courthouse Square, Suite 785
      San Rafael, CA  94901

NOTICE IS HEREBY GIVEN that pursuant to Bankruptcy Rule 7030 and F.R.Civ.P. 30, the undersigned attorneys will take the video deposition of **RICHARD R. RUGGIERI on Thursday, May 27, 2004 at 9:00 a.m., before Esquire Deposition Services (415.288.4280) at the Executive Inn Embarcadero Cove, Harbor Room, 1755 Embarcadero, Oakland, CA  94606, (510.536.6633)**. The examination may continue from day to day until completed.

*The examinee is directed to bring to the deposition the items in his possession, custody or control, listed on Exhibit "A" attached hereto.*

If the examinee receives this Notice less than seven (7) days prior to the scheduled examination date (or less than ten (10) days, if examination is taking place outside of Florida), the examination will be rescheduled upon timely request to a mutually agreeable time.

NOTICE IS ALSO GIVEN, pursuant to Bankruptcy Rule 7030(b)(1), that a Subpoena Duces Tecum in the form attached hereto as Exhibit "B" has been issued requiring the production of the documents described therein at said deposition.

Said deposition will be taken by video upon oral examination before a Notary Public or any other officer authorized by law to take depositions in the State of California. The video and oral examination is being taken for the purposes of discovery, for use a trial or for such other purposes as are permitted under the applicable Rules of Court. The scope of the examination shall be as described in Bankruptcy Rule 7030.

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Taking Video Deposition has been furnished by Facsimile and First Class U.S. Mail, postage prepaid, to RICHARD R. THAMES, ESQUIRE, Stutsman & Thames, P.A., 121 West Forsyth Street, Suite 600, Jacksonville, FL. 32202, and by First Class U.S. Mail to Counsel of Record on the Service List attached hereto, this 10th day of May, 2004.

QUARLES & BRADY LLP
Attorneys for Debtors/Plaintiffs
1900 Glades Road
Suite 355
Boca Raton, FL  33431
561.368.5400
561.368.1996 Facsimile

By: _____
Ned R. Nashban
Florida Bar No. 717230
nrn@quarles.com
Daniel B. Rosenthal
Florida Bar No. 711934
drosenth@quarles.com

cc:   Esquire Deposition Services
      505 Sansome Street
      5th Floor
      San Francisco, CA  94111
      415.288.4280

## *EXHIBIT "A"*

1.  Copies of any and all engagement letters and/or retainer agreements on behalf of Brandon James Maxfield, his representatives and/or agents.

2.  Copies of any and all engagement letters and/or retainer agreements with Attorney Richard R. Thames, Attorney Matthew Shier or any other professionals on behalf of Brandon James Maxfield, his representatives and/or agents.

D 256 (11/91)

# United States Bankruptcy Court

SOUTHERN District Of CALIFORNIA

In re BRUCE LEE JENNINGS, et al. ,
                                    Debtor(s)

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No.¹ 03-04926-3F1
(Pending in the U.S. Bankruptcy Court for the Middle District of Florida 11
Chapter ____

To: RICHARD R. RUGGIERI
Law Offices of Richard R. Ruggieri
1000 Fourth Street, Suite 785
San Rafael, CA 94901

| | YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

|X| YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Executive Inn Embarcadero Cove 1755 Embarcadero, Harbor Room Oakland, CA 94606 | DATE AND TIME Thursday, May 27, 2004 at 9:00 a.m. |
|---|---|

|X| YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

"SEE EXHIBIT "A" ATTACHED HERETO

| PLACE Executive Inn Embarcadero Cove 1755 Embarcadero, Harbor Room Oakland, CA 94606 | DATE AND TIME Thursday, May 27, 2004 at 9:00 a.m. |
|---|---|

| | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in proceedings by Rule 7030. Fed. R. Bankr. P. See Rules 1018 and 9014, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE Attorney for Debtors | DATE May 10, 2004 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

¹ If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B 256 (11/91) (cont.)

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## _EXHIBIT "A"_

1.   Copies of any and all engagement letters and/or retainer agreements on behalf of Brandon James Maxfield, his representatives and/or agents.

2.   Copies of any and all engagement letters and/or retainer agreements with Attorney Richard R. Thames, Attorney Matthew Shier or any other professionals on behalf of Brandon James Maxfield, his representatives and/or agents.

# *BRUCE JENNINGS, et al. Case No. 03-04926-3F1*

## <u>*ADVERSARY CONSOLIDATED SERVICE LIST*</u>
### Adversary Nos. 03-203; 03-345; 03-473; and 04-107

Richard R. Thames, Esquire
Nina LaFleur, Esquire
Stutsman & Thames, P.A.
121 West Forsyth Street
Suite 600
Jacksonville, FL 32202
Facsimile 904.358.4001
Counsel for Brandon James Maxfield

Joel Grist, Esquire
Kenneth M. Brock, Esquire
Grist & Brock, LLP
915 Hill Park
Suite 301
Macon, GA 31201
Facsimile 478.741.0057
Counsel for Linda Bullard

Douglas H. Morford
Morford & Whitefield, P.A.
4040 Woodcock Drive
Suite 202
Jacksonville, Florida 32207
Facsimile 904.396.5890
Counsel for Gantz, Kramers and Bennett

Kenneth Marder, Esquire
Taub & Marder
450 Seventh Avenue
37th Floor
New York, NY 10123
Facsimile 212.967.2105
Counsel for Jaquione Johnson

Luca R. Bronzi, Esquire
Hogan & Hartson LLP
1111 Brickell Avenue
Miami, Florida 33131
Facsimile 305.459.6550
Counsel for Patrick, Jeannie and Sean
Smith, Anderson, Sullivan, Goldstein,
Kuo and the Byrdsongs

Peter A. Siddiqui, Esquire
Ronald R. Peterson, Esquire
Jenner & Block LLC
One IBM Plaza
Chicago, Illinois 60611
Counsel for Stephen Young

Locke E. Bowman, Esquire
Jean MacLean Snyder, Esquire
Macarthur Justice Center
University of Chicago Law School
111 E. 60th Street
Chicago, IL 60637
Facsimile 773.702.0771
Counsel for Ceriale; Young; O. Smith and
Owens

Thomas H. Geoghegan, Esquire
Despres, Schwartz & Geoghegan
77 West Washington Street
Suite 711
Chicago, IL 60637
Facsimile 312.372.7391
Counsel for Ceriale; Young; O. Smith and
Owens

Joan Truman Smith
145-42 115th Avenue
Jamaica, NY 11436

Thomas Johnson, Sr.
1387 Sunnyside Street
Far Rockaway, NJ 11691

# EXHIBIT D

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| In Re:<br><br>BRUCE LEE JENNINGS, et al.,<br><br>　　　Debtors. | In Proceedings Under Chapter 11<br>Case Nos. 03-04926-3F1 and<br>03-04928-3F1 through 03-04937-3F1<br><br>All Cases Jointly Administered Under Case<br>No. Case No. 03-04926-3F1 |
| RKB INVESTMENTS, et al.,<br><br>　　　Plaintiffs,<br>vs.<br><br>BRANDON JAMES MAXFIELD, et al.,<br><br>　　　Defendants. | Adversary Case No. 03-203 |
| JANICE KAY JENNINGS,<br><br>　　　Plaintiff,<br>vs.<br><br>BRANDON JAMES MAXFIELD, et al.,<br><br>　　　Defendants. | Adversary Case No. 03-345 |
| BRANDON JAMES MAXFIELD,<br><br>　　　Plaintiff,<br>vs.<br><br>BRYCO ARMS, et al.,<br><br>　　　Defendants. | Adversary Case No. 03-473 |
| BRANDON JAMES MAXFIELD,<br><br>　　　Plaintiff,<br>vs.<br><br>BRYCO ARMS, et, al.,<br><br>　　　Defendants. | Adversary Case No. 04-107<br><br>**NOTICE OF TAKING<br>VIDEO DEPOSITION<br>[*DUCES TECUM]** |

QBNAP\500619.30000\429300.1

TO:   JOSEPH HOFFMAN
      Weinberg, Hoffman, Casey & Ropes, LLP
      900 Larkspur Landing Circle, Suite 155
      Larkspur, California 94939

NOTICE IS HEREBY GIVEN that pursuant to Bankruptcy Rule 7030 and

F.R.Civ.P. 30, the undersigned attorneys will take the video deposition of *JOSEPH*

*HOFFMAN on Wednesday, May 26, 2004 at 2:00 p.m., before Esquire Deposition*

*Services (415.288.4280) at the Executive Inn Embarcadero Cove, Harbor Room,*

*1755 Embarcadero, Oakland, CA 94606, (510.536.6833).* The examination may

continue from day to day until completed.

*\*The examinee is directed to bring to the deposition the items in his possession,*

*custody or control, listed on Exhibit "A" attached hereto.*

If the examinee receives this Notice less than seven (7) days prior to the

scheduled examination date (or less than ten (10) days, if examination is taking place

outside of Florida), the examination will be rescheduled upon timely request to a

mutually agreeable time.

NOTICE IS ALSO GIVEN, pursuant to Bankruptcy Rule 7030(b)(1), that a

Subpoena Duces Tecum in the form attached hereto as Exhibit "B" has been issued

requiring the production of the documents described therein at said deposition.

Said deposition will be taken by video upon oral examination before a Notary

Public or any other officer authorized by law to take depositions in the State of

California. The video and oral examination is being taken for the purposes of discovery,

for use a trial or for such other purposes as are permitted under the applicable Rules of

Court. The scope of the examination shall be as described in Bankruptcy Rule 7030.

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Taking Video Deposition has been furnished by Facsimile and First Class U.S. Mail, postage prepaid, to RICHARD R. THAMES, ESQUIRE, Stutsman & Thames, P.A., 121 West Forsyth Street, Suite 600, Jacksonville, FL 32202, and by First Class U.S. Mail to Counsel of Record on the Service List attached hereto, this __17th__ day of May, 2004.

QUARLES & BRADY LLP
Attorneys for Debtors/Plaintiffs
1900 Glades Road
Suite 355
Boca Raton, FL 33431
561.368.5400
561.368.1886 Facsimile

By: _____

Ned R. Nashban
Florida Bar No. 717230
nrn@quarles.com
Daniel B. Rosenthal
Florida Bar No. 711934
drosenth@quarles.com

cc:   Esquire Deposition Services
505 Sansome Street
5th Floor
San Francisco, CA 94111
415.288.4280

QBNAP\500618.30000\429300.1        - 3 -

## EXHIBIT "A"

1.    Copies of any and all engagement letters and/or retainer agreements on behalf of Brandon James Maxfield, his representatives and/or agents.

2.    Copies of any and all engagement letters and/or retainer agreements with Attorney Richard R. Thames, Attorney Matthew Shier or any other professionals on behalf of Brandon James Maxfield, his representatives and/or agents.

B 255 (11/91)

# United States Bankruptcy Court

NORTHERN ___ District Of CALIFORNIA

In re   BRUCE LEE JENNINGS, et al.
_____
            Debtor

RKB INVESTMENTS, et al.,
_____
            Plaintiff

BRANDON JAMES MAXFIELD, et al.,
_____
            Defendant

To:   JOSEPH HOFFMAN
Weinberg, Hoffman, Casey & Ropes, LLP
900 Larkspur Landing Circle, Suite 155
Larkspur, California 94939

**SUBPOENA IN
AN ADVERSARY PROCEEDING**

Case No.[1]   03-04926-3F1
(Pending in the U.S. Bankruptcy Court for
the Middle District of Florida 11)
Chapter _____

Adv. Proc. No.[1]   03-203

| | YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION   Executive Inn Embarcadero Cove<br>1755 Embarcadero, Harbor Room<br>Oakland, CA  94606 | DATE AND TIME<br>Wednesday, May 26, 2004<br>at 2:00 p.m. |
|---|---|

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT "A" ATTACHED HERETO

| PLACE   Executive Inn Embarcadero Cove<br>1755 Embarcadero, Harbor Room<br>Oakland, CA  94606 | DATE AND TIME<br>Wednesday, May 26, 2004<br>at 2:00 p.m. |
|---|---|

| | YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable in adversary proceedings by Rule 7030, Fed. R. Bankr. P.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>_/s/_____   Attorney for Plaintiffs | DATE<br>5/14/04 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Ned R. Nashban             (561) 368-5400<br>1900 Glades Road, Suite 355<br>Boca Raton, FL  33431 | |

[1]If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which
the subpoena is issued, state the district under the case number or adversary proceeding number.

B 255 (11/91) (cont.)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A"

1.   Copies of any and all engagement letters and/or retainer agreements on behalf of Brandon James Maxfield, his representatives and/or agents.

2.   Copies of any and all engagement letters and/or retainer agreements with Attorney Richard R. Thames, Attorney Matthew Shler or any other professionals on behalf of Brandon James Maxfield, his representatives and/or agents.

QBNAP\S00618.30000\429300.1

# EXHIBIT E



*Quarles & Brady* LLP

One Lincoln Place
1900 Glades Road
Suite 355
Boca Raton, Florida 33431
Tel 561.368.5400
Fax 561.368.1996
www.quarles.com

*Attorneys at Law in:*
*Phoenix and Tucson, Arizona*
*Naples and Boca Raton, Florida*
*Chicago, Illinois (Quarles & Brady LLC)*
*Milwaukee and Madison, Wisconsin*

Writer's Direct Dial: 561.368.3352
E-Mail: drosenth@quarles.com

May 11, 2004

**VIA FACSIMILE AND MAIL (904) 358-4001**

Richard R. Thames, Esq.
Stutsman & Thames, P.A.
121 W. Forsyth Street, Suite 600
Jacksonville, Florida  32202

     **RE:**   **Bruce Lee Jennings, et al.**
             **Adversary Nos. 03-203, 03-345, 03-473 and 04-107**

Dear Rick:

    I am in receipt of your letter of this afternoon to Ned Nashban, who is out of town.

    I assure you that this firm has no intent to harass the deponents. As you know, the depositions would be conducted at a place convenient for the witnesses (and inconvenient for us) and would be conducted expeditiously. As I have communicated to you previously, all due attention and sensitivity would be given to Mr. Maxfield's physical condition, and we would be amenable to entertaining whatever suggestions you had in that regard.

    As to your statement that the deponents could not possibly have any relevant information, we are not required to disclose all areas of inquiry prior to the deposition and will not do so here. Notwithstanding, and as I have communicated to you, it is imperative that we understand who is acting as the client and making the decisions on behalf of Mr. Maxfield, a matter which, while never clear, has become murkier in connection with the planning of a mediation.

Richard R. Thames, Esq.
May 11, 2004
Page 2


     Any motion for sanctions would be baseless, as the deposition notices have been made in good faith for the purposes of discovering information that is relevant to the conduct of mediation and the administration of the estates. If you believe that the plaintiff, his guardian and Mr. Ruggieri have no discoverable information concerning the conduct and prosecution of the adversary proceedings, the appropriate way to proceed would be to seek a protective order. Threats are unwarranted.

                         Very truly yours,

                         QUARLES & BRADY LLP

                         Daniel B. Rosenthal

DBR:db
cc:    Ned R. Nashban, Esq.
       Richard R. Ruggieri

# EXHIBIT F

LAW OFFICES OF

RRRLAW@PACBELL.NET      **RICHARD R. RUGGIERI**      TELEPHONE (415) 457-9382
1000 FOURTH STREET                                  FACSIMILE (415) 457-9399
COURTHOUSE SQUARE, SUITE 785
SAN RAFAEL, CALIFORNIA 94901

May 6, 2004

**VIA FACSIMILE TRANSMISSION**

Ned Nashban, Esq.
Quarles & Brady
1900 Glades Road, Suite 355
Boca Raton, FL 33431

Re:   Maxfield vs. Bryco

Dear Mr. Nashban:

I am glad that the Court has urged the parties to mediate. I had suggested this to your clients at least two dozen times over the past three years, both prior to and since the bankruptcy filing. I have no doubt that mediation can be beneficial, and despite all the water under the bridge, my client is still willing to mediate.

Without exception, every defendant who has mediated with my client in this case has achieved a settlement through that mediation. Without exception, the mediator who made this happen, and who already has considerable background in the case, is James Laflin at Concilium.

The email correspondence that you and Mr. Thames have been exchanging trying to agree on a mediation has unfortunately hit a dead end. Because I am so committed to mediation, I wanted to contact you directly and make one final attempt. In doing so, I will try to address the questions and issues that you have raised, and to anticipate some others.

1. Since Brandon is a minor, his ultimate "decision maker" is the Superior Court, which must approve any settlement. The Court will rely heavily on recommendations from Brandon's guardian ad litem, Susan Stansberry, and myself. I do not expect that approval will be problematic, as Ms. Stansberry and I would never agree to recommend anything that was not very clearly in Brandon's best interests.

2. If you want Mrs. Stansberry to be physically present at the mediation, she will be there. Otherwise, I will be in contact with her by telephone throughout the mediation.

3. If Mrs. Stansberry attends, the mediation will have to be in San Francisco. Because of Brandon's severe disability, Mrs. Stansberry is unwilling to be more than an hour or two away, and neither of them travels by airplane.

Ned Nashban
May 6, 2004
Page 2

    4.  We will enlist James Laflin as a mediator.  We have confidence in his ability and, without intending any insult, in consideration of our 100% mediation success rate in this case, we are going to follow our judgment rather than your client's on this issue.  If you wish to have another mediator participate, that is absolutely acceptable.

    5.  Because there are significant conflict of interest issues, with Bruce and Janice Jennings in both individual and trustee roles, and all debtors sharing joint counsel, we will need either (a) the participation of the beneficiaries at mediation in person or by telephone, or (2) prior to traveling to the mediation, a written acknowledgment and waiver of conflicts signed by the beneficiaries and all other "real parties in interest," to avoid claims and challenges to any settlement agreement.

    6.  A confidentiality document will have to be signed on behalf of all parties prior to traveling to the mediation.  To avoid arguments on the form of that document, we will either use the same form that we previously signed in this case, or the mediator(s) standard form.

    7.  Before we travel to the mediation, we will need to receive confirmation from the mediator, based on preliminary contacts with the parties, that there is a reasonable basis for participating in mediation.

    8.  Briefing is up to the parties, and may be confidential or shared.

    9.  The mediation should be completed in May.  Acceptable locations include San Francisco, Jacksonville, Washington D.C., Atlanta, Baltimore, Las Vegas, or possibly others.

    I hope that you will find your way clear to accept this in the spirit offered, and not as an invitation for barbs, posturing or argument.  I apologize for injecting myself into your dialogue with Mr. Thames.  I will not do so again.

    I hope to hear from Mr. Thames that the two of you have been able to move on to a discussion of dates and locations.

                                            Very truly yours,



                                            Richard R. Ruggieri

cc:    Rick Thames, Esq. (via fax)
       Mike Hewitt, Esq. (via fax)

# EXHIBIT G

LAW OFFICES OF

RRRLAW@PACBELL.NET

# RICHARD R. RUGGIERI

1000 FOURTH STREET
COURTHOUSE SQUARE, SUITE 785
SAN RAFAEL, CALIFORNIA 94901

TELEPHONE (415) 457-9382
FACSIMILE (415) 457-9399

May 7, 2004

**VIA FACSIMILE TRANSMISSION**

Ned Nashban, Esq.
Quarles & Brady
1900 Glades Road, Suite 355
Boca Raton, FL 33431

Re:   Maxfield vs. Bryco

Dear Mr. Nashban:

Mr. Thames has forwarded your emails (attached) to me. My network security blocks direct communications from unregistered sources, thus please correspond with me by fax.

I am sorry that your clients are not willing to accept my compromise proposal, but I am glad that I made the effort, and I thank you for your professional response. Unfortunately, this takes us back to square one - compromise includes concessions and benefits, and obviously does not contemplate a party "agreeing" to all the concessions and rejecting the remainder.

As to involving Judge Funk, I will leave that to you and Mr. Thames. In California practice, the Court will neither order mediation nor impose a mediator on the parties. Where the parties cannot agree on a single mediator, they are expected to each select and pay for their own mediator, and if they cannot agree on that, the feeling is that there is little reason to proceed.

I understand that Mr. Laflin (415) 395-9656, who your clients are rejecting as a co-mediator, has not been contacted. Should that prove beneficial, by all means contact Mr. Thames and renew discussions.

As to your suggestion that Brandon participate, although the point is now moot, I want to assure you that, while I agree that his presence might be helpful, Brandon is neither physically nor emotionally capable of confronting the people who (not to argue the point, but simply to understand his point of view) callously caused his injuries, fraudulently transferred assets, forced a lengthy trial, and are now trying to evade the judgment providing him some compensation. The experience would be overwhelming for his mother, impossible for Brandon.

Ned Nashban
May 7, 2004
Page 2

Thank you for your courtesy.

Very truly yours,

Richard R. Ruggieri

cc:    Rick Thames, Esq. (via fax)
       Mike Hewitt, Esq. (via fax)